COPY

1  PENNY M. COSTA (SBN 110373)
   costap@ballardspahr.com
2  **Ballard Spahr LLP**
   2029 Century Park East, Suite 800
3  Los Angeles, California 90067-2909
   Telephone: (424) 204-4331
4  Facsimile: (424) 204-4350

5  LYNN E. RZONCA (*pro hac vice pending*)
   rzoncal@ballardspahr.com
6  MELISSA J. LORE (*pro hac vice pending*)
   lorem@ballardspahr.com
7  **Ballard Spahr LLP**
   1735 Market Street, 51st Floor
8  Philadelphia, PA 19103
   Telephone: (215) 665-8500
9  Facsimile: (215) 864-8999

10 Attorneys for Plaintiff Graco Children's Products Inc.

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                  EASTERN DIVISION

14 Graco Children's Products I**CV 10** CASE **05897** JST

15            Plaintiff,        [Assigned for all purposes to the
                                Honorable Josephine S. Tucker
16
17        v.                    **MEMORANDUM OF LAW IN**
                                **SUPPORT OF MOTION TO**
18 Baby Trend, Inc.,            **WITHDRAW REFERENCE**
                                **PURSUANT TO 28 U.S.C. § 157(d)**
           Defendant.
19
                                Date: September 13th
20                              Time: 10:00 am
                                Ctrm.: 9-C
21
22     Comes now Graco Children's Products Inc. and files this Memorandum of

23 Law in Support of Motion to Withdraw the Automatic Reference Pursuant to 28

24 U.S.C. § 157(d) (the "Motion") with respect to the adversary proceeding captioned

25 *Graco Children's Products Inc. v. Baby Trend, Inc.*, Adv. No. 6:10-ap-01485-cb filed

26 under Federal Rule of Bankruptcy Procedure 7001 in the United States Bankruptcy

27 Court for the Central District of California, Riverside Division (the "Adversary

28 Proceeding") in connection with the chapter 11 case of debtor Baby Trend, Inc.,

1  Case No. 6:09-bk-34090-CB, United States Bankruptcy Court for the Central

2  District of California, Riverside Division.

3  **I.      PRELIMINARY STATEMENT**

4       On October 9, 2009 (the "Petition Date"), Baby Trend, Inc. ("Baby Trend")

5  filed a voluntary petition for relief under chapter 11 of the United States

6  Bankruptcy Code with the United States Bankruptcy Court for the Central District

7  of California (the "Bankruptcy Court").

8       On the date hereof, Graco Children's Products Inc. ("Graco") filed a

9  complaint (the "Complaint") commencing the Adversary Proceeding against Baby

10  Trend in the Bankruptcy Court.  Attached hereto as Exhibit 1 is a copy of the

11  Complaint.  Graco filed the Complaint and commenced the Adversary Proceeding

12  due to Baby Trend's infringement of a Graco patent, U.S. Patent No. D448,218 (as

13  defined below), issued under United States patent laws codified in title 35 of the

14  United States Code (collectively, "U.S. Patent Laws").  This continuing

15  infringement by Baby Trend involves numerous products manufactured, sold and

16  offered for sale by Baby Trend in various markets throughout the United States,

17  including this district.  Graco's rights and remedies as well as any defenses and

18  counterclaims Baby Trend may have will arise solely under the U.S. Patent Laws

19  and for which the federal district courts of the United States have exclusive

20  jurisdiction.  The Adversary Proceeding requires virtually no application of United

21  States bankruptcy laws codified in title 11 of the United States Code (collectively,

22  "U.S. Bankruptcy Laws") as all of the Bankruptcy Law issues that follow—which

23  are limited to whether the Baby Trend bankruptcy estate can obtain the benefit of

24  products that Graco asserts infringe upon the '218 Patent. The issue of Baby

25  Trend's infringement is one of federal patent law, not bankruptcy law.

26       Pursuant to 28 U.S.C. § 157(d), a district court "shall, on timely motion of a

27  party, so withdraw a proceeding if the court determines that resolution of the

28  proceeding requires consideration of both title 11 and other laws of the United

2

1   States regulating … activities affecting interstate commerce."  Due to the fact that

2   the Adversary Proceeding substantially and materially involves the application of

3   U.S. Patent Laws and only minimal, if any, application of U.S. Bankruptcy Laws,

4   Graco respectfully submits that the Court is required by statute to withdraw the

5   reference of the Adversary Proceeding from the Bankruptcy Court to this Court.

