1  Michael B. Reynolds (#174534)
   mreynolds@swlaw.com
2  Rick Tache (#195100)
   rtache@swlaw.com
3  Jasmin Yang (#255254)
   Jyang@swlaw.com
4  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-7689
   Telephone:   (714) 427-7000
6  Facsimile:   (714) 427-7799

7  Attorneys for Debtor Baby Trend, Inc.

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    RIVERSIDE DIVISION

11 | In Re:                          | CASE No. 6:09-bk-34090-CB
12 | BABY TREND, INC.,               | Chapter 11
13 |              Debtor.            | Adv. No. 6:10-AP-01485 CB
14 | ———————————————                 |
   | GRACO CHILDREN'S PRODUCTS       | ANSWER TO COMPLAINT FOR
15 | INC.,                           | PATENT INFRINGEMENT AND
                                       COUNTERCLAIMS
16 |              Plaintiff,         |
                                       JURY DEMAND
17 |                         vs.     |
18 | BABY TREND, INC.,               |
19 |              Defendant.         |
20

21       Defendant Baby Trend, Inc. ("Baby Trend") hereby submits its answers against the

22 unverified Complaint of plaintiff Graco Children's Products Inc. ("Graco"), by admitting,

23 denying, and alleging as follows:

24       Answering Graco's introductory paragraph, Baby Trend is without sufficient

25 knowledge or information to form a belief as to the truth of the allegations contained in,

26 and on that basis, denies the allegation contained in the introductory paragraph.

27 ///

28 ///

CASE NO. 6:09-bk-34090-CB

## JURISDICTION AND VENUE

1.    Answering paragraph 1 of the Complaint, Baby Trend admits the allegation contained in paragraph 1 of the Complaint.

2.    Answering paragraph 2 of the Complaint, Baby Trend admits the allegation contained in paragraph 2 of the Complaint.

3.    Answering paragraph 3 of the Complaint, Baby Trend admits the allegations contained in paragraph 3 of the Complaint.

4.    Answering paragraph 4 of the Complaint, Baby Trend admits the allegation contained in paragraph 4 of the Complaint.

5.    Answering paragraph 5 of the Complaint, Baby Trend is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis, denies each and every allegation contained thereon.

## THE PARTIES

6.    Answering paragraph 6 of the Complaint, Baby Trend is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.

7.    Answering paragraph 7 of the Complaint, Baby Trend admits the allegations contained in paragraph 7 of the Complaint.

8.    Answering paragraph 8 of the Complaint, Baby Trend admits the allegation contained in the first sentence contained in paragraph 8 of the Complaint, but is without information sufficient to form a belief as to the truth of the allegation contained in the second sentence of paragraph 8 of the Complaint, and on that basis denies the allegation contained therein.

## BACKGROUND

9.    Answering paragraph 9 of the Complaint, Baby Trend admits that according to the face page of U.S. Patent No. D448,218 ("'218 Patent"), on September 25, 2001, the

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

CASE NO. 6:09-bk-34090-CB

Snell & Wilmer

L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   United States Patent and Trademark Office issued a design patent entitled "Curved Legs

2   For A Playard." Baby Trend further admits that according to the face page of the '218

3   Patent, the assignee is identified as Graco. Baby Trend denies the remaining allegations

4   contained in paragraph 9 of the Complaint.

5          10.    Answering paragraph 10 of the Complaint, Baby Trend admits that the '218

6   Patent claims an ornamental design for curved legs for a playard. Baby Trend further

7   admits that the copy of FIG. 1 reproduced in paragraph 10 of the Complaint appears to be

8   from the '218 Patent. Baby Trend denies the remaining allegations in paragraph 10 of the

9   Complaint.

10         11.    Answering paragraph 11 of the Complaint, Baby Trend is without

11  information sufficient to form a belief as to the truth of the allegation contained in

12  paragraph 11 of the Complaint, and on that basis denies the allegation contained therein.

