PENNY M. COSTA, , (SBN 110373)
costap@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909
Telephone: (424) 204-4331
Facsimile: (424) 204-4350

LYNN E. RZONCA (*PRO HAC VICE PENDING*)
rzoncal@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8990

Attorneys for Plaintiff Graco Children's Products Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| Graco Children's Products Inc., | Case No. 2:10-cv-05897-JST |
|---|---|
| Plaintiff, | **PLAINTIFF'S ANSWER TO DEFENDANT BABY TREND, INC.'S COUNTERCLAIMS** |
| vs. | |
| Baby Trend, Inc., | |
| Defendant. | |

Plaintiff, Graco Children's Products Inc. ("Graco"), responds to Defendant, Baby Trend, Inc.'s ("Baby Trend") Counterclaims as follows:

### REPLY TO COUNTERCLAIMS

### JURISDICTION AND VENUE

1. Graco admits that the Counterclaims purport to be an action as described in Paragraph 1 of the Counterclaims, but denies that it states any claim upon which relief may be granted. Graco admits that this Court has jurisdiction over this matter. Except as otherwise admitted, Graco denies the remaining allegations of Paragraph 1 of the Counterclaims.

2. Graco admits the allegations of Paragraph 2 of the Counterclaims.

## PARTIES

3. Graco admits the allegations of Paragraph 3 of the Counterclaims.

4. Graco admits the allegations of Paragraph 4 of the Counterclaims.

## GENERAL ALLEGATIONS

5. Graco admits that it is the owner of all right, title, and interest in U.S. Patent No. D448,218 entitled, "Curved Legs for a Playard," issued September 25, 2001, based upon an application filed on May 5, 2000 ("the '218 Patent") but otherwise denies the allegations of Paragraph 5 of the Counterclaims, namely that Graco "purports" to be the owner of the '218 Patent.

6. Graco admits the allegations of Paragraph 6 of the Counterclaims.

7. Graco denies the allegations of Paragraph 7 of the Counterclaims.

## FIRST CLAIM FOR RELIEF

(Declaratory Judgment re Non-Infringement of the '218 Patent)

8. Graco denies the allegations of Paragraph 8 of the Counterclaims.

9. Graco denies the allegations of Paragraph 9 of the Counterclaims.

10. Graco denies the allegations of Paragraph 10 of the Counterclaims.

11. Graco denies the allegations of Paragraph 11 of the Counterclaims.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment re Invalidity and/or Unenforceability of the '218 Patent)

12. Graco denies the allegations of Paragraph 12 of the Counterclaims.

13. Graco denies the allegations of Paragraph 13 of the Counterclaims.

14. Graco denies the allegations of Paragraph 14 of the Counterclaims.

15. Graco denies the allegations of Paragraph 15 of the Counterclaims

### THIRD CLAIM FOR RELIEF

(Patent Misuse)

16. Graco denies the allegations of Paragraph 16 of the Counterclaims.

17. Graco denies the allegations of Paragraph 17 of the Counterclaims.

18. Graco denies the allegations of Paragraph 18 of the Counterclaims.

### FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of an Exceptional Case — 35 U.S.C. § 285)

19. Graco denies the allegations of Paragraph 19 of the Counterclaims.

20. Graco denies the allegations of Paragraph 20 of the Counterclaims.

21. Graco denies the allegations of Paragraph 21 of the Counterclaims.

As to Baby Trend's "WHEREFORE Prayer for Relief" Paragraph of the Counterclaims, Graco denies any allegations contained therein.

### DEFENSES AND AFFIRMATIVE DEFENSES

As defenses and affirmative defenses to Baby Trend's Counterclaims, Graco alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Baby Trend's Counterclaims fail to state a claim against Graco upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Graco is properly seeking to enforce its legally and duly issued '218 Patent under the patent laws of the United States.

WHEREFORE, Graco prays for relief as follows as to the Counterclaims:

a. That Baby Trend take nothing by way of its Counterclaims;

b. That Graco be awarded attorneys' fees and all other costs incurred in defense against the Counterclaims; and

   c.   That Graco be awarded such other and further relief as justice and equity require.

DATED:  November 8, 2010          Respectfully Submitted,

                                    /S/ PENNY M. COSTA
                                  Penny M. Costa
                                  Ballard Spahr LLP
                                  2029 Century Park East, Suite 800
                                  Los Angeles, California  90067
                                  Telephone:  (424) 204-4400
                                  Facsimile:  (424) 204-4350
                                  Email: costap@ballardspahr.com

                                  and

                                  LYNN E. RZONCA (pro hac vice pending)
                                  Ballard Spahr LLP
                                  1735 Market Street, 51st Floor
                                  Philadelphia, PA 19103
                                  Telephone: (215) 665-8500
                                  Facsimile: (215) 864-8999
                                  Email: rzoncal@ballardspahr.com

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909. On **November 8, 2010**, I served the within documents:

**PLAINTIFF'S ANSWER TO DEFENDANT BABY TREND, INC.'S COUNTERCLAIMS**

☒ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below:

>J. RICK TACHÉ
>**Snell & Wilmer**
>Plaza Tower
>600 Anton Blvd #1400
>Costa Mesa, CA 92626-7689

☒ **BY EMAIL**: I electronically filed a true and correct copy of the Plaintiff's Answer to Debtor/Defendant Baby Trend Inc.'s Counterclaims through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

- **Deborah S Mallgrave**
  dmallgrave@swlaw.com,dmwilliams@swlaw.com
- **Michael B Reynolds**
  mreynolds@swlaw.com
- **Jasmin Yang**
  jyang@swlaw.com,kcollins@swlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **November 8, 2010**, at Los Angeles, California.

_____/s/ Lisa Kwon_____

DMEAST #13069943 v1