Michael B. Reynolds (#174534)
mreynolds@swlaw.com
J. Rick Taché (#195100)
rtache@swlaw.com
Deborah S. Mallgrave (#198603)
dmallgrave@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant Baby Trend, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GRACO CHILDREN'S PRODUCTS INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>BABY TREND, INC.,<br><br>    Defendant. | CASE NO. CV-10-05897 JST (MLGx)<br>Hon. Josephine S. Tucker, Ctrm 10A<br><br>**PROTECTIVE ORDER**<br><br><br>Complaint Filed: August 9, 2010 |

### PROTECTIVE ORDER

Good cause having been shown to the satisfaction of this Court, it is hereby ordered that the following procedures shall govern the production of all documents, testimony, discovery responses, and other information in the above-captioned action (the "Action"), including information produced by the parties currently named—plaintiff Graco Children's Products Inc. ("Plaintiff") and defendant Baby Trend, Inc. ("Defendant")—or later joined in this Action and all third parties subject to discovery herein:

12588971.1

Protective Order
Case No. VCV-10-05897 JST

## GOOD CAUSE STATEMENT

The issues presented by the pleadings in this action will most likely require an exchange of confidential business information, such as product design, product sales, revenue and profits, and business and license agreements, all of which are considered proprietary and confidential to the disclosing party, because public dissemination of such could irreparably harm the disclosing party.

## DEFINITIONS

1. "Confidential Information" as used herein means any type of information that is designated (pursuant to the conditions herein) by the supplying party in good faith as "Confidential," or "Confidential - For Counsel Only," whether it be intangible confidential information, a document, information contained in a document, information revealed during a deposition (including transcripts and exhibits), information revealed in an interrogatory answer or otherwise.  Specifically, "Confidential Information" shall refer to trade secrets, or other confidential research, development, or commercial information such as contemplated by Fed.R.Civ.P. 26(c) and case law decided thereunder, and also shall include information not generally disseminated or available to the public, information to which free access is not available to the public, information to which only limited access is permitted to employees of the supplying party, and/or information of which dissemination or disclosure would present a real or potential threat to the economic security of the supplying party.

2. "Supplying party," "designating party" and "producing party" are used interchangeably herein, and refers to the party making information available.

3. "Qualified Person" as used herein means:

    (a)   Attorneys of record in this proceeding and any associated counsel and employees of such attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this proceeding, and in-house counsel of a party.

(b) Any person hired by a party or its attorneys of record in this proceeding as an "independent expert," who is not employed by or associated with any party (other than for purposes of this litigation), and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign a Confidentiality Statement in the form of Exhibit A, attached, before being furnished with information or documents designated under any level of confidentiality identified in this Protective Order. The attorneys of record who represent the party that hires such independent expert are responsible for maintaining the original signed Exhibit A.

(c) Not more than two (2) officers, directors or employees of the parties who are to be given access to Confidential Information on a "need to know" basis for the purpose of trial preparation and who agree, in writing, to be bound by the terms of this Protective Order. All such persons must complete and sign a Confidentiality Statement in the form of Exhibit A, attached, before being furnished with information or documents designated under any level of confidentiality identified in this Protective Order. The attorneys of record who represent the party are responsible for maintaining the original signed Exhibit A.

(d) Court employee(s), court reporter(s), stenographic reporters, videographers, and outside copy service providers employed in this action.

(e) The Court, any juror, or any other entity authorized by the Court or required by law.

(f) Any other person to whom Plaintiff and Defendant agree in writing shall have access.

### "CONFIDENTIAL" Designation

4. Documents and things produced which contain Confidential Information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

<u>"CONFIDENTIAL"</u>

or

<u>"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"</u>

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

5.  Information disclosed at a deposition (as well as through resulting deposition transcripts and exhibits) of a party, the present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of confidential information of a party, may be designated as "Confidential" by: (a) indicating on the record at the deposition that the testimony is "Confidential" or "Confidential - Subject to Protective Order" and is subject to the provisions of this Protective Order; or (b) following the procedure set forth in Paragraph 22 below.

