PENNY M. COSTA, (SBN 110373)
costap@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909
Telephone: (424) 204-4331
Facsimile: (424) 204-4350

LYNN E. RZONCA (ADMITTED *PRO HAC VICE*)
rzoncal@ballardspahr.com
KATRINA M. QUICKER (ADMITTED *PRO HAC VICE*)
quickerk@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8990

Attorneys for Plaintiff Graco Children's Products Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Graco Children's Products Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Baby Trend, Inc., <br><br> Defendant. | Case No. 2:10-cv-05897-JST <br><br> **GRACO'S *EX PARTE* APPLICATION TO EXTEND GRACO'S TIME TO OPPOSE BABY TREND'S PENDING MOTION FOR SUMMARY JUDGMENT AND TO CONTINUE THE HEARING DATE OF SAID MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KATRINA M. QUICKER** <br><br> **DATE OF APPLICATION: JUNE 21, 2011** |

Plaintiff Graco Children's Products Inc. ("Graco") hereby submits this *ex parte* Application and moves, pursuant to Local Rule 7-19, and the Court's Initial Standing Order at Paragraph 4, for relief from and continuation of the July 18, 2011 hearing date of Baby Trend, Inc.'s ("Baby Trend") Motion for Summary Judgment ("Motion"). Baby Trend filed its Motion for Summary Judgment at 3:51 PM PST

1

(6:51 p.m. EST) on Friday, June 17, 2011—well after the close of business for Graco. It set the hearing date for Monday, July 18, 2011—leaving Graco only <u>five</u> business days to prepare and file its Opposition. In doing so, Baby Trend provided only the minimum notice necessary, disregarding this Court's clear request stated in its Initial Standing Order at Section 11(c), that whenever possible a summary judgment movant provide <u>more than</u> the minimum 28-day notice for motions. Graco respectfully requests the Court provide a sixty-day extension of time, resetting the hearing date for Monday, September 16, 2011.

     Good cause exists for the granting for this application. In addition to only providing five business days to respond, Baby Trend also ignored the fact that discovery in this design patent infringement case has only just commenced. In fact, each side has propounded only its first set of interrogatories and document requests. No depositions have been taken, or even noticed. No experts have been identified or reports exchanged.

     Indeed, Baby Trend has not substantively responded to Graco's discovery requests. For example, of the 16 interrogatories Graco served, Baby Trend only partially answered two. Indeed, Graco informed Baby Trend on a telephone conference call on May 5, 2011 that Graco believed Baby Trend's discovery responses were incomplete and a letter detailing Graco's position would be forthcoming. Baby Trend produced additional documents on June 3, 2011. Nevertheless, on June 15, Graco sent its detailed letter under Local Rule 37-1. There are still over two months left in the discovery period, which is set to close on August 29, 2011. (Dkt. No. 34.)

     In addition, Graco's counsel has just finished a four-week trial and has imminent deadlines for the filing of post-trial findings of fact and conclusions of law. When Graco requested an extension in light of these deadlines (as well as the ongoing and incomplete status of discovery), Baby Trend refused.

1  There is no justification for setting the hearing date on its Motion for
2  Summary Judgment without adequate time for discovery or for Graco to prepare an
3  appropriate response. Accordingly, Graco requests that the hearing date on Baby
4  Trend's Motion for Summary Judgment be continued for an additional period of
5  sixty (60) days to allow the parties to take discovery that will provide the Court
6  with a full factual record before it takes up the Motion for Summary Judgment.
7  An immediate extension is requested to prevent the undue, irreparably prejudicial
8  and harmful effect arising from the shortened time that Graco has to oppose Baby
9  Trend's Motion.
10  This *ex parte* Application is based on this Application, the Memorandum of
11  Points and Authorities filed in support thereof, the Declaration of Katrina M.
12  Quicker ("Quicker Decl.") attached hereto, the pleadings in this matter, and such
13  other further oral or written evidence that may be presented at the time of any
14  hearing on the matter, if necessary.
15  Pursuant to Local Rule of Court, Rule 7-3, this Application is made
16  following the conference of counsel on or about Monday, June 20, 2011. (Quicker
17  Decl.)

