1 | Michael B. Reynolds (#174534)
  | mreynolds@swlaw.com
2 | J. Rick Taché (#195100)
  | rtache@swlaw.com
3 | Deborah S. Mallgrave (#198603)
  | dmallgrave@swlaw.com
4 | SNELL & WILMER L.L.P.
  | 600 Anton Boulevard, Suite 1400
5 | Costa Mesa, California 92626-7689
  | Telephone: (714) 427-7000
6 | Facsimile: (714) 427-7799

Attorneys for Baby Trend, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| In re:<br>BABY TREND, INC.,<br>     Reorganized Debtor. | Bankruptcy Case No. 6:09-bk-34090 CB<br>Chapter 11 Case |
| GRACO CHILDREN'S PRODUCTS INC.,<br>     Plaintiff,<br>vs.<br>BABY TREND, INC.,<br>     Defendant. | CASE NO. 2:10-CV-05897 JST<br>Hon. Josephine S. Tucker<br>Ctrm 10A<br>**Defendant Baby Trend, Inc.'s Opposition to Graco Children's Products, Inc.'s *Ex Parte* Application to Extend Graco's Time to Oppose Baby Trend's Pending Motion for Summary Judgment and to Continue the Hearing Date of Said Motion; and Declaration of Deborah S. Mallgrave**<br>**[Date of Application June 21, 2011]** |

13277750

## MEMORANDUM OF POINTS AND AUTHORITIES

Baby Trend, Inc. ("Baby Trend") filed its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("Motion"), on June 17, 2011. The Motion involves a narrow issue of non-infringement relating to the principal element claimed by the patent at issue, the covered leg of a playard. Despite the narrow issue presented by the Motion, Graco now seeks to extend its time to respond to the Motion *sixty days* without articulating the specific facts it seeks to discover during this time that relate to the issue presented by the Motion. In so doing, Graco ignores the applicable standard for obtaining an extension of time for an opposition to a motion for summary judgment set forth by Federal Rule of Civil Procedure 56(d). Under Rule 56(d), to justify the additional time requested for its opposition, Graco must specifically identify the discovery and/or facts it needs that are essential to its opposition. Without even trying to meet its burden, Graco instead argues that it is entitled to the full time allotted for discovery to prepare its opposition. This is not the law, and Graco is not entitled to forestall a properly noticed Motion on this ground.

In addition to requesting additional time to conduct general discovery, Graco argues it needs the additional time requested so as to be given ample notice of the Motion and that Graco's counsel's is busy on other matters. These factors do not justify the additional *sixty days* requested. Graco was given advance notice of the Motion through the parties' pre-filing meet and confer at the end of May and was also provided the Motion itself in advance of the time required by the rules. Further, counsel's busy calendar does not warrant the lengthy extension requested.

Accordingly, Baby Trend respectfully requests that the Court deny Graco's *Ex Parte* Application to extend its time to respond to Baby Trend's motion for summary judgment.

13277750

- 2 -

Opposition to Graco's *Ex Parte* Application to
Extend Time to Oppose MSJ and Continue Hearing
No. 2:10-CV-05897 JST

# I.

## GRACO IGNORES THE APPLICABLE STANDARD FOR OBTAINING THE RELIEF IT SEEKS

Graco alleges that Baby Trend's Motion is premature and seeks additional time to conduct discovery to oppose the Motion. With its request, however, Graco fails to specifically indentify any facts that it needs from discovery that are essential to its opposition, as required by Federal Rule of Civil Procedure 56(d).

Under Rule 56(d), the court may continue a summary judgment hearing to allow additional time to obtain affidavits or take discovery if the opposing party presents affidavits or declarations showing specific reasons why "it cannot present facts essential to justify its opposition."[1] Fed. R. Civ. Pro. 56(d). The opposing party's declaration must show: (1) facts indicating likelihood that controverting evidence exists as to a material fact; (2) specific reasons why such evidence was not discovered or obtained earlier in the proceedings; (3) the steps or procedures by which the opposing party proposes to obtain such evidence within a reasonable time; and (4) an explanation of how those facts will suffice to defeat the pending summary judgment motion. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006); *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006); *see Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009) ("bare allegations or vague assertions of the need for discovery are not enough under [former] Rule 56(f)."). If these facts are missing, the request should be denied. *See Keebler Co. v. Murray Bakery Products*, 866 F.2d 1386, 1387 (Fed. Cir. 1989) (generalized statement that certain information necessary to prepare a response is solely in the possession of moving party held insufficient); *Moss v. United States Secret Service*, 572 F.3d 962,

---

[1] This is the same language that Baby Trend's counsel used with Graco during their meet and confer on Graco's request for an extension of time. [Docket 44, Ex. 1 (Mallgrave E-mail June 20, 2011) ("As I indicated in our call, if you can specify the facts that you need from Baby Trend that are *essential* to Graco's opposition to the motion for summary judgment, we will consider your request for an extension of time") (emphasis added).

