1  Michael B. Reynolds (#174534)
   mreynolds@swlaw.com
2  J. Rick Taché (#195100)
   rtache@swlaw.com
3  Deborah S. Mallgrave (#198603)
   dmallgrave@swlaw.com
4  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-7689
   Telephone:   (714) 427-7000
6  Facsimile:    (714) 427-7799

7

   Attorneys for Baby Trend, Inc.
8
                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10
                         RIVERSIDE DIVISION
11

12  In re:                           | Bankruptcy Case No.  6:09-bk-34090 CB

13  BABY TREND, INC.,                 Chapter 11 Case

14          Reorganized Debtor.

15  GRACO CHILDREN'S PRODUCTS,        CASE NO. 2:10-CV-05897 JST
    INC.,                            Hon. Josephine S. Tucker
16                                    Ctrm 10A

17              Plaintiff,            **Baby Trend, Inc.'s Response to
                                      Plaintiff's Opposition to Motion for
18  vs.                               Summary Judgment, or in the
                                      Alternative, Partial Summary
19  BABY TREND, INC.,                 Judgment; Memorandum of Points
                                      and Authorities**
20              Defendant.
                                      **[Concurrently filed with Declaration
21                                    of Deborah S. Mallgrave; Second
                                      Request for Judicial Notice]**
22
                                      Date:        September 19, 2011
23                                    Time:        10:00 a.m.
                                      Ctrm:        10A
24

25

26

27

28
    13584426
                                                    Response to Opposition
                                              to Baby Trend's MSJ_MPA
                                              Case No. 2:10-CV-05897 JST

1

# TABLE OF CONTENTS

2

**Page**

3    I.    INTRODUCTION ........................................................................................... 1

4    II.   ARGUMENT ................................................................................................. 3

5          A.    Graco Has Not Met its Burden of Proof ................................................ 3

6          B.    The '218 Patent Claims the Covered Curved Legs of a Playard .......... 4

7                1.    The Prosecution History of the '218 Patent Itself Reflects
                       that the Design Claimed is for the Covered Curved Legs
8                      of a Playard ................................................................................. 5

9                2.    Board of Patent Appeals Properly Construed the Claimed
                       Design of the '218 Patent ........................................................... 8
10
                       a.    Board of Patent Appeals Followed Applicable
11                            Patent Law .......................................................................... 8
12
                       b.    Court may Properly Consider the Board's Decision
13                            in Construing the '218 Patent ........................................... 12

14               3.    Graco Admits the First Playards to Embody the Design of
                       the '218 Patent Had Covered Curved Legs ............................... 12
15
                 4.    Graco's Own Inventor Admits the '218 Patent Claims a
16                     Design for a Covered Curved Leg ............................................. 13

17         C.    There is no Genuine Issue of Material Fact as to the Whether the
                 Playards Infringe the '218 Patent ........................................................ 14
18
                 1.    The Overall Appearance Between the Accused Products
19                     and the Asserted Design is Not Deceptively Similar ............... 14

20               2.    The Opinion of Graco's Design Expert is Insufficient to
                       Create a Genuine Issue of Material Fact ................................... 15
21
                       a.    Graco's Proffered Expert Opinion is Premised on
22                            Incorrect Legal Standards ................................................ 16
23
                       b.    Graco's Proffered Expert Opinion is Factually
24                            Inaccurate ......................................................................... 17

25         D.    Baby Trend's Motion is Not Premature ............................................... 19

26   III.  CONCLUSION ........................................................................................... 20

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amini Innovation Corp. v. Anthony Cal. Inc.*
    439 F.3d 1365 (Fed. Cir. 2006) ............................................................ 4, 14, 16

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986) ............................................................................................ 4

*Anheuser-Busch Cos. v. Crown Cork & Seal Techs. Corp.*
    121 Fed. Appx. 388 (Fed. Cir. 2004) ................................................................ 13

*Arc'Teryx Equip., Inc. v. Westcomb Outerwear, Inc.*
    2008 U.S. Dist. LEXIS 90228 (D. Utah Nov. 3, 2008) ...................................... 17

*Arminak & Assocs. v. St.-Gobain Calmar, Inc.*
    424 F. Supp. 2d 1188 (C.D. Cal. 2006) .............................................................. 5

*Beaird v. Seagate Tech., Inc.*
    145 F.3d 1159 (10th Cir. 1998) ........................................................................ 13

*Bush Indus, Inc. v. O'Sullivan Indus., Inc.*
    772 F. Supp. 1442 (D. Del. 1991) ..................................................................... 16

*Dickinson v. Zurko*
    527 U.S. 150 (1999) .......................................................................................... 12

*Egyptian Goddess, Inc. v. Swisa, Inc.*
    543 F.3d 665 (Fed. Cir. 2008) ..............................................................3-5, 14, 17

*Everson v. Leis*
    556 F.3d 484 (6th Cir. 2009) ............................................................................ 19

*Gasaway v. NW  Mut. Life Ins. Co.*
    26 F.3d 957 (9th Cir. 1994) ................................................................................ 3

*Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*
    162 F.3d 1113 (Fed. Cir. 1998) .........................................................................3-5

*Hoffman v. Impact Confections, Inc.*
    2010 U.S. Dist. LEXIS 806 (C.D. Cal. 2010) .........................................4, 10, 11

*HR US LLC v. Mizco Int'l, Inc.*
    2009 U.S. Dist. LEXIS 27056 (E.D.N.Y. Mar. 31, 2009) ................................. 15

*L.A. Gear v. Thom McAn Shoe Co.*
    988 F.2d 1117 (Fed. Cir. 1993) .......................................................................... 3

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**TABLE OF AUTHORITIES**
(continued)

Page

*Lawman Armor Corp. v. Master Lock Co.*
  2004 U.S. Dist. LEXIS 3705 (E.D. Pa. Mar. 11, 2004) ...................................... 15

