PENNY M. COSTA (SBN 110373)
costap@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, California  90067-2909
Telephone: (424) 204-4331
Facsimile:  (424) 204-4350

LYNN E. RZONCA (ADMITTED *PRO HAC VICE*)
rzoncal@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
Telephone: (215) 665-8500
Facsimile:  (215) 864-8990

KATRINA M. QUICKER (ADMITTED *PRO HAC VICE*)
quickerk@ballardspahr.com
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301

Attorneys for Plaintiff Graco Children's Products Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Graco Children's Products Inc.,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Baby Trend, Inc.,<br><br>                    Defendant. | Case No. 2:10-cv-05897-JST<br><br>**GRACO'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARY ANNE KREVH**<br><br>**Judge: Hon. Josephine S. Tucker**<br><br>**Date:  Monday, September 19, 2011**<br>**Time:  10:00 a.m.**<br>**Courtroom:  10A** |

1
GRACO'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

On September 2, 2011, Defendant Baby Trend, Inc. ("Baby Trend") filed a Response in support of its Motion for Summary Judgment/Partial Motion for Summary Judgment. Baby Trend's Response contained new material that was not included in its opening brief. Baby Trend acknowledged this in footnote 9 of its Response, in which it also stated that it does not object to Graco's filing of a Sur-reply.

## INTRODUCTION

This is a design patent infringement case in which Graco accuses Baby Trend of infringing its design patent for curved legs for a playard. Before a single deposition had been taken in the case, Baby Trend moved for summary judgment/partial summary judgment as to non-infringement, with its only ground being its claim that the Graco patent only applies to curved playard legs that are covered in fabric. As its sole support, Baby Trend relies on three findings of fact made by the Patent Office in a proceeding about a patent that is not asserted in this case. The findings of fact were made in a proceeding to which Graco was not a party, for which it had no notice, and in which it did not have any opportunity to present any argument or evidence.

Graco established in its Opposition to Summary Judgment that material issues of fact make summary judgment inappropriate. In response, Baby Trend attached and relied on material that was not discussed in its opening brief. The new material includes excerpts of the deposition testimony of Ms. Mary Anne Krevh, the named inventor on the Graco patent, and material from the original Graco application that does not form part of the patent at issue.

The excerpts of Ms. Krevh's deposition transcript were, of course, selectively chosen, and Baby Trend did not submit the entire transcript for the Court's review. The excerpts are presented in a way that paints an incomplete picture of what Ms. Krevh actually made clear throughout her deposition—that her invention has

always been the shape of the curved playard legs, regardless of any covering. In her view, her invention is not limited to curved legs that are covered.

Moreover, Baby Trend incorrectly asserts that inventor testimony is somehow an admission as to what a patent claims. The law is clear that inventor testimony has little bearing on the issue. Indeed, when the entire record is considered (as it should be), Ms. Krevh's testimony, and the patent application file history, do not support Baby Trend's arguments. Rather, they accentuate the fact issues that preclude summary judgment of non-infringement. Because Baby Trend has failed to establish that there are no material facts at issue, Graco respectfully requests that the Court deny Baby Trend's Motion.

## **ARGUMENT**

**I. Ms. Krevh Testified That Her Invention Is Curved Legs For A Playard—Covered Or Uncovered—And In Her View, That Is Exactly What The Patent Shows.**

Baby Trend filed its Motion for Summary Judgment without having taken a single deposition. After filing its motion and after Graco responded, Baby Trend then took its first deposition, of the named inventor of Graco's patent, Ms. Mary Anne Krevh.