6      Alternatively, if the Court were to determine that grounds for mandatory

7   withdrawal do not exist, the Court should remove the reference pursuant to this

8   Court's discretionary power under 28 U.S.C. § 157(d), which provides that a court

9   may withdraw reference for "cause" shown.  Graco respectfully submits that cause

10  exists here because (i) both judicial and party resources are best served through this

11  Court adjudicating the Adversary Proceeding, (ii) withdrawal will expedite the

12  bankruptcy process and lead to uniformity of administration, and (iii) Graco has a

13  right to—and in fact has demanded—a jury trial.

14  **II.    FACTUAL AND PROCEDURAL BACKGROUND**

15     On September 25, 2001, the United States Patent and Trademark Office

16  issued United States Patent No. D448,218 entitled "Curved Legs for a Playard" (the

17  "'218 Patent") to Graco (as owner by assignment of the '218 Patent).  A copy of the

18  '218 Patent is attached as Exhibit A to the Complaint.  The '218 Patent claims an

19  ornamental design for curved legs for a playard.  Figure 1 of the '218 Patent is

20  shown below:

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

FIG. 1

At all times relevant hereto, Graco has owned all right, title and interest in the '218 Patent.

Baby Trend makes, uses, sells, offers for sale and/or imports playards throughout the United States, including the following playards (the "Baby Trend Playards"), that infringe the '218 Patent:

| Model Number | Model Name | Photo |
|---|---|---|
| PY90918 | Mini Nursery Center – Twilight |  |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO 28 U.S.C. § 157(d)

| Model Number | Model Name | Photo |
|---|---|---|
| PY87983 | Deluxe Nursery Center – All Star |  |
| PY90973 | Mini Nursery Center – Cordova |  |
| PY88950 | Deluxe Nursery Center – Metropolitan |  |
| PY87029 | Deluxe Nursery Center – Gabriella |  |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

| Model Number | Model Name | Photo |
|---|---|---|
| PY86428 | Deluxe Nursery Center – Mojito |  |
| PY86045 | Deluxe Nursery Center – Skylar |  |
| PY86091 | Deluxe Nursery Center – Mesa |  |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO 28 U.S.C. § 157(d)

| Model Number | Model Name | Photo |
|---|---|---|
| PY86443 | Deluxe Nursery Center – Columbia |  |
| PY86962 | Deluxe Nursery Center – Dakota |  |
| 8065BCC | Deluxe Nursery Center – Orange Oak |  |

In the Adversary Proceeding, Graco has filed a patent infringement complaint against Baby Trend based on Baby Trend's manufacture, use, sale, offer for sale and/or import of playards, including the Baby Trend Playards, that infringe the '218 Patent.

1    This infringement occurred prior to the Petition date, continues to occur as of

2    the date hereof and will continue in the future absent the relief requested in the

3    Complaint.  In the Adversary Proceeding, Graco requests that the following relief

4    be granted:

5        (a)    judgment that U.S. Design Patent No. D448,218 is valid and

6    enforceable;

7        (b)    judgment against Baby Trend for infringement of the '218 Patent;

8        (c)    entry of an order permanently enjoining Baby Trend, its officers,

9    agents, servants, employees, attorneys, successors, assigns and any reorganized

10   Baby Trend and all those persons in active concert or participation therewith, from

11   making, using, selling, offering for sale, and/or importing certain juvenile products,

12   including the Baby Trend Playards, or otherwise directly or indirectly infringing the

13   '218 Patent;

14       (d)    monetary damages in an amount to fairly and adequately compensate

15   Graco for the post-Petition infringement of the '218 Patent; and

16       (e)    such further relief as is just under the circumstances.

17   **III.   ARGUMENT**

18       Pursuant to 28 U.S.C. § 157(a) "[e]ach district court may provide that any or

19   all cases under title 11 and any or all proceedings arising under title 11 or arising in

20   or related to a case under title 11 shall be referred to the bankruptcy judges for the

21   district."  A standing order issued on July 23, 1984 by the then-Acting Chief Judge

22   for the United States District Court for the Central District of California

23   automatically refers all cases under title 11 of the United States Code to the

24   bankruptcy judges for this district.