13         12.    Answering paragraph 12 of the Complaint, Baby Trend admits that it makes,

14  uses, sells, offers for sale, and/or imports playards including the model numbers identified

15  in paragraph 12. Baby Trend denies the remaining allegations contained in paragraph 12,

16  including that the identified playards infringe any valid and enforceable claim of the '218

17  Patent.

18         13.    Answering paragraph 13 of the Complaint, Baby Trend admits the

19  allegation contained in paragraph 13 in the Complaint.

### COUNT 1 – PATENT INFRINGEMENT

21         14.    Answering paragraph 14 of the Complaint, Baby Trend realleges and

22  incorporates by reference its answers to paragraphs 1 – 13 contained in the Complaint.

23         15.    Answering paragraph 15 of the Complaint, Baby Trend admits that it makes,

24  uses, sells, offers for sale, and/or imports playards including the model numbers identified

25  in paragraph 12 of the Complaint. Baby Trend denies the remaining allegations contained

26  in paragraph 15, including that the identified playards infringe any valid and enforceable

27  claim of the '218 Patent.

28         16.    Answering paragraph 16 of the Complaint, Baby Trend denies the allegation

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  contained in paragraph 16 of the Complaint.

2      17.    Answering paragraph 17 of the Complaint, Baby Trend denies the allegation

3  contained in paragraph 17 of the Complaint.

4      18.    Answering paragraph 18 of the Complaint, Baby Trend denies the allegation

5  contained in paragraph 18 of the Complaint.

6

7  **<u>PRAYER</u>**

8      19.    Baby Trend denies that Graco is entitled to any relief on its Complaint or

9  otherwise.

10  **<u>GENERAL DENIALS</u>**

11      20.    Any and all allegations in the Complaint not expressly admitted or

12  otherwise responded to by Baby Trend in this Answer are hereby denied upon information

13  and belief.

14      21.    As separate and affirmative defenses and objections to the Complaint, Baby

15  Trend further alleges:

16  **<u>FIRST AFFIRMATIVE DEFENSE</u>**

17      22.    Graco's Complaint and its claim for relief alleged therein fails to state facts

18  sufficient to constitute a claim upon which relief may be granted against Baby Trend.

19  **<u>SECOND AFFIRMATIVE DEFENSE</u>**

20      23.    The Complaint and the purported claim for relief therein is barred or

21  estopped by reason of Graco's own acts, inaction, omissions and/or negligence, or those

22  of its agents, representatives or employees.

23  **<u>THIRD AFFIRMATIVE DEFENSE</u>**

24      24.    The Complaint and the purported claim for relief therein is barred by the

25  doctrine of laches.

26  **<u>FOURTH AFFIRMATIVE DEFENSE</u>**

27      25.    The Complaint and the purported claim for relief therein is barred by the

28  doctrine of unclean hands and/or patent misuse.

CASE NO. 6:09-bk-34090-CB

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**FIFTH AFFIRMATIVE DEFENSE**

26.     At all times herein, Baby Trend acted in good faith.

**SIXTH AFFIRMATIVE DEFENSE**

27.     As a result of Graco's own conduct, affirmative statements and admissions, as well as a result of its failure to timely assert any objection to the alleged wrongful acts attributed to Baby Trend in the Complaint, Graco has waived any cause of action and/or claim for relief against Baby Trend in conjunction therewith, and is thus barred or precluded from maintaining such action or obtaining any judgment or relief whatsoever against Baby Trend.

**SEVENTH AFFIRMATIVE DEFENSE**

28.     Baby Trend alleges, on the belief that further investigation and discovery will disclose facts supporting such allegations, that the '218 Patent is invalid and/or unenforceable.

**EIGHT AFFIRMATIVE DEFENSE**

29.     Baby Trend alleges, on the belief that further investigation and discovery will disclose facts supporting such allegations, that the '218 Patent is invalid for anticipation under 35 U.S.C. § 102.

**NINTH AFFIRMATIVE DEFENSE**

30.     Baby Trend alleges, on the belief that further investigation and discovery will disclose facts supporting such allegations, that the '218 Patent is invalid for obviousness under 35 U.S.C. § 103.