6.  Any information designated as "Confidential" or "Confidential - Subject to Protective Order" shall not be made available by the party receiving it to any persons or entities other than Qualified Persons.  Copies of documents and things designated as "CONFIDENTIAL" and any receiving party's summary, compilation, or expression in another medium thereof are protected under this Protective Order to the same extent as the original documents and things.

<u>"CONFIDENTIAL - FOR COUNSEL ONLY" Designation</u>

7.  The use of any particularly sensitive information, such as financial information (including sales data) which has been designated as "Confidential" pursuant to the terms of this Protective Order, may be further restricted by the additional designation of such information as "for Counsel Only." Except as otherwise agreed to by the parties, or ordered by the Court, all "Qualified Persons" defined in Paragraph 3, supra, except those identified in Paragraph 3(c), shall have access to information designated "Confidential - For Counsel Only."

1     8.     Documents and things produced which contain particularly sensitive
2  information may be designated as such by marking each page of the document or
3  thing at or before the time of production substantially as follows:

"CONFIDENTIAL - FOR COUNSEL ONLY"

or

"CONFIDENTIAL - ATTORNEY'S EYES ONLY"

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

9.     Information disclosed at the deposition (as well as resulting deposition transcripts and exhibits) of a party, one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of Confidential Information of a party, may be designated as Confidential - For Counsel Only by: (a) indicating on the record at the deposition that the testimony is Confidential - For Counsel Only and is subject to the provisions of this Protective Order; or (b) following the procedure set forth in Paragraph 22 below.

10.    The designating party shall have the right to have all non-Qualified Persons and all Qualified Persons identified in Paragraph 3(c) by an adversary party excluded from the room before the taking of testimony or any part thereof which the designating party designates as "CONFIDENTIAL - FOR COUNSEL ONLY" subject to this Protective Order.  Copies of documents and things designated as "CONFIDENTIAL – FOR COUNSEL ONLY" and any receiving party's summary, compilation, or expression in another medium thereof are protected under this Protective Order to the same extent as the original documents and things.

Provisions Applicable to Confidential Information

11.    Except as set forth herein, documents produced which are subject to claims of Confidentiality, or Confidential - For Counsel Only as set forth herein

12588971.1

- 5 -

Protective Order
Case No. VCV-10-05897 JST

1 shall be so designated at the time of furnishing to prevent dissemination or
2 disclosure.

3     12.    All documents and materials containing Confidential Information shall
4 be maintained in the custody of the Qualified Persons and no partial or complete
5 copies thereof shall be retained by anyone else at any location, except that Qualified
6 Persons may retain documents for purposes of study, analysis and preparation of
7 the case until the completion of their testimony, or the termination of their
8 engagement for this case.  Any Qualified Person receiving Confidential Information
9 is prohibited from disclosing such Confidential Information to any other person
10 except in compliance with this Protective Order.

11     13.    A party shall not be obligated to challenge the propriety of a
12 designation of Confidential Information or "CONFIDENTIAL - FOR COUNSEL
13 ONLY" at the time made, and a failure to do so shall not preclude a subsequent
14 challenge to such designation.  In the event that the party receiving information
15 designated as Confidential, or Confidential - For Counsel Only objects to such
16 designation, that party shall notify the designating party in writing as to the specific
17 objections according to the requirements of Civil Local Rule 37.  The parties shall
18 then confer in a good faith effort to resolve their differences (following the
19 procedures outlined in Civil Local Rule 37) and shall, if necessary, agree to the
20 implementation of procedures to orderly advance and promote discovery while
21 maintaining each party's proprietary interest.  Following the parties' pre-filing
22 conference, a party that elects to pursue a challenge to a confidentiality designation
23 may do so according to the requirements of Civil Local Rule 37.

24     14.    Nothing herein is intended in any way to restrict the ability of the
25 receiving party to use Confidential Information produced to it in examining or
26 cross-examining any employee, former employee, agent or expert of the producing
27 party, or any person who authored or was a prior recipient of the Confidential
28 Information; provided such use does not circumvent intentionally or recklessly the