18  DATED: June 21, 2011            BALLARD SPAHR LLP

                                    s/ Penny M. Costa
                                    ─────────────────────────────
                                    Penny M. Costa
                                    2029 Century Park East, Suite 800
                                    Los Angeles, California 90067
                                    Telephone: (424) 204-4400
                                    Facsimile: (424) 204-4350
                                    Email:   costap@ballardspahr.com

                                    and

                                    Lynn E. Rzonca (admitted *pro hac vice*)
                                    Katrina M. Quicker (admitted *pro hac vice*)
                                    Ballard Spahr LLP
                                    1735 Market Street, 51st Floor
                                    Philadelphia, PA 19103-7599
                                    Telephone: (215) 665-8500
                                    Facsimile: (215) 864-8999

GRACO'S *EX PARTE* APPLICATION TO EXTEND GRACO'S TIME TO OPPOSE BABY
TREND'S PENDING MOTION FOR SUMMARY JUDGMENT

E-mail: rzoncal@ballardspahr.com
quickerk@ballardspahr.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

Graco's opposition to Baby Trend's Motion for Summary Judgment is currently due on Monday, June 27 and the hearing is currently scheduled for July 17, 2011. It would be a waste of judicial and party resources to proceed without a complete and factual record. Moreover, Graco would be unjustifiably harmed if required to respond to the Motion in only five business days.

**GOOD CAUSE EXISTS TO GRANT EX PARTE RELIEF**

Fed. R. Civ. P. 6(b) states in pertinent part that "the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Graco hereby applies to the Court *ex parte* upon good cause to prevent undue, inequitable, irreparable prejudice and harm to Graco for an Order granting a continuance of and/or extending time for the hearing of Baby Trend's Motion set on July 18, 2011 until and for hearing on September 16, 2011. This Application is made before the Opposition is due.

A moving party seeking *ex parte* relief must (1) show that it will be irreparably harmed if the motion is heard in accordance with the regular notice procedures and (2) establish that the moving party is without fault in creating the crisis or that the crisis occurred as a result of excusable neglect. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1985). Both of those requirements are met here.

**Graco Will Be Irreparably Harmed Without The Extension**

The current discovery deadline provides an additional **70** days of fact and expert discovery. Rule 56 contemplates that the opposing party have a sufficient opportunity to discover information essential to its position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Any adverse party to a motion for summary judgment may not rest upon the mere allegations or denials of his or

GRACO'S *EX PARTE* APPLICATION TO EXTEND GRACO'S TIME TO OPPOSE BABY TREND'S PENDING MOTION FOR SUMMARY JUDGMENT

her pleadings; rather the party must present admissible evidence showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e)(2). And, the opposition evidence must consist of declarations, admissions, **evidence obtained through discovery**, and matters judicially-noticed. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Even in the absence of a court-set deadline, a motion for summary judgment is "inappropriate" on the eve of trial if it leaves the opposing party without sufficient time for opposition. *Kennedy v. City of Cleveland*, 797 F.2d 297, 301 n. 6 (6th Cir. 1986) (collecting cases). While we are not on the eve of trial, we are on the eve of an arbitrarily-set motion for summary judgment hearing date scheduled in the middle of discovery. Because Baby Trend's counsel has refused an extension, this application requests the Court's intervention.

Irreparable harm will occur if this matter is not heard *ex parte* because there is not adequate time for the Court to rule upon a noticed motion before the impending deadline of June 27, 2011 for Graco's Opposition to Baby Trend's Motion. And under the Motion's hearing date presently set by Baby Trend, Graco does not have enough time to prepare an appropriate response.

### Moving Party Is Without Fault In Creating Crisis

Based on the hearing date that Baby Trend unilaterally set, Graco would be required to prepare and file its summary judgment opposition in **five business days**. In setting the hearing date, Baby Trend disregarded this Court's admonition at page 9:11-13 of its Initial Standing Order that parties moving for summary judgment should provide more than the minimum twenty-eight day notice.

Baby Trend waited until late afternoon on Friday to serve its papers—after the close of business for Graco. On that same night, Baby Trend filed a similar motion in the co-pending patent infringement litigation (different patents at issue) brought by Graco at the International Trade Commission. Because Baby Trend's counsel for this proceeding is the same as its counsel at the ITC, Baby Trend was

2

well aware of the parties' mandatory in-person ITC settlement conference in Washington, D.C. yesterday, Monday, June 20, 2011. Consequently, Graco has been afforded even less time to prepare its opposition to Baby Trend's Motion.