1 | 966, fn. 3 (9th Cir. 2009).

2 |     Here, Graco's extension request does not even identify the proper standard, much less try to meet it.[2] Graco simply does not explain or identify, among other required items, facts suggesting that contrary evidence exists *as to a material fact* presented in the Motion or how such alleged facts would defeat the pending Motion. Indeed, contrary to stated law, Graco contends that it need only show that it has not yet completed its general discovery and that Baby Trend's request for a more specific identification of the facts Graco needs is not supported by the law. [Docket No. 44, p. 4 (*Ex Parte* Application).] The one case relied on by Graco, however, does not so hold. [*Id.*, citing *Z-Line Designs, Inc. v. Planet 3, LLC*, 2009 U.S. Dist. LEXIS 75561 (N.D. Cal. Aug. 24, 2009).]

    In *Z-Line Designs*, plaintiff sought additional time to respond to a summary judgment motion concerning the invalidity of the patents when, despite a court-ordered deadline for conducting discovery as to validity only, defendant produced additional documents relating to validity after the cut-off. *Z-Line Designs*, *supra*, 2009 U.S. Dist. LEXIS 75561 at *7-8. Based on these facts, where the court had given the parties a narrow window of less than two months to conduct discovery as to validity of the patents, the court held plaintiff was entitled to additional time to digest and discover additional information relating to the late-produced documents—documents specifically relating to the summary judgment motion. *Id*. The language quoted by Graco in its *ex parte* application—the "short amount of time" allowed for discovery—refers not to a typical discovery period lasting, as here, 8 months, but a narrow window of time (less than two months) that the Court had given the parties to conduct discovery on the specific facts at issue in the summary judgment motion. *Id.*

---

[2] Ignoring the standard that does apply, Graco instead advocates for the application of Federal Rule of Civil Procedure 6(b)'s good cause standard for a general extension of time. On a motion for summary judgment, however, the more stringent Rule 56(d) standard applies for extensions of time.

1    Accordingly, as Graco failed to meet the Rule 56(d) standards for additional
2    time to conduct discovery before a hearing or a summary judgment motion, Graco's
3    *Ex Parte* Application should be denied.

## II.

## FAILING TO MEET THE RULE 56(D) STANDARD, GRACO HAS NOT OTHERWISE SHOWN GOOD CAUSE FOR AN EXTENSION OF TIME

### A.  Discovery Has Been On-Going Since January 2011

Graco argues that discovery is just beginning. The facts of this case and the discovery timeline itself belie this assertion. The discovery phase in this matter began in early January 2011 and is scheduled to close at the end of August 2011.[3] Discovery has been ongoing for almost 6 months and is set to close in 2 months. Rather than beginning discovery, the parties are now actually two-thirds of the way through this phase of the case.

Despite the length of time to conduct discovery, Graco has served one set of interrogatories and requests for production of documents. [Declaration of Deborah S. Mallgrave in Support of Baby Trend's Opposition ("Mallgrave Decl."), ¶ 3.] While Baby Trend timely served its responses to Graco's requests on April 6, 2011, Graco waited until June 15—over two months later—to send a meet and confer letter identifying its concerns with Baby Trend's responses. [Id.] That Graco sat on his hands for the first two-thirds of the discovery phase should not inure to Baby Trend's prejudice. Baby Trend should not have to wait for Graco to complete its general discovery relating to all issues in the case before the court hears its Motion, relating to a narrow and discrete issue in the case. Such an unjustifiable delay will only cause Baby Trend to incur additional attorneys' fees and costs in defense of a litigation that is ripe for summary determination.