*Markman v. Westview Instruments, Inc.*
  52 F.3d 967 (Fed. Cir. 1995) ................................................... 4, 5, 13

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*
  475 U.S. 574 (1986) ........................................................ 3

*McCabe v. Gen. Foods Corp.*
  811 F.2d 1336 (9th Cir. 1987) ............................................ 3

*Schnadig Corp. v. Collezione Europa U.S.A.*
  2002 U.S. Dist. LEXIS 19083 (N.D. Ill. Oct. 4, 2002) ...................................... 16

*Tatum v. City & County of San Francisco*
  441 F.3d 1090 (9th Cir. 2006) ........................................... 19

*Trask v. Franco*
  446 F.3d 1036 (10th Cir. 2006) .......................................... 19

*V-Formation, Inc. v. Benetton Group SpA*
  401 F.3d 1307 (Fed. Cir. 2005) .......................................... 12

*Wing Shing Products (BVI) Co. Ltd. v. Sunbeam Products, Inc.*
  665 F. Supp. 2d 357 (S.D.N.Y. 2009) ...................................... 3, 15-17

**STATUTES**

37 C.F.R. § 1.152 ........................................................... 5, 8

35 U.S.C. § 6(b) ............................................................ 12

Fed. Rule Civ. Proc. § 56(c) ................................................ 3

Fed. Rule Civ. Proc. § 56(d) ................................................ 20

Fed. Rule Civ. Proc. § 56(f) ................................................ 20

**OTHER**

M.P.E.P. § 1503.02 ......................................................... 8, 9

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

13584426

-iii-

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1 Defendant Baby Trend, Inc. ("Baby Trend") hereby submits this brief in

2 reply to Plaintiff Graco Children's Products Inc.'s ("Graco") Memorandum of

3 Points and Authorities in Opposition to Baby Trend, Inc.'s Motion for Summary

4 Judgment, or in the Alternative, Partial Summary Judgment ("Motion").

5 **I.**

6 **INTRODUCTION**

7 Baby Trend's Motion for Summary Judgment, or in the Alternative, Partial

8 Summary Judgment ("Motion") involves a very narrow issue of non-infringement

9 relating to the principal element claimed by the patent at issue, a design patent

10 entitled "Curved Legs for a Playard" (U.S. Patent No. D448,218 ("the '218

11 Patent")). Baby Trend contends the '218 Patent claims a design for a covered

12 curved leg, Graco argues the '218 Patent claims a design for just a curved leg.[1]

13 In opposition to the Motion, Graco fails to demonstrate the existence of a

14 genuine issue of material fact as to whether the '218 Patent claims a covered curved

15 leg. To the opposite effect, Graco admits that the first products it manufactured that

16 embodied the design claimed by the '218 Patent were playards with *covered* curved

17 legs. Graco also attempts to rely on the prosecution history for the '218 Patent to

18 support its argument that the drawings of the '218 Patent do not show a covering on

19 the curved legs. The patent application filed, however, shows a design for a playard

20 with a fabric covered frame, including the curved legs. Upon receipt of an Office

21 Action from the USPTO, Graco restricted the claim to just the covered curved legs

22 of the playard (with the featured legs containing the same "shading" as used on the

23 covered frame to the playard).

24 To rebut the evidence presented by Baby Trend's Motion, namely the patent

25 drawings themselves and the Board of Patent Appeals and Interferences' (the

26 ───────────

27 [1] Although not argued in Baby Trend's Motion, aside from the covered leg, other significant design differences exist between the '218 Patent and the accused Baby Trend playards. For example, the legs of the accused products have an infliction

28 point at the bottom of the leg and not all form an arc that is concave inward along the diagonal of the base of the playard as with the '218 Patent.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   "Board") findings that that the '218 Patent claims a design for covered curved legs,

2   Graco presents only a flawed analysis of the standards applicable to patent design

3   drawings and claims the Board (whose only job is to review and construe patent

4   claims) misapplied clear design standards.[2]  Graco's arguments are specious and

5   cannot support a finding that a question of fact exists as to the design claimed by

6   the '218 Patent.

7          While more than enough evidence exists to find that, as a matter of law, the

8   principal design element of the '218 Patent is a covered curved leg, there is more.

9   Baby Trend just recently deposed the inventor of the '218 Patent, a former Graco

10  employee, and the inventor herself admits the patent claims a covered curved leg.

11  For Graco to prevail, Graco would have the Court believe that the three

12  Administrative Patent Judges making up the Board of Patent Appeals, the Patent

13  Examiner, the inventor, and even Graco's first embodiment of the claimed playard,

14  all got it wrong—and the opinion of its recently hired expert got it right.  What is

15  more, the expert opinion Graco proffers is legally and factually flawed—Graco's

16  expert employs the wrong standard and fails to follow his own claim construction

17  rules.

18         Once the claim of the '218 Patent is construed in Baby Trend's favor, to

19  feature a covered curved leg, no further analysis is necessary.  Graco all but

20  concedes—and presents no argument to the contrary—that the uncovered legs of

21  Baby Trend's playards are not deceptively similar to a design for the covered

22  curved legs of a playard.  Thus, as a matter of law, the Accused Playards (as

23  identified in Graco's complaint) do not infringe the '218 Patent.

24         This Court should therefore grant Baby Trend's Motion for Summary

25  Judgment, or in the Alternative, Partial Summary Judgment on Graco's claim for

26  patent infringement and the first claim for relief in Baby Trend's counterclaim for

27
28
_____
[2] Graco's argument concerning the commercial success of its curved leg playards is a red herring and irrelevant to the issues necessary for resolution of Baby Trend's motion for summary judgment.

declaratory judgment regarding noninfringement.