Baby Trend's Response includes three questions and answers from Ms. Krevh's deposition. (Mallgrave Decl. at Exhibit B.) Baby Trend claims they are "admissions" from Ms. Krevh that the patent covers only fabric-covered legs. (Reply at 13.) But the portions of the deposition transcript Baby Trend did not supply to the Court show[1] that Ms. Krevh clearly testified that her invention was the curved shape of the legs, and that shape is not dependent on whether the legs are covered or exposed. (Krevh Tr. at 70-71, 72-73, 78-79, 80-82.) Ms. Krevh also

---

[1] Ms. Krevh had never before been deposed. What the full transcript also shows is attorney questioning that is repetitive, mischaracterizes certain testimony, and ignores other testimony that contradicts Baby Trend's position. This is seen even on the few pages that Baby Trend submitted, wherein the attorney accuses the witness of not answering questions and threatens her with the "penalty of perjury."

made clear that she disagreed with the characterization of the patent as showing fabric covered legs. (Krevh Tr. at 70-73, 80-82.) Graco submits Ms. Krevh's full deposition transcript (Quicker Decl., Ex. A ) with this Sur-Reply, and highlights the following testimony:

Page 33-34

>   Q: . . . do you believe that the design that is the subject of the 218 patent has an advantage over the competitive products?
>
>   A.: Yes
>
>   Q: What would those be?
>
>   A: It makes it stand out. It brings focus, draws attention to the customer to take a look at it, to see why it looks different from the rest.
>
>   Q: Are there any functional advantages to the design?
>
>   A: It was all aesthetics.

\* \* \*

Page 70-71 [discussing the "findings of fact" of the Board]

>   Q: Do you agree that that's [Finding #1] a fair statement?
>
>   A.: No
>
>   Q: What is it that you would disagree with?
>
>   A: My patent was on the aesthetics of a leg, which was curved.
>
>   A: The statement I just read says that it dealt with the fabric, whereas my patent I signed the intention was that was for a curved leg.
>
>   Q: Is it possible that the patent application that was filed and the patent at issue to you was for a fabric covered curved leg?
>
>   A: No.

4
GRACO'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

\* \* \*

[Page 72-73, again discussing the "findings of fact" No. 1]

Q: Let's turn back to the first finding of fact, Bates number 0768. Would you disagree with the statement that says that playards have what appear to be lengths of fabric wrapped around the legs to cover the legs?

A: Would I disagree with that?

Q: Yes

A: That was someone's opinion.

Q: That's not what I'm asking you. I'm asking you whether or not you agree with that statement?

A: I don't agree.

Q: And what is it you specifically do not agree with?

A: I don't agree with the fact that that – once again, it says that is appears to be a length of fabric wrapped. That is once again someone's interpretation of the drawing. My – my whole purpose of getting that patent was for the curved leg itself. That was the main element of the playard that made it stand out from all the other playards was the curved leg.

\* \* \*

[Page 78-79]

Q: Okay. I'd like the witness admonished, please. . . . I'd like you to please answer the question and not be argumentative. Now, it is a very simple process that we're working through today. I'm asking you very straightforward questions and I want very straightforward answers in response, please. Now, you've testified repeatedly in the last few minutes that the patent that is the 218 patent claims and shows a covered curved leg. [Objection] Is there any disagreement on that point?

5
GRACO'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

1  A: Yes.

2  Q: So you're now recanting your testimony that –

3

4  A: I'm not recanting.  The photograph shows that it may be covered, but my patent specifically was done for the curve of the leg itself.

5

6  Q: This is your patent.

7  A: I realize that.

8

9  Q: So are you suggesting that the patent is wrong?

10 A: What I'm suggesting is that my design was for a leg of a playard that is curved.

11

12                              * * *

[Page 80-82]

13

14 Q: Can you lease read it for the court reporter?

15 A: "In the Celestina-Krevh patent drawings, broken lines representing the leg members appear immediately adjacent the fabric covering, which would be understood by person of ordinary skill I the art of connoting that the fabric covering closely follow the contour of the leg disposed inside."