25       A.   The Adversary Proceeding Requires Mandatory Withdrawal

26       Section 157(d) provides: "The district court shall, on timely motion of a

27   party, so withdraw a proceeding if the court determines that resolution of the

28

1  proceeding requires consideration of both title 11 and other laws of the United

2  States regulating organizations or activities affecting interstate commerce."

3      *1. Graco Has Made a Timely Motion for Mandatory Withdrawal*

4      Given that Graco has requested mandatory withdrawal contemporaneously

5  with filing the Complaint, it is clear that Graco has satisfied the timeliness

6  requirement of section 157(d).

7      *2. Resolution of the Adversary Proceeding Requires Resolution of Complex*

8          *Questions of Federal Law Regulating Interstate Commerce*

9      The Ninth Circuit Court of Appeals stated in dictum that mandatory

10  withdrawal under section 157(d) hinged "on the presence of substantial and

11  material questions of federal law." *See Sec. Farms v. Int'l Bhd. of Teamsters*, 124

12  F.3d 999, 1008 n.4 (9th Cir. 1997); *see also Stratton v. Vita Bella Group Homes,*

13  *Inc.*, NO. CV F 07-0584, 2007 U.S. Dist. LEXIS 40562, at *6 (E.D. Cal. May 24,

14  2007) (applying *Security Farms* test).

15      Here, the case of *The Singer Co. v. Groz-Beckert KG (In re Singer Co.)*, No.

16  01 Civ. 0165, 2002 Dist. LEXIS 2629 (S.D.N.Y. Feb. 15, 2002) is instructive.  In

17  *Singer* the defendant sought mandatory removal of an adversary proceeding in

18  which the central controversy was whether the plaintiff owned an implied patent

19  license and whether that implied license was subject to a reorganization plan. *See*

20  *id.* at *1-2, 6.  The court held:

21          withdrawal is mandatory because resolution of the

22          adversary proceeding requires substantial and material

23          consideration of domestic patent law, a statutory creation.

24          In their complaint, [plaintiffs] seek a declaration that they

25          own an implied license in [defendant's] patent.  All of the

26          complaint's related bankruptcy law issues that follow

27          depend upon whether a court finds that the [plaintiffs]

28

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

1    indeed have a property interest in the [patent].  Thus, the

2    patent law issues are central to the complaint.

3    *See id.* at *8-9.

4    In reaching this conclusion the court reasoned:

5    "Unquestionably, determining whether an accused

6    product infringes a patent requires significant and

7    material consideration of patent law.  This determination

8    requires a two-step analysis in which the court must

9    construe the disputed patent claims and then apply the

10    construed claims to the accused device.   The claim

11    construction itself requires a hearing, followed by the

12    court's examination of the intrinsic evidence (the words

13    of the patent itself), the prosecution history, if in

14    evidence, and in some instances extrinsic evidence."

15    *See id.* at *10-11 (internal citations omitted); *see also United States Gypsum Co. v.*

16    *Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 145 B.R. 539 (N.D. Tex. 1992)

17    (granting mandatory withdrawal over patent infringement claim); *Burger King*

18    *Corp. v. B-K of Kansas, Inc.*, 84 B.R. 728 (D. Kan. 1986) (trademark infringement,

19    along with antitrust and RICO counterclaims, necessarily entailed material and

20    substantial consideration of federal law and required mandatory removal); *McCrory*

21    *Corp. v. 99¢ Only Stores (In re McCrory Corp.)*, 160 B.R. 502, 505 (S.D.N.Y.

22    1993) (when deciding under the mandatory withdrawal prong of § 157(d) whether

23    there will be a substantial and material consideration of non-bankruptcy federal

24    law, a court need not conclude that the bankruptcy court would be faced with legal

25    issues which are unsettled or of first impression).