**TENTH AFFIRMATIVE DEFENSE**

31.     All possible affirmative defenses may not have been alleged herein insofar as sufficient facts are not available after reasonable inquiry upon the service of the Complaint. The above affirmative defenses are based upon the information presently known and available to Baby Trend. Baby Trend does not precisely know all facts concerning the conduct of Graco or other parties to state all affirmative defenses at this time. Moreover, discovery in this matter may reveal additional bases for the stated or

CASE NO. 6:09-bk-34090-CB

additional affirmative defenses. Baby Trend reserves the right to seek leave of court to amend this answer to plead such additional affirmative defenses and additional bases for stated affirmative defenses should they be discovered.

### PRAYER FOR RELIEF

WHEREFORE, defendant Baby Trend prays for relief as follows:

A.       Denying all relief requested by Graco in its Complaint;

B.       Dismissing with prejudice the Complaint, any amendments thereto, and any claims contained therein against Baby Trend;

C.       Entering judgment in Baby Trend's favor on the Complaint;

D.       Awarding Baby Trend its costs of suit and attorneys' fees to the extent recoverable by law; and

E.       Granting Baby Trend such other and further relief as the Court deems appropriate.

### COUNTERCLAIMS

Counterclaimant Baby Trend, Inc., ("Baby Trend") for its Counterclaims against Counterdefendant Graco Children's Products Inc. ("Graco") alleges as follows:

### JURISDICTION AND VENUE

1.       This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1334, 1338, 2201, and 2202. Baby Trend is informed and believes and thereon alleges that Baby Trend and Graco are citizens of different states or countries and the amount in controversy exceeds $75,000, exclusive of costs.

2.       Venue for these Counterclaims is proper in this district pursuant to 28 U.S.C. § 1391. Moreover, venue for these Counterclaims is proper in this district because the Counterclaims arise from facts and circumstances alleged in the Complaint filed by Graco against Baby Trend in this district.

///

///

- 6 -

CASE NO. 6:09-bk-34090-CB

**PARTIES**

3.    Baby Trend is a corporation organized and existing under the laws of the State of California, with its principal place of business in Ontario, California.

4.    Graco purports to be a Delaware corporation with a place of business in Atlanta, Georgia.

**GENERAL ALLEGATIONS**

5.    Graco purports to be the owner of all right, title, and interest in U.S. Patent No. D448,218 entitled, "Curved Legs for a Playard," issued on September 25, 2001, based upon an application filed on May 5, 2000 (the "'218 Patent").

6.    Baby Trend manufactures and sells nursery centers, which include playards, sold under the "Close N Cozy," "Deluxe," and "Trend" marks.

7.    Baby Trend's playard products do not infringe, either directly or indirectly, any valid and enforceable claim of the '218 Patent and Baby Trend is not liable for any infringement thereof to Graco.

**FIRST CLAIM FOR RELIEF**

(Declaratory Judgment re Non-Infringement of U.S. Patent No. D448,218)

8.    Baby Trend incorporates by reference paragraphs 1 though 7 of the Counterclaims as if fully set forth herein.

9.    Baby Trend does not infringe and has not infringed, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '218 Patent under any theory.

10.    An actual and justiciable controversy exists within the meaning of 28 U.S.C. § 2201(a) between Baby Trend and Graco as to, among other things, whether Baby Trend infringed the '218 Patent.

11.    Baby Trend seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Baby Trend does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of the '218 Patent.

///

- 7 -                              CASE NO. 6:09-bk-34090-CB

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment re Invalidity and/or Unenforceability of the '218 Patent)

12.     Baby Trend incorporates by reference paragraphs 1 though 11 of the Counterclaims as if fully set forth herein.

13.     An actual and justiciable controversy exists within the meaning of 28 U.S.C. § 2201(a) between Baby Trend and Graco as to, among other things, whether the '218 Patent is invalid and/or unenforceable.

14.     The '218 Patent is invalid and/or unenforceable for failing to meet the conditions for patentability specified in 35 U.S.C. §§ 1 et seq., including without limitation 35 U.S.C. §§ 102 and 103.

15.     Baby Trend seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the '218 Patent is invalid and/or unenforceable and thus cannot be asserted against Baby Trend.