1 provisions and intent of this Protective Order.  Nothing herein shall preclude any
2 attorney for a party from advising his or her client concerning this action, provided
3 that Confidential Information is not disclosed to the client in so doing.
4        15.    Nothing shall prevent disclosure beyond the terms of this Protective
5 Order if the party designating the information as Confidential Information consents,
6 in writing, to such disclosure, or if the Court, after notice to all parties orders such
7 disclosure.  Nothing herein shall impose any restrictions on the use or disclosure by
8 a party of material obtained by such party independent of this action, whether or not
9 such material is also obtained through discovery in this action, or from disclosing
10 its own Confidential Information as it deems appropriate.  This Protective Order
11 shall not restrict the disclosure of material that: (a) is in the public domain at the
12 time of disclosure; (b) becomes part of the public domain after the time of
13 disclosure, through no fault of the receiving party; (c) was received from a third
14 party who was under no obligation of confidentiality to the producing party; or
15 (d) is derived or obtained independently of the disclosure, any of which the
16 receiving party shall have the burden of proving.
17        16.    In the event that any Confidential Information is inadvertently
18 disclosed by a party, or its counsel, to any non-Qualified person as defined herein,
19 the party or its counsel inadvertently disclosing such Confidential Information
20 shall: (i) use its best efforts to obtain immediate return of such Confidential
21 Information and to bind such non-Qualified person to the terms of this Protective
22 Order; (ii) as soon as possible upon discovery of the inadvertent disclosure, and in
23 any event within ten (10) business days of the discovery of such disclosure, inform
24 such non-Qualified person of the provisions of this Protective Order and identify
25 such person to the other party; and (iii) request such person to execute the
26 Confidentiality Statement in the form attached hereto as Exhibit A.  The provisions
27 set forth in this Paragraph 16 shall not prevent either party from applying to the
28 Court for further or additional relief.

12588971.1

Protective Order
Case No. VCV-10-05897 JST

17. In the event that any information is inadvertently disclosed or produced to the other party that should have been withheld subject to any recognized claim of privilege, such inadvertent disclosure or production shall not prejudice such claim or otherwise constitute a waiver of any recognized claim of privilege for such Confidential Information; provided that the party disclosing or producing such Confidential Information promptly makes a good faith representation that such disclosure or production was inadvertent or mistaken and takes prompt remedial action to withdraw such disclosure or production. Within ten (10) business days of receiving a written request to do so from the party disclosing or producing such Confidential Information, the party receiving such documents or tangible items shall return all such documents or tangible items to the other party. The party receiving such documents or tangible items shall also destroy all copies of any such documents or tangible items; provided, however, that this Protective Order shall not preclude the party receiving such documents or tangible items from making a motion to compel production of the returned documents or tangible items, and retaining a summary of notes of the contents of such documents or tangible items for the sole purpose of making a motion to compel. The party producing such documents or tangible items shall retain a copy thereof for further disposition.

18. In the event that responding to a request to produce documents or tangible items would result in a breach of an agreement with a third party, the party to whom such disclosure request is made shall, no less than ten (10) business days prior to the date scheduled for production of such documents or tangible items, provide written notice to such third party that documents or tangible items are subject to a discovery request and provide a copy of this Protective Order. The party to whom such disclosure request is made shall simultaneously provide notice to the other party that: (i) notice was provided to such third party along with a copy of the Protective Order; (ii) identify the type of information being withheld; and

1   (iii) the name and address of such third party.  To the extent permitted to do so
2   under the subject agreement, the party to whom such disclosure request is made
3   shall also simultaneously provide to the other party a copy (redacted if necessary)
4   of the agreement that gives rise to the duty of confidentiality.  The requested
5   information shall not be produced without either the express written consent of such
6   third party or an order from this Court compelling production.

7         19.    A producing party who discovers that it inadvertently failed to
8   designate any document as containing Confidential Information may make a
9   subsequent designation, and from the moment the receiving party receives notice of
10  such subsequent designation, the receiving party shall, subject to Paragraph 13,
11  treat such document as containing Confidential Information, as provided herein.

12        20.    Subject to Paragraphs 16 - 19 above, and any other applicable
13  provisions of this Protective Order, no party shall be responsible to another party
14  for any use made of information, documents, or others materials produced and not
15  designated as Confidential Information; provided that such information, documents,
16  or other materials, on their face or in the context of their disclosure, are not clearly
17  understood to contain Confidential Information or information that is subject to any
18  recognized claim of privilege.

19        21.    Any information produced under this Protective Order shall not be
20  used for any purpose other than in connection with advancing this proceeding.