Importantly, Graco would be forced to file its opposition without the benefit of discovery in this case. The Federal Circuit has made clear that the "ordinary observer" test is the sole test for determining whether a design patent has been infringed. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). Infringement in a design patent case is a question of fact that the patentee must prove by a preponderance of the evidence. *L.A. Gear v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed.Cir.1993). Given that factual issues will preclude the grant of summary judgment, it would waste valuable resources for Graco to brief and for the Court to consider and decide a motion for summary judgment based on a record that now stands empty. Only *ex parte* relief—a sixty-day continuance of the hearing date—will allow the Court and the parties to avoid such waste.

## **NOTICE**

Pursuant to Local Rule 7-19.1, it shall be the duty of the attorney so applying for *ex parte* relief "(a) to make a good faith effort to advise counsel for all other parties, if known, of the date, time and substance of the proposed *ex parte* application and (b) to advise the Court in writing of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application or has requested to be present when the application is presented to the Court." Graco has timely provided sufficient *ex parte* notice to Baby Trend.

The undersigned counsel has advised counsel for Baby Trend that such an *ex parte* request will be made to this Court. Baby Trend's counsel indicated it would not agree to the application unless Graco specified the facts needed for Graco's opposition to the Motion. Although Graco identified at least the interrogatories and documents requests included in the June 15, 2011 letter as facts necessary to oppose

3

the Motion, Baby Trend refused the extension of time. Graco has not sought or obtained any previous continuances and/or extensions of time for the hearing of Baby Trend's Motion.

As established in the attached Declaration of attorney Katrina M. Quicker, Baby Trend filed its Motion on Friday, June 17 at almost 4 PM PST (after the close of business for Graco's counsel in Atlanta), and it set the hearing date such that Graco would have only one business week to respond. On Monday, June 20, Graco's counsel immediately contacted Baby Trend's counsel, by email and by telephone, to request an extension. Baby Trend's counsel refused to agree, and demanded that Graco identify what facts it considered "essential" to preparing an opposition. The same day, Graco notified Baby Trend's counsel by email sent at 4:08 PM PST that Graco would be filing an ex parte Application today seeking a sixty (60) day extension of the summary judgment hearing date, so as to allow for discovery and allow Graco sufficient time to prepare its Opposition. Counsel for Baby Trend responded by email later that day, at 5:41 PM PST, repeating her demand that Graco identify "essential facts" before Baby Trend would consider the request, and "as it stands," Baby Trend opposed the Application. A copy of the email exchange between counsel for Graco and counsel for Baby Trend regarding this Application is attached as Exhibit 1 to the Declaration of Katrina M. Quicker.

Baby Trend's demand that Graco specify the essential facts it needs in discovery is unsupported by the law. In *Z-Line Designs, Inc. v. Planet 3, LLC*, 09-01153, 2009 WL 2710122, *2 (N.D. Cal. Aug. 25, 2009), the Court, in denying a Motion for Summary Judgment, held:

> In the instant case, defendant argues that plaintiff has not identified the additional facts and discovery it needs with the specificity required by the rule. This argument is unpersuasive considering defendant's failure to timely produce discovery and the short amount of time for discovery that has been provided.

Noting that the case had been pending for only 5 months, and just over 1,000 pages of documents produced, the Court continued, "it is both fair and reasonable for plaintiff to be allowed, at this early stage, some time to digest the additional discovery and determine what further discovery it might need to propound." *Id.* Like *Z-Line,* Graco should be afforded further discovery and additional time to digest that discovery.

Graco served counsel for Baby Trend by email and U.S. mail with a copy of this Application at or about 2:45 PM PST today.

## CONCLUSION

Good cause exists to grant this *ex parte* Application. Neither party will be prejudiced by a sixty-day continuance of the summary judgment hearing date, especially in view of the fact that discovery in this matter has only just commenced. Indeed, pursuant to this Court's Scheduling Order, discovery will continue for over two more months. During that time, the factual record will be developed. Once that record is developed, Graco will be in a position to establish the fact issues that warrant the denial of Baby Trend's motion.

A sixty-day continuance will also serve the interests of the Court, by providing for the efficient administration of this case. On the other hand, if the continuance is not granted, the Court and the parties will be put to the burden and expense of briefing and arguing a summary judgment motion on a premature record. Based on the foregoing, Graco respectfully requests that the Court issue an order extending by sixty (60) days the hearing on Baby Trend's Motion for Summary Judgment, to September 16, 2011.