What is more, based on Graco's logic, no dispositive motion could be filed

---

[3] The parties filed their Joint Rule 26(f) Report on December 27, 2010 [Docket No. 31], and Baby Trend properly sent its first set of written discovery to Graco on January 5, 2011.

before the close of discovery. This is not the rule. *See* Fed. R. Civ. Pro. 56(b) (unless a local rule or court order provides otherwise, a motion for summary judgment may be made *at any time* until 30 days after the close of discovery) (emphasis added). When a case can be dismissed based on a narrow issue, that issue should be heard at the earliest possible time to prevent a waste of judicial resources and the time, money, and energy of the parties in pursuing or defending litigation that can and should be resolved. *See Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972) ("The very purpose of Rule 56 is to eliminate a trial in such cases where a trial is unnecessary and results in delay and expense.") Further, this Court's Initial Standing Order states that "[p]arties need not wait until the motion cutoff date to bring motions for summary judgment or partial summary judgment." [Docket 7, p. 8 (Initial Standing Order).]

Further, while Graco claims the record is empty, it is not so. Baby Trend produced over 2,000 documents in response to Graco's discovery requests, including pictures of the accused products and all of Baby Trend's playards, Baby Trend catalogs, competitors' catalogs, prior art, sales presentation books, manufacturing specifications sheets, marketing materials, product manuals, and more.[4] [Mallgrave Decl., ¶ 4.] Baby Trend has also made sample playards available at its offices, but Graco has not yet sought to inspect the items. [*Id.*]

Moreover, as is clear from the Motion itself, the Motion covers only a narrow issue—that no infringement exists because the one patent at issue claims the design for the *covered* legs of a playard and Baby Trend's playards do not have covered legs. [Docket No. 43, Motion, pp. 10-14.] As identified in the Separate Statement of Uncontroverted Facts, there are only 18 facts pertaining to the requested determination, and 4 of the stated facts come directly from the patent and 12 others

---

[4] Baby Trend objected to Graco's First Set of Interrogatories because the number of interrogatories served far exceeded the permissible limit of 25 interrogatories; *see also Collaboration Properties v. Polycom Inc.* (N.D. CA) 224 F.R.D. 473, 475 (single interrogatory seeking information about 26 separate products in a patent case held to contain 26 discrete subparts).

1  identify the eleven accused playards. [Docket No. 43-2.] [5] As is the case with
2  summary judgment motions, if this discrete set of facts are undisputed, then, as a
3  matter of law, Baby Trend is entitled to summary judgment. As discussed in
4  Section A, *supra*, if Graco believes other facts are necessary to a determination of
5  the Motion, or that it must discover other such facts, it is incumbent upon Graco to
6  specifically identify those facts. *Tatum v. City & County of San Francisco*, 441
7  F.3d 1090, 1101 (9th Cir. 2006); *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir.
8  2006); *see Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009).

**B.    Graco Had Ample Notice of the Issues**

The Federal Rules require that any motion, including a motion for summary judgment, be served at least 14 days before the time set for hearing. Fed. R. Civ. Pro. 6(c)(1). The Central District of California requires a notice of motion to be served at least 28 days before the hearing. C.D. Cal. Rule 6-1.

Baby Trend complied with the rules, and filed and served its Motion as soon it was completed on June 17, 2011. Based on this filing date, Graco had 30 days notice. Graco's complaint that it did not receive the Motion until after close of business on the East Coast lacks merit. The Motion was filed and served on all of Graco's counsel, including counsel located in Los Angeles, before close of business in California. [6]

Graco's further complaint that representatives of the client were present at an International Trade Commission (ITC) settlement conference three days after Baby Trend filed its Motion is irrelevant. [Docket 44, pp. 2-3 (Ex Parte Application).] Claiming that the client was occupied and could not review the Motion (for a brief period of time) ignores the reality of the situation, which is that the attorneys, not

---

[5] The main argument section of the Motion itself is only 5 pages and includes a. [Docket No. 43, Motion, pp. 10-14.]
[6] The fact that Graco also has counsel outside of California (though notably from the same firm), is an issue that should be addressed internally by Graco and it is not Baby Trend's burden to complete filings before the close of business on the East Coast.

1  the clients, will prepare the opposition.  Notably, the ITC conference would not
2  have impacted Graco's counsel in this case, as Graco is represented by separate
3  counsel in the ITC proceeding.[7]  As such, the ITC proceeding has no bearing on
4  opposing counsel's ability to proceed in this matter.