## II.

### ARGUMENT

#### A.    Graco Has Not Met its Burden of Proof

Patent infringement in a design patent case is generally a question of fact that the patentee must prove by a preponderance of the evidence. *L.A. Gear v. Thom McAn Shoe Co*., 988 F.2d 1117, 1124 (Fed. Cir. 1993). "Where no reasonable fact-finder could conclude that the patentee has met this burden, however, summary judgment is appropriate." *Wing Shing Products (BVI) Co. Ltd. v. Sunbeam Products, Inc*., 665 F. Supp. 2d 357 (S.D.N.Y. 2009) (granting defendants' motion for summary judgment for noninfringement of design patent). In such cases, courts are willing to and have granted summary judgment on noninfringement in favor of accused infringers. *Id*.; *see, e.g.*, *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (affirming summary judgment for defendant for noninfringement of design patent); *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co*., 162 F.3d 1113 (Fed. Cir. 1998) (same).

A party opposing summary judgment, regardless of whether it has the burden of proof on an issue at trial, must submit evidence sufficient to create a genuine dispute as to a material fact. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987). "Mere allegations or denials" are not sufficient to meet an opposing party's burden of showing a genuine issue as to a material fact. *Gasaway v. NW Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994). "When the moving party has carried its burden under Rule 56(c), its opponent *must do more than simply show that there is some metaphysical doubt* as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986) (emphasis added). A mere scintilla of evidence is insufficient to oppose summary judgment, the test is whether the opposing party has presented sufficient evidence on which the jury could reasonably find for the

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct.

2   2505, 2512 (1986).[3]

3        Graco has not met its burden in opposing Baby Trend's Motion.  As

4   discussed below, Graco has not presented any evidence to create a genuine dispute

5   as to a material fact.  Graco submits only argument and conjecture based on

6   theories that are not even supported by the evidence it submitted or the case law it

7   cited.

8        **B.     The '218 Patent Claims the Covered Curved Legs of a Playard**

9        The primary issue presented by Baby Trend's Motion and Graco's

10  Opposition is whether the '218 Patent claims a covered curved leg to a playard.

11  This is a claim construction issue.  This is not a question of fact, but a question of

12  law for the court to decide.  The first step in a design patent infringement analysis is

13  for the court to construe the claim as a matter of law (only after construction does

14  the fact-finder compare the claim and the accused device).  *Egyptian Goddess, Inc.*,

15  543 F.3d at 679; *Hoffman v. Impact Confections, Inc.*, 2010 U.S. Dist. LEXIS 806

16  *3-4 (C.D. Cal. 2010) (construing design patent regarding the use of broken lines

17  and shading); s*ee also Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber*

18  *Co*., 162 F.3d 1113, 1116 (Fed. Cir. 1998) (court applied claim construction to

19  design patent regarding scope of the claim).

20       Where the parties differ on the construction of the claim, it is a question of

21  law for the court to decide.  *Goodyear Tire & Rubber Co.*, 162 F.3d at 1116 (design

22  patent case) *citing Markman v. Westview Instruments, Inc*., 52 F.3d 967, 979 (Fed.

23  Cir. 1995) ("When, after considering the extrinsic evidence, the court finally arrives

24  at an understanding of the language as used in the patent and prosecution history,

25

26  _____

[3] All but one of the cases cited by Graco for the proposition that summary judgment
is rarely appropriate in infringement actions involve complex utility patents.  The
27  lone design patent case, *Amini Innovation Corp. v. Anthony Cal. Inc*., remanded a
grant for summary judgment because the court inappropriately converted the
28  infringement test to an element by element comparison.  439 F.3d 1365, 1371 (Fed.
Cir. 2006).

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Response to Opposition
to Baby Trend's MSJ_MPA
Case No. 2:10-CV-05897 JST

the court must then pronounce as a matter of law the meaning of that language."). In construing patent claims, courts consider the patent's claims, the specification, and the prosecution history, as well as other extrinsic evidence.[4] *Markman*, 52 F.3d at 979; s*ee also Arminak & Assocs. v. St.-Gobain Calmar, Inc.*, 424 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006).

Further, a description of "various features of the claimed design as they relate to the accused design and the prior art" may be helpful to a jury or as a means for describing the district court's own analysis. *Egyptian Goddess, Inc.*, 543 F.3d at 680. Descriptions of the claimed design include such matters as describing the role of particular conventions in design patent drafting, such as the role of broken lines, *see* 37 C.F.R. § 1.152, and assessing and describing the effect of any representations that may have been made in the course of the prosecution history, among others. *See Goodyear Tire & Rubber Co.*, 162 F.3d at 1116.

Here, as described in Baby Trend's Motion and below, the patent, the prosecution history, and extrinsic evidence (opinion of the Board of Patent Appeals, the Patent Examiner, Graco's admission concerning the products initially marketed under the '218 Patent, and the inventor's recent admission) all lead to a construction that the '218 Patent claims a design for the *covered* curved leg of a playard.

## 1. The Prosecution History of the '218 Patent Itself Reflects that the Design Claimed is for the Covered Curved Legs of a Playard

Graco agrees that the prosecution history of a patent provides evidence of how a particular patent is understood. [Docket No. 59 (Opposition, p. 14 fn 3).] Graco then claims that the prosecution history for the '218 Patent does not support

---

[4] The Federal Circuit does caution, however, that while the "question of verbal characterization of the claimed designs to the discretion of trial judges," "those courts should not treat the process of claim construction as requiring a detailed verbal description of the claimed design, as would typically be true in the case of utility patents." *Egyptian Goddess, Inc.*, 543 F.3d at 680.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    a finding that the design claimed by the patent is for the covered curved legs of a

2    playard because the word "fabric" does not appear in the prosecution history.  As

3    admitted by Graco, however, a design patent is to be construed by its drawings, not

4    any description.  [Docket No. 59, p. 12 (Opposition).]  Indeed, the only description

5    of the claimed ornamental design in the prosecution history is stated in the

6    application itself, which claims the "ornamental design for a playard and curved

7    legs thereof as shown and described."  [Docket No. 59-10, p. 8 (the '218

8    Prosecution History).]  As clearly shown in the drawings accompanying the patent

9    application (as described below), the legs of the playard are covered.  [*Id.*, pp. 12 -

10   25.]