16

17

18

19 Q: Do you understand that statement?

20

21 A: Yes, I do.

22 Q: Do you agree with that statement?

23 A: I agree, but –

24

25 Q: Thank you.  That's asked and answered.  Can you please read finding of fact 3?

26

27 A: "The Celestina-Krevh patent discloses and claims only playard legs which are substantially" covered - - "completely covered in fabric."

28

6

GRACO'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| Q: | Do you agree with that statement? Again, yes or no, please. | |
| A: | I have to disagree. | |
| Q: | On what basis would you disagree? | |
| A: | That it only covers playard legs that are covered. | |
| Q: | Can you please show me something as claimed in the 218 patent or the underlying application that would support the statement you just made? | |
| A: | Well, the fact that the legs are curved and it's in bold, which to me when I signed this patent indicated to me that it was the shape, the aesthetics, the form of the playard leg. | |

As seen above, Ms. Krevh, who is not a party to this lawsuit, has no ownership interest in the patent, does not work for Graco, and owns no Newell-Rubbermaid stock (Krevh Decl. at ¶ 4) testified that the '218 Patent is not limited to playards with covered curved legs. (Krevh Tr. 72-73, 80-82). During the deposition, Baby Trend's counsel confused Ms. Krevh with discussion of an actual model of the playard she was designing, (Krevh Decl. at ¶ 7), and as a result she provided an answer that appears to contradict to her actual views (and prior testimony). (Krevh Decl. at ¶ 8). Ms. Krevh, who has no interest in the outcome of this lawsuit, is so upset with what transpired at her deposition, she has submitted the attached Declaration. (Krevh Decl. at ¶¶ 3, 5, 7). Ms. Krevh's declaration confirms her original testimony: that she believes that the '218 Patent shows a curved leg for a playard that is not limited to being either covered or uncovered. (Krevh Decl. at ¶ 9). The invention is the curve of the playard leg. (Krevh Decl. at ¶ 10).[2]

---

[2] Ms. Krevh also notes that she is not an expert in design patents or a patent lawyer, does not have any knowledge of design patent drawing conventions, and does not know how to interpret shading, hashing, or other marking in a design patent. (Krevh Decl. at ¶ 11). In short, Ms. Krevh's testimony as to the meaning of the drawings is of little moment here.

## II. Ms. Krevh's Testimony Does Not Constitute An Admission

Additionally, Baby Trend is incorrect in characterizing Ms. Krevh's statements as admissions. (Resp. at 2, 5.) As shown above, Ms. Krevh did not "admit" that the patent covers a covered curved leg. Rather, until she became confused by discussion of an actual physical model of a playard, (Krevh Decl. at ¶ 7), she steadfastly told Baby Trend's counsel that her invention was the shape of the leg. (Krevh Tr. at 70-71, 72-73, 78-79.) In any event, Ms. Krevh is not a party to this case, and consequently, cannot make an admission on behalf of Graco.

Moreover, as Baby Trend admits, inventor testimony is of little probative value when determining the meaning of the claims. Indeed, it is error for a district court to rely heavily on inventor testimony to determine the scope of claims. *See CBT Flint Partners, LLC. v. Return Path, Inc.*, ___ F.3d ___, Nos. 1010–1201, 2010–1203, 2011 U.S. App. LEXIS 16499, at *17 (Fed. Cir. Aug. 10, 2011) ("The district court erred in its heavy reliance on one portion of inventor testimony."). In any event, Ms. Krevh's testimony, viewed as a whole, shows that to the extent the "findings of facts" that form the entire basis for Baby Trend's motion are relevant here, there are genuine issues of fact as to both their meaning and probative value that preclude summary judgment of non-infringement.

## III. The Non-Elected Invention Is Entirely Consistent With The Fact That The '218 Patent Is Not Limited to "Covered" Legs

Baby Trend also attempts for the first time to rely on an invention that Graco chose not to pursue. Baby Trend discusses the prosecution history of Graco's '218 Patent, and in particular, the fact that the Patent Office believed that Graco's original application disclosed two inventions, not one. Because an application can only be directed to one invention, Patent Office rules required Graco to choose one. Graco chose to pursue the invention consisting of "curved legs for a playard." (Dkt. No. 59-10 at 41, 43.)