26    As in *Singer*, the instant case would require the Bankruptcy Court to engage

27    in a direct interpretation and application, of U.S. Patent Law, an area of law

28    expressly reserved for interpretation and application by United States district courts.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

1   *See* 28 U.S.C. § 1338 (providing that "[t]he district courts shall have original

2   jurisdiction of any civil action arising under any Act of Congress relating to

3   patents," and that "[s]uch jurisdiction shall be *exclusive* to the courts of the states in

4   patent … cases." (Emphasis added)).  Of course, Baby Trend's defenses, if any,

5   will also require application and interpretation of U.S. Patent Laws.  Moreover, due

6   to the relief Graco seeks in the Adversary Proceeding (namely, a finding that the

7   '218 Patent is valid and enforceable, a finding that Baby Trend infringed the '218

8   Patent, and an order enjoining Baby Trend from further infringing the '218 Patent),

9   the limited U.S. Bankruptcy Law issues that follow (which are limited to whether

10  the Baby Trend bankruptcy estate can obtain the benefit of products that Graco

11  asserts infringe the '218 Patent) depend upon whether a court finds that Baby Trend

12  infringes the '218 Patent.  It is therefore clear that application of U.S. Bankruptcy

13  Law is ancillary at best.  Thus, U.S. Patent Law issues will predominate the

14  Adversary Proceeding and are clearly "substantial and material" to the Adversary

15  Proceeding.  It is also indisputable that U.S. Patent Laws constitute federal laws

16  regulating interstate commerce and that Baby Trend has placed products which

17  infringe the '218 Patent in the stream of interstate commerce.  Therefore, Graco

18  submits that the Court is statutorily required to remove reference of the Adversary

19  Proceeding from the bankruptcy court to this Court.

20      B.    Alternatively, Reference of the Adversary Proceeding Should Be

21            Withdrawn for Cause

22      Section 157(d) also provides: "The district court may withdraw … a case or

23  proceeding referred under this section … on timely motion of any party, for cause

24  shown."  Although "cause" for permissive withdrawal of the reference under

25  section 157(d) is not defined in the statute, the Ninth Circuit Court of Appeals has

26  held that in "determining whether cause exists, a district court should consider

27  factors such as the efficient use of judicial resources, cost to the parties, uniformity

28

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

1  of bankruptcy administration, and other related factors." *See Sec. Farms,* 124 F.3d

2  at 1008.

3      *1. It Is More Efficient for this Court to Adjudicate the Adversary Proceeding*

4      It is clear that it is more efficient for this Court to adjudicate the Adversary

5  Proceeding. The Adversary Proceeding is a non-core proceeding. In *Northern*

6  *Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 87 (1982), the U.S.

7  Supreme Court held that certain provisions of the Bankruptcy Act of 1978, which

8  permitted bankruptcy courts to exercise jurisdiction over rights that arise

9  independent of a bankruptcy case and which thereby allowed bankruptcy courts to

10  adjudicate such claims to finality, were unconstitutional. Congress responded to

11  the *Marathon* decision by enacting the Bankruptcy Amendments and Federal

12  Judgeship Act of 1984 (the "Judicial Code"), 28 U.S.C. §§ 1334 and 157. Through

13  the Judicial Code, Congress restructured the statutory grant of jurisdiction to

14  bankruptcy courts, delineating between "core" bankruptcy proceedings and "non-

15  core" proceedings. Bankruptcy courts have no power, absent consent of all parties,

16  to issue a final decision in non-core proceedings. *See* 28 U.S.C. § 157(c)(1).

17      The Ninth Circuit Court of Appeals has held that the distinction between core

18  and non-core matters is that non-core matters do not depend on the Bankruptcy

19  Code for their existence and could proceed in another court. *See Sec. Farms*, 124

20  F.3d at 1008; *Dunmore v. United States*, 358 F.3d 1107, 1115 (9th Cir. 2004)

21  (chapter 7 debtor's tax refund claims were "non-core" because they did not depend

22  on title 11 for their existence, but instead depended on United States tax code, and

23  the trustee could have brought them in district court); *Daewoo Motor Am., Inc. v.*

24  *Gulf Ins. Co. (In re Daewoo Motor Am., Inc.)*, 302 B.R. 308, 313 (C.D. Cal. 2003)

25  (although outcome of pre-petition breach of contract claim (i) could augment

26  amount of debtor's  assets and claims against debtor, and (ii) would require a

27  finding that property was not property of the debtor's estate matter, it could not be

28  considered core); *see also In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

1  1986) (the U.S. Court of Appeals for the Ninth Circuit "has interpreted *Marathon*

2  as depriving the bankruptcy court of jurisdiction 'to make final determinations in

3  matters that could have been brought in a district court or a state court.'") (internal

4  citations omitted); *Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail)*,

5  304 F.3d 223, 229 (2d Cir. 2002) (core proceedings are "unique to or uniquely

6  affected by the bankruptcy proceedings," or "directly affect a core bankruptcy

7  function.").

8          The claims in the Adversary Proceeding do not involve rights that have any

9  relation to the Bankruptcy Code, and they are not "unique to or uniquely affected

10  by the bankruptcy proceedings."  But for the existence of the bankruptcy case, the

11  Adversary Proceeding would have necessarily been commenced as a civil action in

12  district court.  The only connection between the Adversary Proceeding and the

13  bankruptcy case is that the outcome of the Adversary Proceeding could potentially

14  have an effect on those assets available for distribution to creditors.  The Adversary

15  Proceeding does not in any way affect creditors' rights to extract from the estate

16  their pro rata share of that to which they would have been entitled had Baby Trend

17  not infringed the '218 Patent.  Therefore, the claims in the Adversary Proceeding

18  are non-core.

19          Here, because the Adversary Proceeding is non-core, judicial economy is

20  best served by withdrawal of the reference because the bankruptcy court has no

21  power to issue a final decision in the Adversary Proceeding.  *See* 28 U.S.C. §

22  157(c)(1).  Instead, the bankruptcy court may only "submit proposed findings of

23  fact and conclusions of law to the district court."  *Id.*  The district court would

24  therefore have to review, *de novo*, the bankruptcy court's findings of fact and

25  conclusions of law to which any party interposes an objection.  *Id.*  Such secondary

26  review duplicates judicial time and resources and also will increase cost to the

27  parties.  *See Orion Pictures Corp. v. Showtime Networks*, 4 F.3d 1095, 1101 (2d

28  Cir. 1993) ("the fact that a bankruptcy court's determination on non-core matters is

13

1  subject to *de novo* review by the district court could lead the latter to conclude that

2  in a given case unnecessary costs could be avoided by a single proceeding in the

3  district court").

4          Moreover, United States district courts have exclusive jurisdiction over all

5  patent disputes, such as the adversary proceeding. *See* 28 U.S.C. § 1338. As set

6  forth above, the Adversary Proceeding will necessarily involve matters primarily

7  and materially concerning U.S. Patent Laws. It is this Court, and not the

8  bankruptcy court, that has experience in such matters and therefore, it is far more

9  efficient and less costly for this Court to adjudicate this dispute.

10         *2. Withdrawal Will Expedite the Bankruptcy Process and Lead to Uniformity*

11             *of Administration*

12         For essentially the same reasons that withdrawal promotes judicial economy,

13  withdrawal of the reference will expedite the administration of the bankruptcy

14  estate by eliminating the distraction of litigation concerning non-core issues as to

15  which only the district court may make a final ruling. Further, withdrawal of the

16  reference should promote uniformity because the Adversary Proceeding will be

17  finally resolved before a single court.

18         *3. Graco Is Entitled to and Has Demanded a Jury Trial*

19         Graco has a right to a jury trial and has demanded one in its complaint

20  pursuant to Fed. R. Civ. P. 38. Graco has not waived this right and does not

21  consent to a trial before the bankruptcy court. Where a jury trial is required and the

22  parties refuse to consent to the bankruptcy court trying a case in lieu of a jury,

23  withdrawal of the case to the district court is warranted for cause. *In re*

24  *Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. Cal. 1990); *see also  Malone v.*

25  *Norwest Fin. Cal., Inc.*, 245 B.R. 389, 399 (E.D. Cal. 2000) (good cause exists for

26  withdrawal where party has right to jury trial). This factor also weighs in favor of

27  withdrawal of the reference from the bankruptcy court to this Court.

28

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

## IV.   **CONCLUSION**

Because (i) the Adversary Proceeding would require the Bankruptcy Court to substantially consider and rule upon questions of U.S. Patent Law and will require no direct consideration of U.S. Bankruptcy Laws, (ii) U.S. Patent Law constitutes federal law regulating interstate commerce and the Adversary Proceeding concerns products placed in the stream of interstate commerce, and (iii) Graco has timely moved for mandatory removal under section 157(d), Graco respectfully submits that this Court is statutorily required to remove the reference of the Adversary Proceeding to this Court.

Alternatively, should the Court not grant mandatory withdrawal, cause exists for this Court to withdraw reference of the Adversary Proceeding to this Court because (i) judicial resources are best served through this Court adjudicating the dispute, (ii) withdrawal will expedite the bankruptcy process and lead to uniformity of administration and (iii) Graco has demanded a jury trial.

WHEREFORE, Graco respectfully requests that the Court grant the relief requested in the Motion.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

1   DATED:  August 9, 2010

         BALLARD SPAHR LLP

2

3

         Penny M. Costa

4

         2029 Century Park East, Suite 800

5        Los Angeles, California 90067
         Telephone:  (424) 204-4400

6        Facsimile:  (424) 204-4350
         Email: costap@ballardspahr.com

7

         and

8

         LYNN E. RZONCA *(pro hac vice pending)*

9        MELISSA J. LORE *(pro hac vice pending)*
         Ballard Spahr LLP

10        1735 Market Street, 51st Floor
         Philadelphia, PA 19103

11        Telephone: (215) 665-8500
         Facsimile: (215) 864-8999

12        Email: rzoncal@ballardspahr.com
           lorem@ballardspahr.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO
28 U.S.C. § 157(d)

**EXHIBIT 1**

1 | PENNY M. COSTA (SBN 110373)
costap@ballardspahr.com
2 | **Ballard Spahr LLP**
2029 Century Park East, Suite 800
3 | Los Angeles, California 90067-2909
Telephone: (424) 204-4331
4 | Facsimile: (424) 204-4350

5 | LYNN E. RZONCA *(pro hac vice pending)*
rzoncal@ballardspahr.com
6 | MELISSA J. LORE *(pro hac vice pending)*
lorem@ballardspahr.com
7 | **Ballard Spahr LLP**
1735 Market Street, 51st Floor
8 | Philadelphia, PA 19103
Telephone: (215) 665-8500
9 | Facsimile: (215) 864-8999

10 | Attorneys for Plaintiff Graco Children's Products Inc.

11 **IN THE UNITED STATES BANKRUPTCY COURT FOR THE**

12 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Baby Trend, Inc., | Case No. 6:09-bk-34090-CB |
| Debtor. | Chapter 11 |
| Graco Children's Products Inc., | Adv. No. |
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT |
| vs. | |
| Baby Trend, Inc., | |
| Defendant | |

20 **COMPLAINT FOR PATENT INFRINGEMENT**

21 Plaintiff, Graco Children's Products Inc. ("Graco" or "Plaintiff"), brings this action against

22 Defendant, Baby Trend, Inc. ("Baby Trend" or "Defendant"), for patent infringement under 35

23 U.S.C. § 101, *et seq.*, and alleges as follows:

24 **Jurisdiction and Venue**

25 1. The cause of action in this case arises under the patent laws of the United States, 35

26 U.S.C. § 101, *et seq.*

27 . 2. Subject matter jurisdiction over Case No. 6:09-bk-34090-CB (the "Bankruptcy

28 Case") exists pursuant to 28 U.S.C. § 1334(a).

3.      The District Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1334 (as a proceeding related to the bankruptcy case referenced in the above caption) and 1338. This Court exercises its authority pursuant to the standing order of reference previously entered by the District Court and has limited  jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.      Venue properly lies in this Court pursuant to 28 U.S.C. § 1409, as the bankruptcy case regarding Baby Trend is pending in this district.

5.      The matters raised in this adversary proceeding are non-core.  Plaintiff does not consent to entry of final orders or judgments by the bankruptcy court and does not consent to the bankruptcy conducting any trials by jury.  Plaintiff files this adversary proceeding in this Bankruptcy Court, rather than the District Court, in light of the automatic stay presently in force in the bankruptcy case.

**The Parties**

6.      Graco is a Delaware corporation with a place of business in Atlanta, Georgia. Graco is a leading manufacturer of juvenile products, including children's playards.

7.      Upon information and belief, Baby Trend is a California corporation with a principal place of business at 1607 S. Campus Ave., Ontario, California 91761.  Baby Trend sells juvenile products, including children's playards, to retailers throughout the United States, including, upon information and belief, to retailers in this district.

8.      On October 9, 2009 (the "Petition Date"), Baby Trend filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code")) with this Court.  As of the filing of this complaint, Baby Trend is a debtor and debtor-in-possession in the Bankruptcy Case pending in this Court.

**Background**

9.      On September 25, 2001, the United States Patent and Trademark Office issued United States Patent No. D448,218 entitled "Curved Legs for a Playard" (the "'218 Patent") to Graco (as owner by assignment of the '218 Patent).  A copy of the '218 Patent is attached hereto as Exhibit A.

10. The '218 Patent claims an ornamental design for curved legs for a playard. Figure 1 of the '218 Patent is shown below:



FIG. 1

11. At all times relevant hereto, Graco has owned all right, title and interest in the '218 Patent.

12. Baby Trend makes, uses, sells, offers for sale and/or imports playards, including the following playards (the "Baby Trend Playards"), that infringe the '218 Patent:

| Model Number | Model Name | Photo |
|---|---|---|
| PY90918 | Mini Nursery Center – Twilight |  |

| Model Number | Model Name | Photo |
|---|---|---|
| PY87983 | Deluxe Nursery Center – All Star |  |
| PY90973 | Mini Nursery Center – Cordova |  |
| PY88950 | Deluxe Nursery Center - Metropolitan |  |

| Model Number | Model Name | Photo |
|---|---|---|
| PY87029 | Deluxe Nursery Center – Gabriella |  |
| PY86428 | Deluxe Nursery Center – Mojito |  |
| PY86045 | Deluxe Nursery Center – Skylar |  |

5

| Model Number | Model Name | Photo |
|---|---|---|
| PY86091 | Deluxe Nursery Center – Mesa |  |
| PY86443 | Deluxe Nursery Center - Columbia |  |
| PY86962 | Deluxe Nursery Center – Dakota |  |

| Model Number | Model Name | Photo |
|---|---|---|
| 8065BCC | Deluxe Nursery Center – Orange Oak |  |

13.     Upon information and belief, Baby Trend sells and/or offers for sale playards, including the Baby Trend Playards, in this District.

## COUNT I – PATENT INFRINGEMENT

### The '218 Patent

14.     Graco incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

15.     Baby Trend makes, uses, sells, offers for sale and/or imports playards, including the Baby Trend Playards, that infringe the '218 Patent.

16.     Graco has been injured by Baby Trend's infringement of the '218 Patent.

17.     Graco will continue to be injured by Baby Trend's infringement of the '218 Patent unless the Court enjoins Baby Trend from further infringement.

18.     Baby Trend's infringement has caused and will continue to cause Graco irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Graco prays that this Honorable Court:

(a)     Enter judgment that U.S. Design Patent No. D448,218 is valid and enforceable;

7

1    (b)    Enter judgment against Baby Trend for infringement of the '218 Patent;

2    (c)    Issue an Order permanently enjoining Baby Trend, its officers, agents, servants,

3   employees, attorneys, successors, assigns, including any reorganized Baby Trend, and all those

4   persons in active concert or participation therewith, from making, using, selling, offering for sale,

5   and/or importing certain juvenile products, including the Baby Trend Playards, or otherwise

6   directly or indirectly infringing the '218 Patent;

7    (d)    Award Graco damages arising after the Petition Date adequate to compensate

8   Graco for Baby Trend's infringement, together with interest and costs as affixed by the Court; and

9    (e)    Grant Graco such further relief as this Court deems just under the circumstances.

10                              **DEMAND FOR JURY TRIAL**

11    Graco, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, or alternatively, 28

12   U.S.C. § 157(e), respectfully demands trial by jury of all issues properly so triable under

13   applicable law.

14                                                    Respectfully submitted,

15

16   DATED:  August 6, 2010                    By: _____

17                                                    PENNY M. COSTA
                                                      California Bar No. 110373
18                                                    costap@ballardspahr.com
                                                      BALLARD SPAHR LLP
19
                                                      OF COUNSEL:
20                                                    LYNN E. RZONCA
                                                      Pennsylvania Bar No. 86747
21                                                    rzoncal@ballardspahr.com
                                                      MELISSA J. LORE
22                                                    Pennsylvania Bar No. 93420
                                                      lorem@ballardspahr.com
23                                                    BALLARD SPAHR LLP
                                                      1735 Market Street, 51st Floor
24                                                    Philadelphia, PA 19103
                                                      Phone: (215) 665-8500
25                                                    Facsimile: (215) 864-8999

26                                                    Attorneys for Plaintiff
                                                      GRACO CHILDREN'S PRODUCTS INC.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

EXHIBIT A

27
28



US00D448218B1

(12) **United States Design Patent** (10) Patent No.: **US D448,218 S**

Celestina-Krevh (45) Date of Patent: ** Sep. 25, 2001

(54) **CURVED LEGS FOR A PLAYARD**

(75) Inventor: **Mary Ann Celestina-Krevh**, Euclid, OH (US)

(73) Assignee: **Graco Children's Products Inc.**, Elverson, PA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/122,855**

(22) Filed: **May 5, 2000**

(51) LOC (7) Cl. ....................................................... **06-06**
(52) U.S. Cl. ............................... D6/495; D6/331; D6/503; D6/499
(58) Field of Search .................... D6/382, 385, 388–395, D6/331; 5/907, 93.1, 93.2, 98.1, 101, 99.1

(56) **References Cited**

U.S. PATENT DOCUMENTS

D. 397,882 * 9/1998 Wu ........................................ D6/391
4,376,318 * 3/1983 Cirillo ....................................... 5/99.1

5,349,709 * 9/1994 Cheng ...................................... 5/93.1
5,367,725 * 11/1994 Tsai ........................................ 5/99.1

* cited by examiner

*Primary Examiner*—Janice E. Seeger
(74) *Attorney, Agent, or Firm*—Foley & Lardner

(57) **CLAIM**

The ornamental design for curved legs for a playard, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of curved legs for a playard showing my new design;
FIG. 2 is a front elevation view thereof;
FIG. 3 is a back elevation view thereof;
FIG. 4 is a right-side elevation view thereof;
FIG. 5 is a left-side elevation view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.
The features shown in broken lines are for illustrative purposes only and do not form part of the claimed design.

**1 Claim, 7 Drawing Sheets**





FIG. 1



FIG. 2

Case 2:10-cv-05897-JLS-MLG   Document 3   Filed 08/09/10   Page 30 of 37   Page ID #:45



FIG. 3

# FIG. 4



Case 2:10-cv-05897-JLS-MLG   Document 3   Filed 08/09/10   Page 32 of 37   Page ID #:47

# FIG. 5





FIG.6

Case 2:10-cv-05897-JLS-MLG   Document 3   Filed 08/09/10   Page 34 of 37   Page ID #:49



FIG. 7

| In re: Baby Trend, Inc, | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 09-34090 CB |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Ballard Spahr LLP at 2029 Century Park East, Suite 800, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as  Complaint, Summons and Notice of Status Conference  and Adversary Proceeding Cover Sheet                                                                will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  8/9/10                                I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| U.S. Trustee | Baby Trend, Inc. | Jasmin Yang |
|---|---|---|
| 3685 Main Street, Suite 300 | c/o Denny Tsai | Michael B. Reynolds |
| Riverside, CA  92501 | 1607 South Campus Avenue | Snell & Wilmer LLP |
| | Ontario, CA  91761 | 600 Anton Blvd, Ste. 1400, Costa Mesa, CA  92626-768 |

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  8/6/10                                I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Catherine E. Bauer
USBC Central District
3420 Twelfth Street
Riverside, CA  92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/9/10 | Lisa Kwon | _Lisa Kwon_ (signature) |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                          **F 9013-3.1**

## CERTIFICATE OF SERVICE

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909. On **August 9, 2010**, I served the within documents:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW REFERENCE PURSUANT TO 28 U.S.C. § 157(d)**

☐ **BY FAX**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ **BY EMAIL**: by attaching an electronic copy of the documents listed above to the e-mail address listed below.

☐ **BY OVERNIGHT MAIL**: by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

    See attached Service List

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the United States that the above is true and correct.

    Executed on **August 9, 2010**, at Los Angeles, California.

LISA KWON

1

## SERVICE LIST

2

3  U.S. Trustee
   3685 Main Street, Suite 300
4  Riverside, CA  92501

5  Baby Trend, Inc.
   C/O Denny Tsai
6  1607 South Campus Avenue
   Ontairo, CA  91761

7

   Jasmin Yang
8  Michael B. Reynolds
   Snell & Wilmer LLP
9  600 Anton Blvd., Ste. 1400
   Costa Mesa, CA  92626

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28