## THIRD CLAIM FOR RELIEF

(Patent Misuse of the '218 Patent)

16.     Baby Trend incorporates by reference paragraphs 1 though 15 of the Counterclaims as if fully set forth herein.

17.     Graco has engaged in patent misuse through its improper assertion of the '218 Patent, which it knows to be invalid and/or unenforceable.

18.     Baby Trend seeks a declaratory judgment that Graco misused the '218 Patent and awarding any amounts necessary to make Baby Trend whole in response to such patent misuse.

## FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of an Exceptional Case – 35 U.S.C. § 285)

19.     Baby Trend incorporates by reference paragraphs 1 though 18 of the Counterclaims as if fully set forth herein.

20.     For the reasons alleged above, Graco brought this action with wrongful intent or at least gross negligence, and with knowledge that Baby Trend's products do not

- 8 -

CASE NO. 6:09-bk-34090-CB

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    infringe any valid and enforceable claim of the '218 Patent.

2        21.    For the reasons alleged above, Baby Trend seeks a declaratory judgment,

3    pursuant to 28 U.S.C. § 2201(a) and 35 U.S.C. § 285, that Graco brought this action with

4    wrongful intent or at least gross negligence, and with knowledge that that the asserted

5    claim of the '218 Patent is invalid and/or unenforceable under 35 U.S.C. §§ 102 and/or

6    103 and, thus, this case is exceptional, entitling Baby Trend to its attorneys' fees, costs,

7    and expenses that it incurs in defending and prosecuting this action.

8                        **PRAYER FOR RELIEF**

9        WHEREFORE, Baby Trend respectfully requests that this Court enter judgment

10   against Graco by awarding the following relief:

11       A.     Dismissal of the Complaint, with prejudice, granting Baby Trend's

12   affirmative defenses, and denying each request for relief made by Graco.

13       B.     A declaration in favor of Baby Trend that:

14       (i)    the '218 Patent is not infringed by Baby Trend;

15       (ii)   the '218 Patent is invalid and unenforceable; and

16       (iii)  Graco engaged in patent misuse through its improper assertion of the '218

17   Patent;

18       C.     An award to Baby Trend of compensatory damages on its counterclaims

19   according to proof at trial;

20       D.     An award to Baby Trend of punitive damages on its counterclaims

21   according to proof at trial;

22       E.     That this case be declared an exceptional case within the meaning of 35

23   U.S.C. § 285 and that Baby Trend be awarded attorneys' fees, costs, and expenses that it

24   incurs in defending and prosecuting this action; and

25   ///

26   ///

27   ///

28   ///

1    F.    Such other and further relief this Court deems just and proper.

2    Dated: October 13, 2010                    Respectfully submitted,

3                                               SNELL & WILMER L.L.P.

4

5                                   By:    /s/ Michael B. Reynolds
                                           Michael B. Reynolds
6                                          Jasmin Yang
                                           Attorneys for Baby Trend, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -                    CASE NO. 6:09-bk-34090-CB

1

## **JURY DEMAND**

2       Baby Trend demands a jury trial as to all issues so triable.

3

4  Dated:  October 13, 2010             Respectfully submitted,

5                             SNELL & WILMER L.L.P.

6

7                 By:   /s/ Michael B. Reynolds

8                     Michael B. Reynolds
                            Jasmin Yang

9                     Attorneys for Baby Trend, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

CASE NO. 6:09-bk-34090-CB

| In re: Baby Trend, Inc. | CHAPTER: 11 |
|---|---|
| Graco Children's Products v. Baby Trend, Inc.<br><br>Debtor(s). | CASE NUMBER: 6:09-bk-34090-CB<br>Adversary Number: 6:10-AP-01485 CB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 600 Anton Boulevard, Suite 1400, Costa Mesa, CA  92626.  A true and correct copy of the foregoing document described **ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On October 13, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Catherine E. Bauer          Via U.S. Mail
United States Bankruptcy Court
3420 Twelfth Street
Riverside, CA  92501-3819

Penny M Costa          Via U.S. Mail
2029 Century Park East Ste 800
Los Angeles, CA 90067-2909

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | /s/ Rudi Wilson |
|---|---|
| _Date   October 13, 2010   Type Name:  Rudi Wilson_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.