21        22.    In addition to previous provisions herein relating to Confidential
22  Information disclosed at a deposition, all depositions shall be treated as
23  Confidential Information for a period of twenty (20) business days (hereinafter
24  "Confidentiality Designation Window") after the parties receive a transcript of said
25  deposition, except Qualified Persons listed in Paragraph 3(c) may not receive such
26  Confidential Information during the Confidentiality Designation Window.  During
27  the Confidentiality Designation Window, counsel for any party believing the
28  deposition to contain Confidential Information or Confidential Information - For

Counsel Eyes Only not already designated on the record, shall so designate such portions, by page and line numbers, in a writing served upon counsel for the opposing party. Such designated portions shall be treated in accordance with the provisions herein for said Confidential Information. The Confidentiality Designation Window may be shortened or enlarged by written consent of the parties. After the expiration of the Confidentiality Designation Window, a party who discovers that it inadvertently failed to designate any portions of a deposition as containing Confidential Information or Confidential Information – For Counsel Eyes Only may make a subsequent designation, and from the moment the receiving party receives notice of such subsequent designation, the receiving party shall, subject to Paragraph 13, treat such document as containing Confidential Information, as provided herein.

23. A party who files or intends to file with the Court Confidential Information designated by anyone other than itself shall either:

(a) Seek to have the Confidential Information placed under seal by submitting to the Court a motion to seal pursuant to Civil Local Rule 79-5; or

(b) If the party does not seek to have the record containing such Confidential Information sealed, the submitting party, at least five (5) business days prior to filing or use of the Confidential Information, shall give notice to all other parties, and to any non-party that designated the materials Confidential Information pursuant to this Protective Order, of the submitting party's intention to file or use the Confidential Information, including specific identification of the information intended to be used. Any affected party or non-party may then file a motion to seal pursuant to Civil Local Rule 79-5.

24. With respect to Confidential Information:

(a) In the event that any Confidential Information is used in any Court proceeding in this action prior to the commencement of trial, it shall not by such use lose its confidential status.

12588971.1

- 10 -

Protective Order
Case No. VCV-10-05897 JST

1       (b)     This Protective Order shall be without prejudice to the right of
2   the parties to bring before the Court at any time the question of whether any
3   particular document or information contains Confidential Information or whether its
4   use should be restricted.  Any such request must specifically and in detail identify
5   the document or information at issue.  This Protective Order shall not be deemed to
6   prejudice the parties in any way in any future application for modification of this
7   Protective Order.
8       25.     In connection with a motion to modify this Protective Order, the
9   parties shall not be required to demonstrate a change of circumstances justifying the
10  modification and it is the intention of the parties for the Court to consider that
11  motion *de novo*, *i.e.*, notwithstanding the terms of the original Protective Order
12  executed by the Parties.
13      26.     The designation of any discovery material in accordance with this
14  Protective Order is intended solely to facilitate the preparation for trial of this
15  action, and treatment of such material by counsel of record for named parties in
16  conformity with such designation will not be construed in any way as an admission
17  or agreement by any Party that the designated material constitutes or contains any
18  trade secret or confidential information.
19      27.     Upon written request from the other party received not later than
20  ninety (90) days after the conclusion of the trial and any appeals taken in this
21  proceeding, all originals or reproductions of any documents produced by a party
22  containing Confidential Information shall either be destroyed or returned to the
23  producing party.  A verified statement regarding the destruction of Confidential
24  Information must be provided to the producing party by counsel of the party who
25  destroys the same.  Notwithstanding the foregoing, each party shall be entitled to
26  retain originals or reproductions of any documents produced by a party containing
27  Confidential Information in order to maintain the integrity of its client's files
28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

12588971.1

- 11 -

Protective Order
Case No. VCV-10-05897 JST

relating to this matter, provided that such files remain subject to the confidentiality obligations set forth herein relating to disclosure of such Confidential Information.

28. The parties agree that under no circumstances shall this Protective Order be interpreted or applied in any manner other than in full compliance with Civil Local Rule 79-5.

29. This Protective Order shall be entered without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

**IT IS SO ORDERED.**

Dated: March 16, 2011

MARC L. GOLDMAN, U.S. MAGISTRATE JUDGE