DATED: June 21, 2011                BALLARD SPAHR LLP

                                                        s/ Penny M. Costa
                                                        Penny M. Costa
                                                        2029 Century Park East, Suite 800
                                                        Los Angeles, California 90067

5

GRACO'S *EX PARTE* APPLICATION TO EXTEND GRACO'S TIME TO OPPOSE BABY TREND'S PENDING MOTION FOR SUMMARY JUDGMENT

```
 1            Telephone: (424) 204-4400
              Facsimile: (424) 204-4350
 2            Email:    costap@ballardspahr.com

 3                      and

 4            Lynn E. Rzonca (admitted pro hac vice)
              Katrina M. Quicker (admitted pro hac vice)
 5            Ballard Spahr LLP
              1735 Market Street, 51st Floor
 6            Philadelphia, PA 19103-7599
              Telephone: (215) 665-8500
 7            Facsimile: (215) 864-8999
              E-mail:   rzoncal@ballardspahr.com
 8
                        quickerk@ballardspahr.com
 9
10
11
...
28
                              6
   GRACO'S EX PARTE APPLICATION TO EXTEND GRACO'S TIME TO OPPOSE BABY
        TREND'S PENDING MOTION FOR SUMMARY JUDGMENT
```

## DECLARATION OF KATRINA M. QUICKER

1. I am an attorney licensed to practice in the State of Georgia and am admitted to practice before this Court. The facts stated in this declaration are based on my own personal knowledge and/or are a matter of public record, and, if called upon, I could competently testify as to them.

2. This is a design patent infringement case. Discovery in this case has only recently commenced. Graco served Baby Trend with a first set of document requests and interrogatories on January 31, 2011. Graco subsequently granted Baby Trend a one-month extension of time to respond. Although Baby Trend provided responses on April 6, it has not yet provided full substantive answers to this discovery. For example, of the 16 interrogatories Graco served, Baby Trend only partially answered two, objecting to the other 14. Similarly, Graco served 41 separate document requests. Despite selling at least 40 different models of playards, Baby Trend produced only 146 documents in its first production. The second production on June 3, 2011 included 1,199 documents, but were not produced in the electronic format in which the parties agreed.

3. On May 5, 2011, by telephone, Graco informed Baby Trend that Graco believed Baby Trend's discovery responses were incomplete and a letter detailing Graco's position would be forthcoming. Baby Trend subsequently produced additional documents on June 3. Nevertheless, on June 15, Graco sent a discovery deficiency letter to Baby Trend, requesting a telephone conference call to discuss. On June 20, when I called Baby Trend's counsel to discuss Graco's requested extension of the hearing date, Baby Trend's counsel informed me that she would find a time later this week to discuss the outstanding discovery issues identified in the letter. The ten-day deadline for the meet-and-confer is June 25. The parties are in the process of scheduling a meet and confer to attempt to resolve the discovery issues without court intervention.

4. There are 70 days left in the discovery period.

1

GRACO'S *EX PARTE* APPLICATION TO EXTEND GRACO'S TIME TO OPPOSE BABY TREND'S PENDING MOTION FOR SUMMARY JUDGMENT

5.  Discovery is not set to close until August 29, 2011.

6.  No depositions have yet been taken or scheduled.

7.  No experts have yet been identified.

8.  I recently completed a four-week trial in another jurisdiction. The court ordered the parties to submit post-trial findings of fact and conclusions of law on July 15, 2011 and responses thereto on July 22.

9.  On May 24, 2011, Baby Trend's counsel contacted me and requested a telephone conference call to discuss Baby Trend's potential Motion for Summary Judgment. As to the basis for the motion, she stated only that it was based upon a patent owned by a third party and proceedings before the Patent Office regarding that patent, to which Graco was not a party. While Baby Trend provided the third-party patent number, at that time she did not provide me with a copy of the third-party patent file history on which Baby Trend intended to rely.

10. On June 3, 2011, Baby Trend provided a copy of the third-party patent file history to which Graco was not a party.

11. Fourteen days later, Baby Trend filed its Motion for Summary Judgment. The electronic notice of such filing appeared in my email inbox after the close of business, at 6:51 EST, on Friday, June 17.

12. When I reviewed the filing, I saw that Baby Trend's counsel had set the motion hearing date for July 18, 2011. Based on that date, Graco would be required to file its Opposition to Motion for Summary Judgment on June 27. That deadline would provide Graco only five business days to prepare its Opposition to the Summary Judgment Motion.

13. I checked this Court's Standing Order and confirmed that Paragraph 11(c) requested that a party wishing to file a motion for summary judgment should, whenever possible, provide more than the minimum twenty-eight day notice for motions. To my knowledge there is no discernable reason for Baby Trend to have failed to follow this procedure in setting the hearing date for the summary judgment

motion, other than to attempt to bring pressure on Graco in this and a concurrent International Trade Commission proceeding now pending between the parties.

14. Yesterday I contacted counsel for Baby Trend to seek a continuance of the summary judgment motion. As shown by the email communications attached to my Declaration as Exhibit 1, I emailed Ms. Mallgrave at 7:34 AM PST on June 20, 2011. That same day, Ms. Mallgrave responded at 11:22 AM PST stating that she was available "anytime after 1 pm PST." I telephoned Ms. Mallgrave at approximately 2:51 PM PST. I explained that I had just completed a four-week trial and had upcoming deadlines for post-trial findings of fact and conclusions of law. I also noted that there had been virtually no discovery in our case and it did not make practical sense to brief a summary judgment motion without any factual record, especially because the ordinary observed test involves questions of fact. I explained that Graco was not a party to the third-party patent proceedings, that the file history was never provided to us until June 3, and that the third-party patent proceeding decision was not binding authority. I reiterated that there were still issues with the responses Baby Trend provided to Graco's first set of requests, as the June 15 letter indicates. Finally, I explained that depositions would be important in responding to the Motion for Summary Judgment.

15. Ms. Mallgrave said she would not agree to a continuance. She also demanded I specify what additional discovery I felt was needed for Graco to respond to the summary judgment motion. I told that her that in view of the ten-day deadline she had attempted to impose on Graco's opposition, I would be filing a motion for an extension.

16. At 4:08 PM PST on June 20, 2011, I emailed Ms. Mallgrave to specify that in view of the impending deadline, I would be filing an *ex parte* Application with this Court. I asked her to let me know as soon as possible whether she opposed our request. By 5:41 PM PST of the same day, Ms. Mallgrave responded that unless I specify the facts that I need that are essential to responding the Motion for

3
GRACO'S *EX PARTE* APPLICATION TO EXTEND GRACO'S TIME TO OPPOSE BABY TREND'S PENDING MOTION FOR SUMMARY JUDGMENT

Summary Judgment, Baby Trend will oppose this Application. A true and correct copy of the email exchange with Ms. Mallgrave is attached hereto as Exhibit 1.

17. Given that virtually no fact discovery has yet been taken in this case, and given that the question of design patent infringement is one of fact, no purpose would be served by requiring Graco to file its Opposition on June 27, 2011, months before the scheduled close of discovery.

18. The requested continuance is necessary to avoid the wasteful expenditure of time and money that will otherwise be spent by the parties and Court on the Motion for Summary Judgment without the benefit of a factual record.

19. Irreparable harm will occur if this matter is not heard *ex parte* because adequate time does not exist for the Court to rule upon a regularly noticed motion prior to the June 27, 2011 deadline for Graco's Opposition to the summary judgment filing. Under the hearing date set unilaterally by Baby Trend, Graco would be required to prepare its Opposition in only one business week, in contravention of this Court's Standing Order and without the benefit of a developed factual record.

20. Good cause exists to grant this Application. Neither party will be prejudiced by a sixty-day extension of the summary judgment hearing date, and Graco will be severely prejudiced if such relief is not granted. A sixty-day extension will serve the interests of the Court as well, by providing for the efficient administration of the case. On the other hand, if the request for the extension is not granted, both parties will be put to considerable burden and expense in preparing and opposing summary judgment motions that will most likely be mooted.

21. Graco served Baby Trend with a copy of this Application by e-mail and U.S. Mail at or about 2:45 PM PST today.

22. Accordingly, Graco hereby seeks an order extending the summary judgment hearing date by sixty (60) days, until September 18, 2011.

23. The undersigned hereby certifies that the Application for Order Extending Graco's Time To Oppose Baby Trend's Pending Motion For Summary

4

1 Judgment and to Continue the Hearing Date of Said Motion is made in good faith
2 and for good cause.
3     I declare under penalty of perjury under the laws of the State of California
4 and/or the United States that the foregoing is true and correct and that this
5 declaration was executed on June 21, 2011 in Los Angeles, California.

_s/ Katrina M. Quicker_<br>
Katrina M. Quicker

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909. On **June 21, 2011**, I served the within documents:

**GRACO'S *EX PARTE* APPLICATION TO EXTEND GRACO'S TIME TO OPPOSE BABY TREND'S PENDING MOTION FOR SUMMARY JUDGMENT AND TO CONTINUE THE HEARING DATE OF SAID MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KATRINA M. QUICKER**

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below:

> J. RICK TACHÉ
> **Snell & Wilmer**
> Plaza Tower
> 600 Anton Blvd #1400
> Costa Mesa, CA 92626-7689

☒ **BY EMAIL**: I electronically filed a true and correct copy of the Plaintiff's Answer to Debtor/Defendant Baby Trend Inc.'s Counterclaims through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

- **Deborah S Mallgrave**
  dmallgrave@swlaw.com,dmwilliams@swlaw.com
- **Michael B Reynolds**
  mreynolds@swlaw.com
- **Jasmin Yang**
  jyang@swlaw.com,kcollins@swlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **June 21, 2011**, at Los Angeles, California.

          /s/ Lisa Kwon

DMEAST #13806676 v1

EXHIBIT 1

## Quicker, Katrina M. (Atlanta)

**From:** Mallgrave, Deb [dmallgrave@swlaw.com]
**Sent:** Monday, June 20, 2011 8:41 PM
**To:** Quicker, Katrina M. (Atlanta)
**Cc:** Andrews, Cecilia M. (Atlanta); Grier, Jason P. (Atlanta); Tache, Rick
**Subject:** RE: Graco MSJ Extension of Time

Katrina:

As I indicated in our call, if you can specify the facts that you need from Baby Trend that are essential to Graco's opposition to the motion for summary judgment, we will consider your request for an extension of time. Without such information, however, Baby Trend will not agree to an extension of time. As it stands, Baby Trend will oppose Graco's ex parte application.

Regards,

Deb


Deborah S. Mallgrave
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
714-427-7431 Telephone
714-427-7799 Facsimile
dmallgrave@swlaw.com

This transmission is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify this firm immediately by collect call (714) 427-7431, or by reply to this transmission. Snell & Wilmer, 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

---

**From:** Quicker, Katrina M. (Atlanta) [mailto:quickerk@ballardspahr.com]
**Sent:** Monday, June 20, 2011 4:08 PM
**To:** Mallgrave, Deb
**Cc:** Andrews, Cecilia M. (Atlanta); Grier, Jason P. (Atlanta)
**Subject:** RE: Graco MSJ Extension of Time

Deb:

From our call earlier today, I understand that you will not afford us an extension of time in which to respond to the motion for summary judgment. As I indicated, we will therefore need to ask the Court for such an extension. I understand from the Court's Standing Order that an Ex Parte Application is the proper procedural avenue to make our request. Please let us know as soon as possible if you will oppose our request.

Best regards,
Katrina

---

6/21/2011

**From:** Mallgrave, Deb [mailto:dmallgrave@swlaw.com]
**Sent:** Monday, June 20, 2011 2:22 PM
**To:** Quicker, Katrina M. (Atlanta)
**Cc:** Andrews, Cecilia M. (Atlanta); Grier, Jason P. (Atlanta)
**Subject:** RE: Graco MSJ Extension of Time

Katrina,

I'm available anytime after 1pm PST, or tomorrow after 8:30am. Let me know your preferred time.

Regards,

Deb


Deborah S. Mallgrave
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
714-427-7431 Telephone
714-427-7799 Facsimile
dmallgrave@swlaw.com

This transmission is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify this firm immediately by collect call (714) 427-7431, or by reply to this transmission. Snell & Wilmer, 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.


**From:** Quicker, Katrina M. (Atlanta) [mailto:quickerk@ballardspahr.com]
**Sent:** Monday, June 20, 2011 10:34 AM
**To:** Mallgrave, Deb
**Cc:** Andrews, Cecilia M. (Atlanta); Grier, Jason P. (Atlanta)
**Subject:** Graco MSJ Extension of Time

Deb:

I would like to have a short call to request an extension of time to respond to the motion for summary judgment. Please let me know a convenient time to discuss this with you.

Best regards,
Katrina


**Katrina M. Quicker**
Partner - Atlanta Office
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Phone: 678.420.9300
Fax: 678.420.9301
quickerk@ballardspahr.com | www.ballardspahr.com


6/21/2011

CONFIDENTIALITY NOTICE: This e-mail message and any attachments are intended solely for the indicated recipient and may contain confidential and attorney-client privileged information. If you received this message in error, please delete it and all copies, and notify the sender by return e-mail or by calling (678-420-9300).

6/21/2011