5       In addition, Graco's counsel was given notice of the discrete issue contained
6  in the Motion during the parties' pre-filing meet and confer held on May 26, 2011.
7  [Mallgrave Decl., ¶ 5.]  During that conference, Baby Trend's counsel specifically
8  identified the issue to be addressed by the motion—that Baby Trend's accused
9  products did not infringe the patent at issue because the patent claims the design for
10 the *covered* legs of a playard and the accused products do not have covered legs.
11 [*Id*.]  Baby Trend further directed Graco's counsel to a Board of Patent Appeals
12 decision that supported Baby Trend's position, and provided her with the number
13 for that patent.  [*Id*.]  That Graco's counsel chose to ignore this information and
14 wait for service of the Motion is a delay of Graco's own doing and does not now
15 entitle Graco to an additional sixty days to respond.

16 **C.    Counsel's Press of Business Is Not an Accepted Reason for a Continuance**
17 **Under Rule 56(D)**

18      Graco further argues that the extension is necessary as Graco's counsel "has
19 just finished a four-week trial and has imminent deadlines for the filing of post-trial
20 finding of fact and conclusions of law."  [Docket 44, p. 2 (Ex Parte Application).]
21 While Baby Trend can sympathize with opposing counsel's other commitments and
22 time restrictions, counsel's "press of business" is not an accepted reason for a
23 continuance under Rule 56(d).  *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (1st
24 Cir. 2004)  ("that counsel may have bitten off more than he could chew does not
25 exempt him from meeting court-appointed deadlines"); *See Mendez v. Banco*
26 *Popular,* 900 F.2d 4, 6-7 (1st Cir. 1990) (collecting cases)*; see also Pinero*

27
28 [7] *See* USITC Inv. No. 337-TA-762 (counsel of record for Graco is from Baker & Hostetler LLP).

13277750

- 8 -

Opposition to Graco's *Ex Parte* Application to
Extend Time to Oppose MSJ and Continue Hearing
No. 2:10-CV-05897 JST

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

*Schroeder v. FNMA,* 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences").

## CONCLUSION

Graco has failed to identify a single specific fact that is in Baby Trend's possession that it requires to oppose Baby Trend's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment. Further, Graco has had almost six months of discovery to seek information from Baby Trend. Finally, Graco had ample notice of the Motion, both from counsel's conference on the Motion as well as the 30 days notice given by Baby Trend. Therefore, Baby Trend respectfully requests that this Court deny Graco's *Ex Parte* Application.

Dated: June 22, 2011                    SNELL & WILMER L.L.P.


                                        By: /s/ Deborah S. Mallgrave
                                          Michael B. Reynolds
                                          J. Rick Taché
                                          Deborah S. Mallgrave
                                          Attorneys for Baby Trend, Inc.

13277750

- 9 -

Opposition to Graco's *Ex Parte* Application to
Extend Time to Oppose MSJ and Continue Hearing
No. 2:10-CV-05897 JST

*Graco Children's Products, Inc. v. Baby Trend, Inc.*
US District Court, Central District of California, Case No. 2:10-cv-05897-JST

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2011, I electronically filed the document described as **Defendant Baby Trend, Inc.'s Opposition to Graco Children's Products, Inc.'s Ex Parte Application to Extend Graco's Time to Oppose Baby Trend's Pending Motion for Summary Judgment and to Continue the Hearing Date of Said Motion** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Penny M. Costa<br>costap@ballardspahr.com<br>Ballard Spahr LLP<br>2029 Century Park East, Suite 800<br>Los Angeles, CA 90067-2909 | Attorneys for Plaintiff Graco Children's Products Inc.<br>Tel: 424-204-4331<br>Fax: 424-204-4350 |
| Lynn E. Rzonca<br>rzoncal@ballardspahr.com<br>Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103 | Attorneys for Plaintiff Graco Children's Products Inc.<br>Tel: 215-665-8500<br>Fax: 215-864-8990 |
| Katrina Quicker<br>quickerk@ballardspahr.com<br>Cecilia Andrews<br>andrewsc@ballardspahr.com<br>Ballard Spahr LLP<br>999 Peachtree Street NE, #1000<br>Atlanta, GA 30309 | Attorneys for Plaintiff Graco Children's Products Inc.<br>Tel: 678-420-9300<br>Fax: 678-420-9301 |

Dated: June 22, 2011         SNELL & WILMER L.L.P.


By: /s/Deborah S. Mallgrave
   J. Rick Taché
   Deborah S. Mallgrave
   Attorneys for Defendant Baby Trend, Inc.

12159518.1

Proof of Service
2:10-cv-05897-JST