11        The patent application filed by Graco includes two sets of drawings in which

12   Graco claims two designs: "the ornamental design for a playard *and* curved legs

13   thereof."  [Docket No. 59-10, pp. 8, 12-25 (emphasis added).]  The first set of

14   drawings submitted with the application, Figures 1-7, show a playard drawn

15   entirely in solid lines (except for the base frame).  [Docket No. 59-10, pp. 12-18.]

16   The second set of drawings, Figures 8-14 (which ultimately issued as the '218

17   Patent), show only the legs of the playard in solid lines.  [Docket No. 59-10, pp. 8,

18   19-25.]

19        As depicted in Figures 1-7, the playard that is shown and claimed is clearly

20   one that is covered in fabric.  [Docket No. 59-10, pp. 12-18.]  The drawings do not

21   show the exposed frame of the playard (except for the base), but show a playard

22   that is completely covered in fabric and includes a mesh, see-through fabric in front

23   and back.  [*Id.*]  The lines used as shading to indicate a covering on the main

24   portions of the playard match the lines used for shading on the legs.  [*Id.*]  The

25   shading used on the legs in Figures 1-5 matches the shading used on the legs in

26   Figures 8-12, in which only the legs of the playard are claimed.  [*Id.*, pp. 12-16, 19-

27   23.]

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1
2
3
4
5
6
7



8 [*Id.,* p. 13, 20 (Figures 2 (left), 9 (right).]

9      Further, in Figure 6, the covering to the playard is shown wrapping around

10 the outside of the legs.  [*Id.*, p. 17.]  Figure 13, in the second set of figures, shows

11 the same covering wrapping around the outside of legs.  [*Id.*, p. 24.]

12
13
14
15





16
17
18
19
20
21
22
23

24 [*Id.*, p. 17, 24 (Figures 6 (left), 13 (right).]

25      In response to an Office Action requesting that the applicant restrict its

26 application to one claim (either the entire playard *or* the legs for the playard), Graco

27 elected to prosecute the second set of drawings, claiming only the legs of the

28 playard as shown in Figures 8-14.  [Docket No. 59-10, pp. 40-43 (Office Action

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   and Response).]  While the claim of the '218 Patent was ultimately restricted to the

2   legs of the playard, the prosecution history reflects that the ornamental design

3   claimed in the application, for both the playard and its legs, was for a covered

4   product.

5           **2.**      **Board of Patent Appeals Properly Construed the Claimed**

6                  **Design of the '218 Patent**

7         To avoid a problematic claim construction by the Board that the '218 Patent

8   claims the design of a covered curved leg, Graco argues that the Board misapplied

9   design patent law, claiming its findings are "in direct contravention of the rules

10  governing patent drawings."  [Docket No. 59, p. 18 (Opposition).]  Also, Graco

11  mistakenly argues that the Board's findings are not instructive in this case because

12  Graco was not a party to the proceedings in which the Board construed the '218

13  Patent.[5]  Graco is wrong on both counts.

14          **a.**      **Board of Patent Appeals Followed Applicable Patent**

15                **Law**

16        Graco argues that in finding that the '218 Patent "discloses and claims only

17  play yard legs which are substantially completely covered in fabric," the Board

18  misinterpreted the lines on the legs in the drawings.  [Docket No. 59, p. 15

19  (Opposition).]  According to Graco, appropriate surface shading should be used "to

20  show clearly the character and/or contour of all surfaces represented."  *See* 37

21  C.F.R. 1.152.  "This is of particular importance in the showing of three (3)

22  dimensional articles where it is necessary to delineate plane, concave, convex,

23  raised, and/or depressed surfaces of the subject matter, and to distinguish between

24  open and closed areas."  M.P.E.P. § 1503.02.

25        Graco claims that if the Board had followed these rules, it would have

26  ───────────────

[5] Graco's characterization of the '970 Patent as "unusual" and its relation to
27  products developed by Graco years after the issuance of the '218 Patent is
speculative [Docket No. 59, p. 10 (Opposition)] and yet another red herring cast to
28  distract the Court from the facts and issues relevant to a determination of Baby
Trend's Motion.

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

13584426          - 8 -          Response to Opposition
to Baby Trend's MSJ_MPA
Case No. 2:10-CV-05897 JST

construed the lines on the legs as surface shading to show a curved leg.  Graco's interpretation, however, is belied by its own expert's declaration and explanation of the lines used in the patent drawings.  First, Graco's expert claims that "[s]hading lines on a leg are used to denote roundness (in cross-section, as versus the curvature of the leg)."  [Docket No. 59-2 (Anders Decl., ¶ 14); *see also* Docket No. 59-3, p. 17 (Anders Report) ('218 Patent uses "appropriate shading lines to indicate the curve of the legs").]  The legs, however, do not require any surface shading to show the contour of the surface represented—the leg surface is not claimed to be on a different plane, concave, convex, raised, and/or depressed.  *See* M.P.E.P. § 1503.02. To the contrary, it is self-evident from the picture itself—without any shading necessary —that the legs are curved.

Second, even if the inventor chose to use shading to indicate the curve of the leg, the appropriate shading technique or vocabulary was not used.  According to Graco's expert, a curved surface is shown by a "series of thin lines parallel to each other with graduated spacing:"

| TABLE 1 | |
|---|---|
| **VOCABULARY OF LINES USED IN DESIGN PATENT DRAWINGS** | |
| ▬▬▬ | A continuous thick line used to define the visual edge of a volume claimed in the patent. |
| – – – – – | A broken line describes an environmental structure not part of the claimed invention. |
| – ·· – · | A broken line consisting of alternating long and short lines indicates a centerline of a structure.  However, "Views must not be connected by projection lines and must not contain center lines."[8] |
| ⦀ | A series of thin lines parallel and equally spaced from each other indicates a flat surface. |
| ‖‖ | A series of thin lines parallel to each other with graduated spacing indicates a curved surface. |
| ⫽ | A series of thin lines placed diagonally indicates a transparent surface. |
| ░ | Stippling is used for shading to indicate a textured material and/or to indicate a contrast in color and/or material. |
| | The absence of a line indicates no structure or feature is claimed. |

Response to Opposition to Baby Trend's MSJ_MPA Case No. 2:10-CV-05897 JST
13584426

[Docket No. 59-3, p. 16.]  The lines used for "surface shading" on the legs of the '218 Patent drawings, which Graco now claims indicate only a curve to the leg, are not a series of thin lines parallel to each other with graduated spacing.  [Docket No. 14, Ex. A ('218 Patent).]

Graco's reliance on *Hoffman v. Impact Confections, Inc.* is unavailing.  2010 U.S. Dist. LEXIS 806 (S.D. Cal. Jan. 6, 2010).  *Hoffman* does not state that all broken lines contained in design patent drawings are necessarily surface shading, but merely held that with the specific patent at issue in that case, U.S. Patent No. D556, 052 (the "'052 Patent"), the series of non-broken, parallel lines equally spaced from each other depicted surface shading used to show a flat surface.[6]  *Id.* at *2.



[Second Request for Judicial Notice, ¶ 1, Ex. A (U.S. Patent No. D556,052, Fig. 1).]

---

[6] Notably, contrary to Graco's argument concerning the surface shading used in the '218 Patent, the surface shading used in the '052 Patent to indicate a flat surface matches the surface shading vocabulary identified by Graco's expert.  [Docket No. 59-3, p. 16.]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Response to Opposition
to Baby Trend's MSJ_MPA
Case No. 2:10-CV-05897 JST

1    The court held that surface shading used in the '052 Patent "look[ed] nothing

2    like the 'broken lines' that are used in patent drawings to show the context or

3    environment of the claimed device or design." *Hoffman*, 2010 U.S. Dist. LEXIS

4    806 at *3 ("Without the surface shading, there would be confusion as to whether

5    certain parts of the design are lower or higher than others."). The design at issue

6    here, however, contains smaller, broken lines where no shading is needed to avoid

7    confusion as to whether certain parts of the design are lower or higher than others.

8    Graco also argues that the Board's error in reading the surface shading is

9    compounded by the fact that the Board identified only one out of the patent's seven

10    drawings. [Docket No. 59, p. 15 (Opposition).] Again, Graco is wrong. In its

11    decision and findings, the Board cited all seven drawings of the '218 Patent.

12    [Docket No. 43-3, Ex. 1, p. 19 (BPAI Decision on Appeal, citing Figures 1-7).]

13    Moreover, the Board's decision is bolstered by the fact that it was made only

14    after consensus of three Administrative Patent Judges. [Docket No. 43-3, Ex. 1, p.

15    16 (BPAI Decision on Appeal).] A fourth examiner, the initial Patent Examiner

16    who prosecuted both the '218 and '970 Patents, came to the same conclusion as the

17    Administrative Patent Judges when she construed the claim of the '218 Patent.[7]

18    [Docket No. 43-4, Ex. 1 p. 172 (Second Office Action).] All four agreed that the

19    '218 Patent claimed a design for a covered curved leg.[8]

20    Thus, even using the design patent vocabulary proffered by Graco, the Board

21    (in consensus with the Patent Examiner) properly applied patent drawing rules and

22    appropriately construed the drawings of the '218 Patent to claim a covered curved

23    leg.

_____

[7] The '218 Patent and the '970 Patent were prosecuted by the same Patent
Examiner, Janice E. Seeger. [Docket No. 14, Ex. A (the '218 Patent); Docket No.
43-3, (the '970 Patent).]
[8] The issue appealed to the Board concerned what affect, if any, that the '218 Patent
(which claimed a design for a covered curved leg) would have on the application
for the '970 Patent. Ultimately, the Board determined that the covered curved legs
of the '218 Patent were the opposite of, and taught away from, the exposed legs
claimed by the application for the '970 Patent, and the '970 Patent could issue.
[Docket No. 43-3, Ex. 1, p. 25 (BPAI Decision on Appeal).]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**b.    Court may Properly Consider the Board's Decision in Construing the '218 Patent**

Graco also argues that the Board's decision is not binding on this Court. Graco misses the point. The Board's findings and its construction of the claims of the '218 Patent are highly probative and constitute compelling evidence relating to the proper construction of the design claimed by the '218 Patent. The Board's sole purview is to review rejected claims for patenability. *See* 35 U.S.C. § 6(b) ("The Board of Patent Appeals and Interferences shall, on written appeal of an applicant, review adverse decisions of examiners upon applications for patents and shall determine priority and patentability of invention in interferences ...").

Having already construed the claim of the '218 Patent, the Board's findings are entitled to deference. *See Dickinson v. Zurko*, 527 U.S. 150, 152 (1999). Graco cites no authority to the contrary, but claims only that Graco is not estopped from arguing against the Board's decision (a claim that Baby Trend has not even made). [Docket No. 59, pp. 18-20 (Opposition).] Indeed, one decision relied on by Graco, *V-Formation, Inc. v. Benetton Group SpA*, holds that a district court may properly refer to a related, non-binding judicial opinion to support its independent claim construction. *See V-Formation, Inc. v. Benetton Group SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005).

**3.    Graco Admits the First Playards to Embody the Design of the '218 Patent Had Covered Curved Legs**

Adding to the evidence mounting up against Graco's claim that the '218 Patent claims a design for an exposed leg, Graco itself admits that the first playards to embody the design shown in the '218 Patent were playards with covered curved legs. [Docket No. 59, pp. 8, 10 (Opposition).] Indeed, it was not until over four years after the patent application for the '218 Patent was filed that Graco began marketing a version of the curved-leg playard with exposed legs. [Docket No. 59, p. 8 (Opposition).]

### 4.    Graco's Own Inventor Admits the '218 Patent Claims a Design for a Covered Curved Leg

The drawings of the '218 Patent, the prosecution history, the Board of Patent Appeals opinion, the '218 Patent Examiner, and Graco's own admission concerning the products initially marketed under the '218 Patent are sufficient by themselves to support a finding that, as a matter of law, the ornamental design of the '218 Patent claims a covered curved leg.  [Docket No. 14, Ex. A ('218 Patent).]  Recently, however, Baby Trend obtained testimony from the inventor of the '218 Patent, former Graco employee Mary Ann Krevh, that further supports this claim construction.[9]  [Declaration of Deborah S. Mallgrave ("Mallgrave Decl."), ¶ 3, Ex. B (Krevh Depo. at 16:14-16).]  Just two days ago, Krevh testified under oath that the claimed design of the '218 Patent shows a *covered* curved leg.  [Mallgrave Decl., ¶ 3, Ex. B (Krevh Depo. at 75:19-24, 77:20-22, 79:25, and 80:1-3).]  While inventor testimony is not legally conclusive and may not be relied upon to change the meaning of the claims, *Markman,* 52 F.3d at 983, it may be used as extrinsic evidence to shed light on claim construction.  *See id.* at 979; *see also Anheuser-Busch Cos. v. Crown Cork & Seal Techs. Corp.*, 121 Fed. Appx. 388, 394 (Fed. Cir. 2004) (court reviewed inventor testimony for claim construction purposes in design patent case) (non-published).

Accordingly, based on the evidence in the record, Graco has failed to create a genuine dispute as to a material fact that the ornamental design claimed by the '218 Patent is not for the covered curved leg of a playard.

---

[9] Baby Trend was diligent in seeking Krevh's testimony, but was not able to do so until August 31, 2011 (Graco disclosed Krevh as a witness, but not her address). Since Baby Trend did not, however, submit this evidence with its opening brief, Baby Trend will not object to Graco's filing a sur-reply to address this evidence. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-1165 (10th Cir. 1998) (court relying on new material contained in reply brief must afford opposing party reasonable opportunity to respond).

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**C.      There is no Genuine Issue of Material Fact as to the Whether the Playards Infringe the '218 Patent**

If the Court finds that no genuine dispute exists as to whether the ornamental design claimed by the '218 Patent is for a covered curved leg, then a determination as to whether the Accused Products infringe the '218 Patent is unnecessary.  While Graco states that the Accused Products are strikingly similar to the patented design, with or without fabric covering, Graco's infringement analysis does not support this claim.  [Docket No. 59, pp. 20-22 (Opposition).]  Graco's argument that Accused Products infringe the '218 Patent is premised entirely on its claim construction that the '218 Patent claims an ornamental design for an exposed leg.  [Docket No. 59, pp. 21-24 (Opposition); Docket No. 59-2 (Anders Decl.)]  Consequently, a finding in Baby Trend's favor in construing the claim of the '218 Patent should also result in a finding in Baby Trend's favor on summary judgment.  Nevertheless, as set forth below, Baby Trend addresses Graco's arguments that the Accused Products have the same design as claimed by the '218 Patent.

**1.      The Overall Appearance Between the Accused Products and the Asserted Design is Not Deceptively Similar**

To determine infringement of a design patent, the fact finder must compare the claim as construed by the court and the allegedly anticipating design by employing the "ordinary observer" standard.  *Egyptian Goddess*, 543 F.3d at 679.  The standard is "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design."  *Id.* at 672.  In making this determination, the trier of fact must evaluate the overall appearance of the claimed design, and not features that are not claimed by the patent.  *Amini Innovation Corp. v. Anthony Cal. Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006).  In concluding that the "two playards [the patented design and the accused products] are nearly identical," Graco overtly misapplies the test.  Instead of evaluating the overall appearance of the *claimed design*, which is just the

Snell & Wilmer
——— L.L.P.———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    covered curved leg, Graco compares the appearance of the entire playard.  [Docket

2    No. 59, pp. 21-23 (Opposition).]

3        Under a proper analysis, when evaluating the claimed design of the '218

4    Patent, the overall appearance of the design claimed by the '218 Patent is not

5    deceptively similar to the corresponding feature on the Accused Products.

6    [Compare Docket No. 14, Ex. A (the '218 Patent) to Tsai Decl., ¶¶ 3-4, Ex. A.]

7    The claimed legs on the '218 Patent are *covered*, the legs on the Accused Products

8    are not.  [*Id.*]  As found by the Board of Patent Appeals, covered legs are directly

9    opposite (and "teach away from") legs that are not covered, or exposed.  [Docket

10   No. 43-3, Ex. 1, p. 25 (BPAI Decision on Appeal).]  Accordingly, the covered

11   curved legs claimed by the '218 Patent and the legs of the Accused Products are not

12   deceptively similar to an ordinary observer.

### 2.    The Opinion of Graco's Design Expert is Insufficient to Create a Genuine Issue of Material Fact

15       The opinion of Graco's expert, Robert John Anders, that the Accused

16   Products are deceptively similar to the design claimed in the '218 Patent, does not

17   save Graco from summary judgment.  The mere existence of an opposing expert

18   affidavit does not foreclose summary judgment.  *Egyptian Goddess*, 543 F.3d at

19   681-82 (granting summary judgment over opposing expert affidavit); *Wing Shing*

20   *Prods. (BVI) Co.*, 665 F. Supp. 2d at 367.  "[W]here the visual comparison reveals

21   that the alleged infringing product is not substantially similar," expert testimony

22   submitted by a plaintiff "cannot create a material issue of fact."  *HR US LLC v.*

23   *Mizco Int'l, Inc.*, 2009 U.S. Dist. LEXIS 27056 *13 (E.D.N.Y. Mar. 31, 2009)

24   (granting defendant's motion for summary judgment on non-infringement where

25   summary conclusions of plaintiff's experts insufficient to preclude a finding of non-

26   infringement as matter of law); s*ee Lawman Armor Corp. v. Master Lock Co*., 2004

27   U.S. Dist. LEXIS 3705 *25-26 (E.D. Pa. Mar. 11, 2004) (finding that plaintiff's

28   expert report did not create material issue of fact where court's own visual

Snell & Wilmer
━━━━━
L.L.P.
━━━━━
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

13584426

comparison showed that allegedly infringing designs were not substantially similar to patented design); *Schnadig Corp. v. Collezione Europa U.S.A.*, 2002 U.S. Dist. LEXIS 19083 *27-29 (N.D. Ill. Oct. 4, 2002) (granting summary judgment for non-infringement based on ordinary observer test and refusing to rely on expert testimony from both parties concerning whether ordinary observer test was satisfied); *cf. Bush Indus, Inc. v. O'Sullivan Indus., Inc*., 772 F. Supp. 1442, 1450 (D. Del. 1991) (finding that parties' experts failed to present the viewpoint of an ordinary observer and noting that "[e]xpert testimony is unnecessary under the ordinary observer prong of the infringement test").

Similarly, here, expert testimony is not necessary to perform a visual comparison of the design claimed by the '218 Patent and the corresponding feature on the Accused Products.  What is more, Graco's proffered expert opinion is unpersuasive as it is legally and factually flawed.

### a.    Graco's Proffered Expert Opinion is Premised on Incorrect Legal Standards

The opinion of Graco's expert is legally flawed in multiple respects.  First, Anders failed to evaluate the design claimed by the '218 Patent to the Accused Products under the "ordinary observer" test.  While the "ordinary observer" test requires an evaluation of the overall appearance of the *claimed design*, Anders instead evaluated the overall appearance of the entire playard in comparison to both the '218 Patent and his chosen prior art reference.  *See Amini Innovation Corp.*, 439 F.3d at 1371.

Second, Anders based his conclusion on his finding that the Accused Products were substantially closer in appearance to the '218 Patent than to his chosen art reference.  Even if this were true (which it is not), that alleged products are closer in appearance to an asserted patent than prior art does not equate to infringement.  Indeed, the first step under the ordinary observer test is to determine whether the claimed design and the accused design are sufficiently distinct.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Response to Opposition
to Baby Trend's MSJ_MPA
Case No. 2:10-CV-05897 JST

*Egyptian Goddess,* 543 F.3d at 678.  If the designs at issue are sufficiently distinct (as here, comparing a covered curved leg to an uncovered curved leg), then the fact-finder need not turn to the prior art.  *Id.*

Only if the two designs are not so readily distinguishable may the fact-finder utilize the prior art to assess how "the prior art will impact the ordinary observer's perception of the accused and claimed designs." *Wing Shing Prods. (BVI) Co.*, 665 F. Supp. 2d at 368.  This second step is meant to give context to the designs at issue, "it can be difficult to answer the questions whether one thing is like another without being given a frame of reference." *Egyptian Goddess*, 543 F.3d at 676-77.  "[W]hether the accused device is 'closer' to the patented design than to the prior art is not the controlling inquiry." *Wing Shing Prods. (BVI) Co.*, 665 F. Supp. 2d at 368; *but see Arc'Teryx Equip., Inc. v. Westcomb Outerwear, Inc.*, 2008 U.S. Dist. LEXIS 90228, *9-10 (D. Utah Nov. 3, 2008) (granting defendant's motion for summary judgment).  Further, where a given field is crowded with many references relating to the design, the scope of protection afforded the patent falls in a narrow range. *Egyptian Goddess*, 543 F.3d at 676-677; *Wing Shing Prods. (BVI) Co.*, 665 F. Supp. 2d at 367.

Based on applicable case law, the narrow, sliding scale test employed by Anders is insufficient and does not end the inquiry.  Rather than use his chosen prior art reference as a "frame of reference," Anders used the prior art to improperly assume that the Accused Products had to be closer to, and infringe, either the prior art or the '218 Patent.  Anders also ignored the numerous other prior art references he refers to in his report (over 1200, including prior art designs with curved legs), indicating that the prior art field is indeed crowded and that the '218 Patent merits a narrow range of protection.  [Docket No. 59-3, pp. 22-23 (Anders Report).]

### b.   Graco's Proffered Expert Opinion is Factually Inaccurate

Graco's expert's opinion is also factually flawed in that Anders (1) fails to

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   follow his own claim construction analysis and stated patent rules and (2) by his

2   own logic, the Accused Products are closer in design to the identified prior art

3   reference than to the design claimed by the '218 Patent.

4          First, as identified above, Graco's expert fails to follow his own claim

5   construction analysis.  Anders claims the lines on the legs in the '218 Patent

6   drawings represent surface shading to "indicate the curve of the leg," but his own

7   chart setting forth a "Vocabulary of Lines Used in Design Patent Drawings"

8   provides that a curved surface is represented by a "series of thin lines parallel to

9   each other each other with graduated spacing."  [Docket No. 59-3, pp. 16, 17.]  The

10  legs on the '218 Patent drawings are not a series of thin lines parallel to each other

11  with graduated spacing.  [Docket No. 14, Ex. A (the '218 Patent).]  Rather, the lines

12  shown on the legs match the lines described in Graco's "Vocabulary" as a "broken

13  line describes an environmental structure not part of the claimed invention."  [*Id.*]

14         Second, while Baby Trend disagrees that the sliding-scale approach is an

15  appropriate analysis, the comparison performed by Graco's expert actually favors a

16  conclusion that the Accused Products are not deceptively similar to the patented

17  design.  As one example, the analysis shown in Table 6 of Anders' report reflects

18  that at least in four of the seven pictures, the accused product is substantially more

19  similar to the prior art reference.  [Docket No. 59-3, pp. 28-30.]  In both the right

20  and left side elevational views, the sides of the playard appear straight.  [*Id.*]  In

21  combination with the convex curved top rails, in these pictures, the accused product

22  is substantially more similar to the prior art reference.  [*Id.*]  Likewise, the top plan

23  view of the accused product is substantially more similar to the prior art reference

24  because it shows legs inside the playard (not protruding out with a covering

25  wrapped around them like the '218 Patent).  [*Id.*]  In the bottom plan view, the

26  accused product is again closer in design to the prior art reference with the body of

27  the playard cutting back inward from the leg base (as opposed to the leg bases being

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Response to Opposition
to Baby Trend's MSJ_MPA
Case No. 2:10-CV-05897 JST

1    flushed with the main circumference of the playard).[10]  [*Id.*]

2        Accordingly, the opinion of Graco's expert is not only unnecessary to assist

3    the Court with the ordinary observer test in this case, it is insufficient evidence from

4    which a trier of fact could reasonably find for Graco. As such, Graco has failed to

5    create a genuine issue of material fact.

6        **D.    Baby Trend's Motion is Not Premature**

7        In a footnote, Graco argues that Baby Trend's Motion is premature and thus

8    "deniable on that ground alone." [Docket No. 59 (Opposition, p. 7 fn. 1).]  Graco's

9    argument is unsubstantiated and ignores that Graco sought and obtained a 45-day

10   extension of time to respond to Baby Trend's Motion to conduct discovery. [*See*

11   Docket Nos. 44 and 46 (*Ex Parte* Motion to Extend Time to Oppose MSJ and

12   Order).]  Following its extension of time, Graco served only one set of requests for

13   admissions and did not seek to set any depositions prior to its deadline to respond to

14   the Motion.  Graco did file two motions to compel written discovery, but the

15   hearings on those motions were scheduled after the deadline for Graco's Opposition

16   and Graco did not seek an order shortening time for its motions.  [Docket Nos. 50,

17   56 (Motions to Compel Discovery).]  Further, Graco fails to specifically identify

18   any facts it needs from discovery that are essential to its Opposition, as required by

19   Federal Rule of Civil Procedure 56(d).  *See Tatum v. City & County of San*

20   *Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006); *Trask v. Franco*, 446 F.3d 1036,

21   1042 (10th Cir. 2006); *see also Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009)

22   ("bare allegations or vague assertions of the need for discovery are not enough

23   under [former] Rule 56(f)").  Graco's claim that Baby Trend's Motion is premature

24   is without merit.

25

26

27   _____

     [10]  In comparing the overall appearance of the entire playards, Anders also ignores

28   that unlike the playard in the '218 Patent, the Accused Products have see-through
     mesh side panels and a bowed base.

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

### III.

### CONCLUSION

Based on the arguments made above and in its Motion, Baby Trend respectfully reiterates its request that this Court grant summary judgment, or in the alternative, partial summary judgment, against Graco and in favor of Baby Trend as to Count 1 of Graco's complaint for patent infringement of the '218 Patent, and Baby Trend's counterclaim for declaratory relief based on noninfringement of the '218 Patent.  With the exception of Graco's singular and unsubstantiated opinion, everyone construing the claim of the '218 Patent—three Administrative Patent Judges making up the Board of Patent Appeals, the Patent Examiner, and the inventor—all agree that the ornamental design claimed by the '218 Patent is for the covered curved legs of a playard.

Baby Trend further requests such other and additional relief as the Court deems just and proper.

DATED:  September 2, 2011      Respectfully submitted,

SNELL & WILMER L.L.P.


By: *s/ Deborah S. Mallgrave*
    Michael B. Reynolds
    J. Rick Taché
    Deborah S. Mallgrave
    Attorneys for Baby Trend, Inc.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

13584426

*Graco Children's Products, Inc. v. Baby Trend, Inc.*
**US District Court, Central District of California, Case No. 2:10-cv-05897-JST**

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2011, I electronically filed the document described as **Baby Trend, Inc.'s Response to Plaintiff's Opposition to Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment; Memorandum of Points and Authorities** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Penny M. Costa<br>costap@ballardspahr.com<br>Ballard Spahr LLP<br>2029 Century Park East, Suite 800<br>Los Angeles, CA  90067-2909 | Attorneys for Plaintiff Graco Children's Products Inc.<br>Tel:   424-204-4331<br>Fax:   424-204-4350 |
| Lynn E. Rzonca<br>rzoncal@ballardspahr.com<br>Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103 | Attorneys for Plaintiff Graco Children's Products Inc.<br>Tel:   215-665-8500<br>Fax:   215-864-8990 |
| Katrina Quicker<br>quickerk@ballardspahr.com<br>Cecilia Andrews<br>andrewsc@ballardspahr.com<br>Ballard Spahr LLP<br>999 Peachtree Street NE, #1000<br>Atlanta, GA  30309 | Attorneys for Plaintiff Graco Children's Products Inc.<br>Tel:   678-420-9300<br>Fax:   678-420-9301 |

Dated:  September 2, 2011          SNELL & WILMER L.L.P.


By:  *s/Deborah S. Mallgrave*
J. Rick Taché
Deborah S. Mallgrave
Attorneys for Defendant Baby Trend, Inc.

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000