Baby Trend attempts to draw a conclusion about what the non-elected invention shows, comparing the drawings of the first invention to those of the second. This exercise does not help Baby Trend. All this argument establishes is that the drawings of the non-elected invention are different from those that ultimately became the '218 Patent. For example, on page 8 of its Response, Baby Trend compares two different figures from the prosecution history, but ignores the fact that one includes an exterior perimeter solid line (indicating a claimed feature), while the other does not have a solid perimeter line and shows only one feature in solid that is claimed: the curved legs. This further supports the conclusion that the Graco patent covers only curved legs, and that it is not limited to legs that are covered.

**IV. Graco Marked All Versions Of Its Playards With The '218 Patent, Regardless Of Whether They Had Covered Or Exposed Legs**

Finally, Baby Trend suggests that because Graco sold its patented curved-leg playards in versions that had both exposed legs and covered legs, that fact somehow supports Baby Trend's attempt to limit the patent to covered curved legs. It does not. Graco sold <u>both</u> versions of the patented playards, and Graco marked <u>both</u> versions of the patented playards with the '218 Patent number, indicating that the patent covered both versions of the product. Graco did so because the patent covers the shape of the legs, regardless of whether they are covered or exposed.

# CONCLUSION

For the foregoing reasons, in addition to those discussed in Graco's Opposition to Baby Trend's Motion, Baby Trend has not met its burden of establishing that there are no material facts at issue. Accordingly, Graco respectfully requests that the Court deny Baby Trend's Motion.

DATED: September 16, 2011    BALLARD SPAHR LLP

　　　　　　　　　　　　　　　　　s/ Penny M. Costa
　　　　　　　　　　　　　　　Penny M. Costa
　　　　　　　　　　　　　　　2029 Century Park East, Suite 800
　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　Telephone: (424) 204-4400
　　　　　　　　　　　　　　　Facsimile: (424) 204-4350
　　　　　　　　　　　　　　　Email:　costap@ballardspahr.com

　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　Lynn E. Rzonca *(admitted pro hac vice)*
　　　　　　　　　　　　　　　Ballard Spahr LLP
　　　　　　　　　　　　　　　1735 Market Street, 51st Floor
　　　　　　　　　　　　　　　Philadelphia, PA 19103-7599
　　　　　　　　　　　　　　　Telephone: (215) 665-8500
　　　　　　　　　　　　　　　Facsimile: (215) 864-8999
　　　　　　　　　　　　　　　E-mail:　rzoncal@ballardspahr.com

　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　Katrina M. Quicker *(admitted pro hac vice)*
　　　　　　　　　　　　　　　Ballard Spahr LLP
　　　　　　　　　　　　　　　999 Peachtree Street, Suite 1000
　　　　　　　　　　　　　　　Atlanta, GA 30309-3915
　　　　　　　　　　　　　　　Telephone: (678) 420-9300
　　　　　　　　　　　　　　　Facsimile: (678) 420-9301
　　　　　　　　　　　　　　　E-mail:　quickerk@ballardspahr.com

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067. On **September 16, 2011**, I served the within documents:

GRACO'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARY ANNE KREVH

☒ **BY EMAIL**: I electronically filed a true and correct copy of GRACO'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARY ANNE KREVH through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

- **J. Rick Tache**
  rtache@swlaw.com
- **Deborah S Mallgrave**
  dmallgrave@swlaw.com,dmwilliams@swlaw.com
- **Michael B Reynolds**
  mreynolds@swlaw.com
- **Jasmin Yang**
  jyang@swlaw.com,kcollins@swlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **September 16, 2011**, at Los Angeles, CA.

_/s/ Lisa Kwon_
Lisa Kwon

---

GRACO'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT