PENNY M. COSTA, (SBN 110373)
costap@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909
Telephone: (424) 204-4331
Facsimile: (424) 204-4350

LYNN E. RZONCA (ADMITTED *PRO HAC VICE*)
rzoncal@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8990

KATRINA M. QUICKER (ADMITTED *PRO HAC VICE*)
quickerk@ballardspahr.com
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301

Attorneys for Plaintiff Graco Children's Products Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Graco Children's Products Inc., | Case No. 2:10-cv-05897-JST |
| Plaintiff, | **PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| Baby Trend, Inc., | |
| Defendant. | **[CONCURRENTLY FILED WITH SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF GRACO'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DECLARATION OF KATRINA M. QUICKER]** |
| | **Judge: Hon. Josephine S. Tucker** |
| | **Date: Monday, October 17, 2011** <br> **Time: 10:00 a.m.** <br> **Courtroom: 10A** |

PLAINTIFF GRACO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF FACTS .......................................................................... 1

III. ARGUMENT ............................................................................................. 2

    A. Legal Standard For Summary Judgment ......................................... 2

IV. INVALIDITY AND/OR ENFORCEABILITY ........................................ 3

    A. Claims of Invalidity Should Be Dismissed ..................................... 4

    B. Claims of Unenforceability Should Be Dismissed.......................... 7

V. PATENT MISUSE ..................................................................................... 8

    A. Patent Misuse Is An Affirmative Defense, Not A Separate Cause ......................... 8

    B. Baby Trend Cannot Claim Damages For Patent Misuse ................ 9

    C. Patent Misuse Cannot Be Established.............................................. 9

VI. EXCEPTIONAL CASE ........................................................................... 11

    A. There Is No Subject Matter Jurisdiction ...................................... 11

    B. The Counterclaim Fails To Resolve The Entire Dispute .............. 12

VII. CONCLUSION ........................................................................................ 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Akhavein v. Argent Mortgage Co.*,
  2009 WL 2157522 (N.D. Cal. July 18, 2009) ........................................................................ 13

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................................ 3

*Astrazeneca Pharm. LP v. Teva Pharm. USA, Inc.*,
  583 F.3d 766 (Fed. Cir. 2009) ................................................................................................ 7

*Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*,
  853 F.2d 1557 (Fed. Cir. 1988) .......................................................................................... 2, 5

*B. Braun Med., Inc. v. Abbott Labs.*,
  124 F.3d 1419 (Fed. Cir. 1997) .............................................................................................. 9

*Bausch & Lomb Inc. v. Barnes-Hind Inc.*,
  796 F.2d 443 (Fed. Cir. 1986) ................................................................................................ 4

*Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*,
  249 F.3d 1341 (Fed. Cir. 2001) .......................................................................................... 4, 6

*C.R. Bard, Inc. v. M3 Sys., Inc.*,
  157 F.3d 1340 (Fed. Cir. 1998) .............................................................................................. 9

*Calderon v. Ashmus*,
  523 U.S. 740 (1998) .......................................................................................................... 12, 13

*Carmen v. San Francisco Unified Sch. Dist.*,
  237 F.3d 1026 (9th Cir. 2001) ................................................................................................ 3

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .......................................................................................................... 2, 7

*CMI, Inc. v. Intoximeters, Inc.*,
  918 F. Supp. 1068 (W.D. Ky. 1995) ....................................................................................... 9

*DeFeo v. Procter & Gamble Co.*,
  831 F. Supp. 776 (N.D. Cal. 1993) ....................................................................................... 12

*Douros v. State Farm Fire & Cas. Co.*,
  508 F. Supp. 2d 479 (E.D. Va. 2007) .................................................................................... 14

*Durling v. Spectrum Furniture Co.*,
  101 F.3d 100 (Fed. Cir. 1996) ............................................................................................ 5, 6

ii

*Enercon GMBH v. Erdman,*
   13 Fed. Appx. 651 (9th Cir. 2001) ............................................................... 9

*Excelstor Tech, Inc. v. Papst Licensing GMBH & Co. KG,*
   No. C 09-2055 PJH, 2010 WL 2560481 (N.D. Cal. June 22, 2010) ..................... 12

*Exxon Shipping Co. v. Airport Depot Diner, Inc.,*
   120 F.3d 166 (9th Cir. 1997) ...................................................................... 12

*Gemtron Corp. v. Saint-Gobain Corp.,*
   572 F.3d 1371 (Fed. Cir. 2009) ..................................................................... 7

*Glaverbel Societe Anonyne v. Northlake Marketing & Supply, Inc.,*
   45 F.3d 1550 (Fed. Cir. 1995) ...................................................................... 7

*Golan v. Pingel Enter., Inc.,*
   310 F.3d 1360 (Fed. Cir. 2002) ..................................................................... 7

*GP Indus., Inc. v. Eran Indus., Inc.,*
   500 F.3d 1369 (Fed. Cir. 2007) ..................................................................... 8

*Graham v. John Deere Co.,*
   383 U.S. 1 (1966) ....................................................................................... 6

*Horphag v. Research Ltd. v. Garcia,*
   475 F.3d 1029 (9th Cir. 2007) ...................................................................... 2

*In re Dembiczak,*
   175 F.3d 994 (Fed. Cir. 1999) ...................................................................... 5

*Keenan v. Allen,*
   91 F.3d 1275 (9th Cir. 1996) ........................................................................ 3

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
   511 U.S. 375 (1994) ................................................................................... 11

*KSR, Int'l Co. v. Teleflex, Inc.,*
   550 U.S. 1727 (2007) ................................................................................... 5

*L.A. Gear v. Thorn McAn Shoe Co.,*
   988 F.2d (Fed. Cir. 1993) ......................................................................... 5, 6

*Mallinckrodt, Inc. v. Medipart, Inc.,*
   976 F.2d 700 (Fed. Cir. 1992) ...................................................................... 9

*Mangindin v. Washington Mut. Bank,*
   2009 WL 1766601 (N.D. Cal. June 18, 2009) ................................................ 13

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986) ..................................................................................... 3

PLAINTIFF GRACO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*McGraw-Edison Co. v. Preformed Line Prods. Co.,*
  362 F.2d 339 (9th Cir. 1966).................................................................................... 13

*Medlmmune, Inc. v. Genentech, Inc.,*
  549 U.S. 118 (2007).......................................................................................................... 11

*Microsoft Corp. v. i4i Ltd. P'ship,*
  131 S. Ct. 2238 (2011)....................................................................................................... 4

*Monsanto Co. v. Scruggs,*
  459 F.3d 1328 (Fed. Cir. 2006)....................................................................................... 9

*Perkin-Elmer Corp. v. Computervision Corp.,*
  732 F.2d 888 (Fed. Cir. 1984).......................................................................................... 4

*Princo Corp. v. Int'l Trade Comm'n,*
  616 F.3d 1318 (Fed. Cir. 2010)................................................................................. 8, 10

*Sanofi-Synthelabo v. Apotex, Inc.,*
  470 F.3d 1368 (Fed. Cir. 2006).......................................................................................... 4

*Senza-Gel Corp. v. Seifhart,*
  803 F.2d 661 (Fed. Cir. 1986)........................................................................................... 10

*Shapiro v. Jupiterimages Corp.,*
  No. C 07-5540, 2008 WL 183511 (N.D. Cal. Jan. 18, 2008) ................................. 13

*Symetra Life Ins. Co. v. Rapid Settlements Ltd.,*
  612 F. Supp. 2d 759 (S.D. Tex. 2007) ......................................................................... 12

*Tunik v. Merit Sys. Protection Bd.,*
  407 F.3d 1326 (Fed. Cir. 2005)....................................................................................... 12

*Wilton v. Seven Falls,*
  515 U.S. 277 (1995).............................................................................................................. 12

*Zenith Radio Corp. v. Hazeltine Research, Inc.,*
  395 U.S. 100 (1969)............................................................................................................. 10

**FEDERAL STATUTES**

28 U.S.C. §§ 2201 and 2202 ................................................................................................... 11

35 U.S.C. § 102 .............................................................................................................................. 1

35 U.S.C. §103 ........................................................................................................................... 1, 5

35 U.S.C. § 285 ................................................................................................................ 11, 12, 13

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RULES**

Fed. R. Civ. P. 56 ........................................................................................................... 1

Fed R. Civ. P. 56(c) .................................................................................................... 2, 7

Fed. R. Civ. P. 56(e) ...................................................................................................... 3

PLAINTIFF GRACO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1    PLEASE TAKE NOTICE that on October 17, 2011, at 10:00 a.m., or as soon

2  thereafter as counsel may be heard in Courtroom 10A of the above-entitled court,

3  Plaintiff Graco Children's Products Inc. ("Graco") will, and hereby does, move the

4  Court for an order under Rule 56 of the Federal Rules of Civil Procedure granting

5  partial summary judgment on Defendant Baby Trend, Inc.'s ("Baby Trend")

6  Second, Third, and Fourth Counterclaims for declaratory judgment of invalidity

7  and/or unenforceability, patent misuse, and attorneys' fees, respectively, and its

8  related affirmative defenses of invalidity, unenforceability, and patent misuse.

9    This motion is made following the conference of counsel pursuant to Central

10  District Court Local Rule 7-3, which took place on September 16, 2011.[1]

11                           **Claims for Relief**

12    1.    There is no genuine issue of material fact as to Baby Trend's Second

13  Claim for Relief—Declaratory Judgment Regarding Invalidity and/or

14  Unenforceability of the '218 Patent—and Graco is entitled to judgment on this

15  claim as a matter of law.

16    2.    There is no genuine issue of material fact as to Baby Trend's Third

17  Claim for Relief—Patent Misuse of the '218 Patent—and Graco is entitled to

18  judgment on this claim as a matter of law.

19    3.    There is no genuine issue of material fact as to Baby Trend's Fourth

20  Claim for Relief—Declaratory Judgment of an Exceptional Case—35 U.S.C. §

21  285—and Graco is entitled to judgment on this claim as a matter of law.

22

23  ─────────────────
    1  Pursuant to Local Rule 7-3, Graco's counsel, Katrina Quicker, first contacted
24  Baby Trend's counsel, Deb Mallgrave, on September 13, 2011 in an attempt to
    schedule a timely Meet and Confer to discuss this motion.  Declaration of Katrina
25  M. Quicker ("Quicker Decl.") at ¶ 4.  Ms. Mallgrave indicated by email that she
    would be available for a telephone conference on September 14, 2011.  *Id.* at ¶ 5.
26  On September 14 and September 15, both Ms. Quicker and Ms. Mallgrave
    repeatedly attempted to reach each other, but were unable to do so.  *Id.* at ¶ 6.
27  Because of these scheduling issues, the parties did not hold the Meet and Confer
    until September 16, 2011.  *Id.* at ¶ 7.

28

─────────────────
PLAINTIFF GRACO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1    Graco makes this motion under Federal Rule of Civil Procedure 56 on

2  the ground that there are no genuine issues of material fact on the claims within

3  the second, third, and fourth claims for relief in Baby Trend's counterclaim for

4  declaratory relief and affirmative defenses based on invalidity, patent misuse, and

5  exceptional case because the undisputed facts establish:

6         (1) the '218 Patent claims are valid and enforceable;

7         (2) Graco has not engaged in misuse of the '218 Patent; and

8         (3) Graco did not bring its infringement claim with wrongful intent.

9    This motion is based on this Notice of Motion, the attached Memorandum of

10  Points and Authorities, the concurrently submitted Statement of Uncontroverted

11  Facts and Conclusions of Law, the concurrently submitted [proposed] order, the

12  concurrently-submitted [proposed] judgment, the pleadings and papers on file in

13  this action, and such other evidence and argument as may be properly received by

14  the Court.

15  DATED:  September 19, 2011        BALLARD SPAHR LLP

16

17                        s/ Penny M. Costa
                          Penny M. Costa
18                        2029 Century Park East, Suite 800
                          Los Angeles, California 90067
19                        Telephone:  (424) 204-4400
                          Facsimile:  (424) 204-4350
20                        Email:    costap@ballardspahr.com

21                        Lynn E. Rzonca (admitted *pro hac vice*)
                          Ballard Spahr LLP
22                        1735 Market Street, 51st Floor
                          Philadelphia, PA 19103-7599
23                        Telephone: (215) 665-8500
                          Facsimile: (215) 864-8999
24                        E-mail:  rzoncal@ballardspahr.com

25                             and

26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Katrina M. Quicker *(admitted pro hac vice)*
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301
E-mail:   quickerk@ballardspahr.com

PLAINTIFF GRACO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1      ## MEMORANDUM OF POINTS AND AUTHORITIES

2      ## I.    INTRODUCTION

3           Pursuant to Fed. R. Civ. P. 56, Graco moves this Court for Partial Summary

4      Judgment on Baby Trend's Affirmative Defenses of Patent Misuse,

5      Invalidity/Unenforceability,  Invalidity under 35 U.S.C. § 102, and Invalidity under

6      35 U.S.C. §103, as well as its Second, Third, and Fourth Counterclaims for Patent

7      Invalidity and/or Unenforceability, Patent Misuse, and Exceptional Case,

8      respectively.  In its Answer and Counterclaims, Baby Trend asserted affirmative

9      defenses of patent misuse, invalidity/unenforceability,  invalidity under 35 U.S.C. §

10     102, and invalidity under 35 U.S.C. §103 and it counterclaimed for declaratory

11     judgment of invalidity and/or unenforceability, patent misuse, and exceptional case.

12     (Dkt. No. 22 at pp. 4-5, 8-9.)

13     ## II.    STATEMENT OF FACTS

14          This is a design patent infringement case involving playards for children.

15     Graco owns the patent at issue—U.S. Design Patent No. D448,218 ("the '218

16     Patent").  (Quicker Decl. at Ex. A.)  Graco sued Baby Trend for infringing the '218

17     Patent.  Graco and Baby Trend are competitors in the market for juvenile products.

18     (Quicker Decl. at Ex. D at No. 18.)

19          Graco's '218 Patent is titled "Curved Legs for a Playard."  (Quicker Decl. at

20     Ex. A.)  It was issued on September 25, 2001.  (*Id.*)  It covers an ornamental design

21     for curved legs for a playard.  (*Id.*)  Because the playard with the curved legs was

22     such a departure from the traditional "boxy" look of playards, it was a huge

23     commercial success.  (Quicker Decl. at Ex. E at ¶ 7.)  Sales were robust.  (*Id.*)

24          It was not until after Graco's successful launch of its "Silhouette" design that

25     Baby Trend came out with a curved leg playard, having exactly the same curved leg

26     as the Graco product.  (Quicker Decl. at Ex. E at ¶ 5-6.)  Baby Trend now sells

27

28

1  twenty-four models of playards that have curved legs.[2]  (Quicker Decl. at Ex. B at

2  No. 1.)  Those twenty-four models are the "accused products."

3      Since 2006, Baby Trend has imported into the United States from China

4  hundreds of thousands of infringing curved-leg playards.  (Quicker Decl. at Ex. B at

5  Nos. 2, 4.)  Baby Trend's knock-off playards have cost Graco dearly in terms of

6  both lost sales and lost retail "slots" with its biggest customer, Babies "R" Us.

7  (Quicker Decl. at Ex. E at ¶ 9.)

8  **III.    ARGUMENT**

9      **A.    LEGAL STANDARD FOR SUMMARY JUDGMENT**

10      The Federal Circuit "has repeatedly emphasized that 'summary judgment is

11  as appropriate in a patent case as in any other.'"  *Avia Group Int'l, Inc. v. L.A. Gear*

12  *Cal., Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988) (citations omitted).  If no genuine

13  issue of material fact exists and the moving party is entitled to judgment as a matter

14  of law, summary judgment is appropriate.  *See* Fed R. Civ. P. 56(c); *Celotex Corp.*

15  *v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden

16  of demonstrating the absence of any genuine issue of material fact.  *See Horphag v.*

17  *Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).  An issue is

18  "genuine" if the evidence is such that a reasonable jury could return a verdict for

19  _____

20  [2]  The 24 models are:  PY86992  Deluxe – Nursery /Provence; PY86428 Mojito – Deluxe Nursery
    Center; PY86045 Skylar – Deluxe Nursery Center; PY86091 Mesa – Deluxe Nursery Center;

21  PY86443 Columbia – Deluxe Nursery Center; PY86962 Dakota – Deluxe Nursery Center;
    8065BCC Orange Oak – Deluxe Nursery Center; PY86801 Baby Tech – Deluxe Nursery Center;

22  PY87991 Close N Cozy/Wisteria Lane; PY90918 Twilight – Mini Nursery Center CNC;
    PY87983 All Star – Deluxe Nursery Center; PY90973 Cordova – Mini Nursery Center CNC;

23  PY88950 Metropolitan – Deluxe Nursery Center CNC; PY87029 Gabriella – Deluxe Nursery
    Center CNC; PY87965 Chickadee – Deluxe Nursery Center CNC; PY87915 Northridge Plaid –

24  Deluxe Nursery Center CNC; PY87916 Zulu – Deluxe Nursery Center CNC; PY87906 Chrissy –
    Deluxe Nursery Center CNC; 8274BCC Deluxe Trend Playard – Havenwood; 8256BCC

25  Serengetti – Deluxe Nursery Center; 8206BCC Malawi – Deluxe Nursery Center; 8207BCC Sun
    Dance – Deluxe Nursery Center; 8211BCC Chatham – Deluxe Nursery Center; 8263BCC

26  Zanzibar – Deluxe Nursery Center.

27

28

1  the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

2  (1986).  An issue is "material" if its resolution could affect the outcome of the

3  action.  *Id.* at 248.

4          Once the moving party meets its initial burden, the burden shifts to the non-

5  moving party to set forth specific facts showing that there is a genuine issue for

6  trial.  *See* Fed. R. Civ. P. 56(e).  The non-movant cannot merely rely on the

7  pleadings in responding to a properly-supported summary judgment motion;

8  instead, he must present specific and supported material facts, of significant

9  probative value, to preclude summary judgment.  *See Matsushita Elec. Indus. Co.,*

10  *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 11 (1986).  In determining whether

11  a genuine issue of material fact exists, the court views the evidence and draws

12  inferences in the light most favorable to the non-moving party.  *See Anderson*, 477

13  U.S. at 255.

14          The district court need not scour the record in search of a genuine issue of

15  triable fact.  *See Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The non-

16  moving party carries the burden of identifying with reasonable particularity the

17  evidence that precludes summary judgment.  *See id.*  If the nonmoving party fails to

18  do so, the district court may properly grant summary judgment in favor of the

19  moving party.  *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026,

20  1028-29 (9th Cir. 2001).

21  **IV.   INVALIDITY AND/OR ENFORCEABILITY**

22          Graco seeks Summary Judgment that Baby Trend has failed to provide

23  sufficient proof of invalidity and unenforceability of the '218 Patent, that the

24  presumption of validity has not been overcome, and that Baby Trend's second

25  counterclaim for a declaration of invalidity and unenforceability be dismissed with

26  prejudice.

27          Baby Trend's pleadings are without substance.  The invalidity and

28  unenforceability defenses and counterclaims in its Answer and Counterclaim (Dkt.

No. 22 at pp. 4, 8-9) contains nothing but conclusory statements, which, as a matter of law, do not raise a genuine issue of material fact.  *See Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc*., 249 F.3d 1341, 1353 (Fed. Cir. 2001). When pressed for additional information on these defenses in Graco's interrogatories, Baby Trend responded that "the invention of a covered, curved-leg to a playard claimed by the '218 patent is not novel and is obvious in light of the prior art" and "Graco is improperly asserting the '218 Patent which it knows or should have known is unenforceable and not infringed by Baby Trend's curved-leg playards."  (Quicker Decl. at Ex. B at Nos. 7, 9.)  Those responses fail to create an issue of fact.

Finally, Baby Trend's expert report only speaks to obviousness and says nothing about novelty or enforceability.  (Quicker Decl. at Ex. C at ¶ 44.)  This expert analysis does nothing more than reference three patents and summarily conclude the combination of the three would render the '218 Patent obvious.  (*Id.* at ¶ 42-43.)

It is manifest that Baby Trend cannot show that a reasonable jury could find that it met its burden of demonstrating invalidity or unenforceability by clear and convincing evidence.

### A.    Claims of Invalidity Should Be Dismissed

An issued patent is presumed valid at every stage of the litigation.  *Sanofi-Synthelabo v. Apotex, Inc*., 470 F.3d 1368, 1375 (Fed. Cir. 2006).  The presumption means that the patentee has no obligation to introduce any evidence initially on validity; rather, it is the challenger that must establish facts, by clear and convincing evidence, which persuasively lead to the conclusion of invalidity.  *See, e.g., Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2243 (2011); *Perkin-Elmer Corp. v. Computervision Corp*., 732 F.2d 888, 894 (Fed. Cir. 1984); *Bausch & Lomb Inc. v. Barnes-Hind Inc*., 796 F.2d 443, 446 (Fed. Cir. 1986).

To make a prima facie case of obviousness under 35 U.S.C. § 103, Baby Trend must prove by clear and convincing evidence that "the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996). "More specifically, the inquiry is whether one of ordinary skill would have combined the teachings of the prior art to create the same overall visual appearance as the claimed design." *Id.*

The invalidity analysis for design patents is relatively straightforward:  first one must find a single primary reference, "'a something in existence, the design characteristics of which are basically the same as the claimed design.'" *Id.* (quoting *In re Rosen*, 673 F.2d 388, 391 (C.C.P.A 1982)).  "As with utility patents, obviousness is not determined as if the designer had hindsight knowledge of the patented design." *L.A. Gear v. Thorn McAn Shoe Co.*, 988 F.2d, 1117, 1124 (Fed. Cir. 1993).  One way the Federal Circuit prevents using hindsight is to require some teaching, suggestion or reason to create the claimed combination.  *In re Dembiczak*, 175 F.3d 994, 998-1000 (Fed. Cir. 1999); *KSR, Int'l Co. v. Teleflex, Inc.*, 550 U.S. 1727 (2007).  As explained by the Federal Circuit in *L.A. Gear*, "[a] reconstruction of known elements does not invalidate a design patent, absent some basis whereby a designer of ordinary skill would be led to create this particular design."  988 F.2d at 1124.

As a matter of law, Baby Trend cannot carry its burden of proof regarding invalidity.  There is no evidence of record that the '218 Patent is invalid.  The only "facts" set forth by Baby Trend in support of its invalidity contentions are found in the pleadings, answers to interrogatories, and in two paragraphs of its expert report—all of which are insufficient to establish a case of invalidity.

First, Baby Trend's pleadings are insufficient as a matter of law.  The invalidity and unenforceability defenses and counterclaims in its Answer and Counterclaim (Dkt. No. 22 at pp. 4, 8-9) contain nothing but conclusory statements,

5

1  which, as a matter of law, do not raise a genuine issue of material fact.  *See Biotec*

2  *Biologische Naturverpackungen GmbH v. Biocorp, Inc*., 249 F.3d 1341, 1353 (Fed.

3  Cir. 2001).  Second, Baby Trend's Interrogatory Responses present no facts, but

4  instead merely recite conclusions of law.  Third, in his expert report, Baby Trend's

5  expert Dr. McCarthy concluded that the '218 Patent "would have been invalid as

6  being obvious to one of ordinary skill in the art" by combining three references: (1)

7  U.S. Patent No. D304,52 ("the '523 Patent") showing a straight-legged playard

8  covered in cloth, (2) U.S. Patent No. D397,56 ("the '563 Patent") showing a

9  curved-legged table, and (3) U.S. Patent No. D411,06 ("the '062 Patent") showing a

10  curved shelf support.  (Quicker Decl. at Ex. C at ¶ 42-43.)  Other than mentioning

11  the three patents, no other analysis is provided.  Dr. McCarthy failed to identify a

12  "primary reference," i.e., a single prior art reference that is substantially the same as

13  the patented design," *Durling*, 101 F.3d at 103, or provide a reason for the ordinary

14  designer to combine all *three* unrelated references, *see LA. Gear*, 988 F.2d at 1124.

15      In addition to his failure to establish a prima facie case of obviousness, Dr.

16  McCarthy does nothing to rebut the striking secondary considerations of

17  nonobviousness such as the commercial success and the juvenile products industry

18  awards given to Graco.  *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).

19  Here, the evidence establishes that Graco's patented playards have enjoyed

20  enormous commercial success directly resulting from the claimed design and its

21  novel design has garnered accolades.  (Quicker Decl. at Ex. E at ¶ 7.)

22      Here, the evidence of record substantially comprises unsupported attorney

23  argument (e.g., the narrative provided by Baby Trend in its Counterclaim,

24  Supplemental Response to Interrogatories, and its expert report).  This is

25  insufficient as a matter of law to make out a claim for invalidity.  Likewise, Baby

26  Trend will not be able, as a matter of law, to point to any testimony from any of the

27  fact witnesses already deposed or yet to be deposed in this case to provide the

28  missing expert analysis.  At most, Baby Trend will only be able to supply attorney

1   argument relating to the listed references.  This cannot replace facts.  *Gemtron*
2   *Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009).

3       "[T]he plain language of Rule 56(c) mandates the entry of summary
4   judgment . . . against a party who fails to make a showing sufficient to establish the
5   existence of an element essential to that party's case, and on which that party will
6   bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  Because Baby Trend
7   will be unable to show by clear and convincing evidence that the '218 Patent is
8   invalid, summary judgment of no invalidity is appropriate.

9       **B.    Claims of Unenforceability Should Be Dismissed**

10      A patentee's bad faith acts can render an otherwise valid patent
11  unenforceable.  Bad faith acts include inequitable conduct and patent misuse.
12  Unenforceability is different than invalidity.  Patent validity is defeated by showing
13  that the claimed invention is anticipated by an earlier invention, was obvious in
14  light of the state of the prior art, or is useless.

15      Summary judgment is an appropriate vehicle to dispose of unsubstantiated
16  unenforceability claims. *See, e.g., Astrazeneca Pharm. LP v. Teva Pharm. USA,*
17  *Inc.*, 583 F.3d 766, 770 (Fed. Cir. 2009).  "The bringing of a lawsuit to enforce
18  legal rights does not of itself constitute violation of the antitrust laws or patent
19  misuse; there must be bad faith and improper purpose in bringing the suit, in
20  implementation of an illegal restraint of trade."  *Glaverbel Societe Anonyne v.*
21  *Northlake Marketing & Supply, Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995).
22  Moreover, the law presumes that an assertion of a patent is made in good faith and
23  is not misuse.  *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir.
24  2002).

25      To avoid summary judgment, a party claiming bad faith patent enforcement
26  "must present affirmative evidence sufficient for a reasonable jury to conclude that
27  the patentee acted in bad faith, in light of the burden of clear and convincing
28  evidence that will adhere at trial."  *Id.*  To be brought in bad faith, the infringement

1  allegations must be objectively baseless, such that "no reasonable litigant could
2  reasonably expect success on the merits."  *GP Indus., Inc. v. Eran Indus., Inc.*, 500
3  F.3d 1369, 1374 (Fed. Cir. 2007).

4        According to Baby Trend, the complete basis for its claim for
5  unenforceability is that "[t]he invention of a covered, curved-leg to a playard
6  claimed by the '218 Patent is not novel and is obvious in light of the prior art."
7  (Quicker Decl. at Ex. B at No. 7.)  Its basis for misuse is that "Graco is improperly
8  asserting the '218 Patent which it knows or should have known is unenforceable
9  and not infringed by Baby Trend's curved-leg playards."  (Quicker Decl. at Ex. B at
10  No. 9.)  Neither of these responses warrant a determination of unenforceability.

11        Baby Trend has not alleged any factual basis that Graco acted in bad faith in
12  bringing this suit.  Because Baby Trend has not met its burden of putting forward
13  affirmative evidence of bad faith, its second counterclaim for unenforceability
14  should be decided in Graco's favor.

15  **V.    PATENT MISUSE**

16        Baby Trend's third counterclaim, declaratory judgment of patent misuse,
17  fails as a matter of law because patent misuse is an affirmative defense—not an
18  affirmative claim.  Moreover, Baby Trend did not assert any facts to establish the
19  requisite "leverage" to justify the patent misuse defense.  Finally, according to
20  Baby Trend's response to interrogatories, its claim for punitive damages and
21  attorneys' fees is associated solely with Graco's alleged patent misuse.  Because
22  patent misuse cannot be a stand alone cause of action, support an award of
23  damages, or even be established, Graco is entitled to judgment in its favor.

24        **A.    Patent Misuse Is An Affirmative Defense, Not A Separate Cause**

25        Patent misuse is a nonstatutory *defense* to claims of patent infringement
26  rather than an independent cause of action.  *See Princo Corp. v. Int'l Trade*
27  *Comm'n*, 616 F.3d 1318, 1321 (Fed. Cir. 2010).  The defense of patent misuse
28  "may not be converted to an affirmative claim for damages simply by restyling it as

8

1  a declaratory judgment counterclaim." *B. Braun Med., Inc. v. Abbott Labs.*, 124
2  F.3d 1419, 1427-28 (Fed. Cir. 1997).  *See also Enercon GMBH v. Erdman*, 13 Fed.
3  Appx. 651, 652 (9th Cir. 2001) ("patent misuse is an affirmative defense to a suit
4  for patent infringement, not an independent cause of action"); *CMI, Inc. v.*
5  *Intoximeters, Inc.*, 918 F. Supp. 1068, 1090 (W.D. Ky. 1995) ("Patent misuse
6  cannot be the basis of a cause of action. Rather, it is an affirmative defense to a
7  patent holder's claim of infringement").  Summary judgment in Graco's favor is
8  thus appropriate.

9  **B.     Baby Trend Cannot Claim Damages For Patent Misuse**

10     In response to interrogatories, Baby Trend claims its request for punitive
11  damages and attorneys' fees is based solely on Graco's alleged patent misuse.
12  (Quicker Decl. at Ex. B at No. 13.)  A finding of misuse renders the patent
13  unenforceable until the misuse is purged; it does not result in an award of damages
14  to the accused infringer.  *See B. Braun Med.*, 124 F.3d at 1427.  As such, Baby
15  Trend's request for damages fails as a matter of law and should be dismissed.

16  **C.     Patent Misuse Cannot Be Established**

17     Even if Baby Trend could assert a claim for patent misuse, it cannot establish
18  the requisite elements.  Accordingly, its counterclaim (as well as its affirmative
19  defense) should be decided in Graco's favor.

20     Patent misuse is an extension of the equitable doctrine of unclean hands to
21  the patent field.  Misuse "relates generally to the use of patent rights to obtain or
22  coerce an unfair commercial advantage." *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d
23  1340, 1372 (Fed. Cir. 1998).  It exists to prevent a patentee from using the patent to
24  obtain market benefit beyond that which inures in the statutory patent right,"
25  *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1339 (Fed. Cir. 2006), and "to restrain
26  practices that did not in themselves violate any law, but that drew anticompetitive
27  strength from the patent right, and thus were deemed to be contrary to public
28  policy" *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed. Cir. 1992).

"[T]he key inquiry under the patent misuse doctrine is whether . . . the patentee has impermissibly broadened the physical or temporal scope of the patent grant and has done so in a manner that has anticompetitive effects." *Princo Corp.*, 616 F.3d at 1328.  Patent misuse is about "patent leverage," i.e., the use of the patent monopoly to impose overbroad conditions on the use of the patent in suit that are "not within the reach of the monopoly granted by the Government." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 136-38 (1969).  In one instance, "patent leverage" arises when the patent holder uses a licensing agreement to exact conditions that both extend the rights granted by patent and have anticompetitive effects, for example, by requiring licensees to purchase unpatented goods as a condition to the license.  This practice is known as "tying."  *See Senza-Gel Corp. v. Seifhart*, 803 F.2d 661, 667 (Fed. Cir. 1986).

Baby Trend does not (and cannot) show the existence of "leverage."  It does not claim that it was required to license unwanted patents along with the '218 Patent or that Graco improperly demanded royalty payments after the '218 Patent expired.  Indeed, Baby Trend has put forward no evidence that it has licensed the '218 Patent; thus, Graco is not in the position to exert the "leverage" required to implicate the doctrine of patent misuse.  The only evidence Baby Trend advances to support its defense is the conclusory statement "that Graco has engaged in patent misuse [and] is improperly asserting the '218 Patent, which it knows or should have known is unenforceable and not infringed by Baby Trend's curved-leg playards." (Quicker Decl. at Ex. B at No. 9.)  It cites in support of that evidence Dr. McCarthy's expert report, the '218 Patent and its prosecution history, pictures and samples of the accused products, U.S. Pat. No. D604,970 and its prosecution history, testimony of Mary Ann Krevh, and documents relating to Graco's first production of a playard embodying the playard claimed in the '218 Patent.  *Id.* None of these documents help Baby Trend establish the requisite elements of patent misuse.  Accordingly, Baby Trend cannot, as a matter of law, establish patent

PLAINTIFF GRACO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1  misuse.  Graco therefore respectfully requests that this Court enter a judgment
2  granting partial summary judgment against Baby Trend and in favor of Graco on
3  Baby Trend's third counterclaim.

4  **VI.   EXCEPTIONAL CASE**

5       Baby Trend's fourth counterclaim seeks a declaratory judgment, pursuant to
6  28 U.S.C. §§ 2201 and 2202, for the Court to declare the present lawsuit an
7  exceptional case under 35 U.S.C. § 285 and thus entitle Baby Trend to attorneys'
8  fees.  Baby Trend asserts that this claim is proper because "Graco brought this
9  action with wrongful intent or at least gross negligence, and with knowledge that
10  Baby Trend's products do not infringe any valid and enforceable claim of the '218
11  Patent.  (Dkt. 22 at p. 8-9.)  Yet declaratory judgment of exceptional case cannot
12  create a case or controversy to support subject matter jurisdiction.  In addition, the
13  counterclaim serves no useful purpose—it fails to resolve the parties' dispute and
14  would necessarily be resolved as part of the counterclaim for noninfringement.
15  Accordingly, because Baby Trend's declaratory relief claims will not resolve the
16  parties' entire controversy, but will merely resolve subsumed issues, Graco is
17  entitled to judgment in its favor.

18      **A.   There Is No Subject Matter Jurisdiction**

19       Federal courts have no power to consider claims for which they lack subject-
20  matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,
21  377 (1994).  The party asserting jurisdiction bears the burden of demonstrating that
22  a cause lies within the limited jurisdiction of the federal courts.  *See id*. at 376-78.

23       The Declaratory Judgment Act provides the courts with jurisdiction over
24  declaratory judgment actions only when there is a justiciable case or controversy.
25  *Medlmmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 126-27 (2007).  The court in
26  *Samsung Electronics Co., Ltd. v. Rambus, Inc*., rejected the accused infringer's
27  argument that its claim of attorneys' fees under § 285 against the patentee created a
28  case or controversy to support subject matter jurisdiction.  398 F. Supp. 2d 470, 480

1   (E.D. Va. 2005).  "An interest in attorney's fees is, of course, insufficient to create

2   an Article III case or controversy where none exists on the merits of the underlying

3   claim."  *Id.  See also Tunik v. Merit Sys. Protection Bd.*, 407 F.3d 1326, 1331 (Fed.

4   Cir. 2005) (same); *Excelstor Tech, Inc. v. Papst Licensing GMBH & Co. KG*, No. C

5   09-2055 PJH, 2010 WL 2560481, at * 7 (N.D. Cal. June 22, 2010) (because there is

6   no subject matter jurisdiction for the declaratory judgment claim, there is no federal

7   jurisdiction for a request for attorneys' fees under 35 U.S.C. § 285, as a request for

8   such fees does not itself create subject matter jurisdiction.).  Baby Trend's fourth

9   counterclaim should be dismissed.

10       **B.    The Counterclaim Fails To Resolve The Entire Dispute**

11           Declaratory relief is appropriate where the judgment will "serve a useful

12   purpose in clarifying and settling the legal relations in issue, and . . . will terminate

13   and afford relief from the uncertainty, insecurity, and controversy giving rise to the

14   proceeding."  *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal.

15   1993).  A counterclaim for declaratory relief is only appropriate where it is more

16   than a mere denial of the plaintiff's claim and it has greater ramifications than the

17   original suit.  *See Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, 612 F. Supp. 2d

18   759, 768 (S.D. Tex. 2007).  If a request for a declaratory judgment adds nothing to

19   an existing lawsuit, it need not be permitted.  *See Exxon Shipping Co. v. Airport

20   Depot Diner, Inc.*, 120 F.3d 166, 168-69 (9th Cir. 1997) (finding that district court

21   abused its discretion in issuing declaratory relief because the declaration served no

22   useful purpose); *see also Wilton v. Seven Falls*, 515 U.S. 277, 288 (1995) ("[I]f a

23   district court, in the sound exercise of its judgment, determines after a complaint is

24   filed that a declaratory judgment will serve no useful purpose, it cannot be

25   incumbent upon that court to proceed to the merits before staying or dismissing the

26   action.").

27           The Supreme Court has expressly rejected a piecemeal approach to the

28   Declaratory Judgment Act.  *See Calderon v. Ashmus*, 523 U.S. 740, 749 (1998)

1    (dismissing declaratory judgment claim because "[a]ny judgment in this action . . .

2    would not resolve the entire case or controversy . . ., but would merely determine a

3    collateral legal issue governing certain aspects of their pending or future suits").

4    Considerations of practicality and wise judicial administration justify refusal to

5    exercise declaratory relief jurisdiction when "the court cannot afford relief with

6    respect to the entire controversy giving rise to the proceeding." *Shapiro v.*

7    *Jupiterimages Corp.*, No. C 07-5540, 2008 WL 183511, at *1 (N.D. Cal. Jan. 18,

8    2008) (citation omitted); *see also McGraw-Edison Co. v. Preformed Line Prods.*

9    *Co.,* 362 F.2d 339, 342-43 (9th Cir. 1966) ("Nor should declaratory relief be

10   granted where it would result in piecemeal trials of the various controversies

11   presented or in the trial of a particular issue without resolving the entire

12   controversy.")

13        Section 285 awards "attorneys' fees to the prevailing party" in exceptional

14   cases.  Baby Trend does not need a declaratory judgment counterclaim to seek

15   attorneys' fees under this provision, and the declaratory judgment counterclaim

16   does not offer relief to Baby Trend that is otherwise unavailable.  *See Shapiro*, 2008

17   WL 183511, at *1.  At best, Baby Trend's declaratory relief claim duplicates its

18   substantive claim and would necessarily be resolved as part of its counterclaim for

19   noninfringement.  Therefore, it serves no useful purpose.  *See Calderon*, 523 U.S.

20   at 749; *Shapiro*, 2008 WL 183511, at *1.  *See also Mangindin v. Washington Mut.*

21   *Bank,* 2009 WL 1766601, at *5 (N.D. Cal. June 18, 2009) ("A claim for declaratory

22   relief is unnecessary where an adequate remedy exists under some other cause of

23   action."); *Akhavein v. Argent Mortgage Co.*, 2009 WL 2157522, at *5 (N.D. Cal.

24   July 18, 2009) (dismissing declaratory judgment claim because the "relief Plaintiffs

25   seek is entirely commensurate with the relief sought through their other causes of

26   action").  When the declaratory relief sought merely echoes the determination of

27   rights necessary to resolve another substantive claim, courts may dismiss the

28

declaratory relief as superfluous.  *See Douros v. State Farm Fire & Cas. Co.*, 508
F. Supp. 2d 479 (E.D. Va. 2007).

The pleadings demonstrate that Baby Trend's fourth counterclaim for
declaratory judgment merely echoes the determination of rights necessary to
resolve a noninfringement claim.  Once the Court and the jury adjudicate the
affirmative infringement claims, there will be nothing left to declare.  Because the
request for declaratory relief is superfluous, Graco is entitled to judgment in its
favor.

## VII.   **CONCLUSION**

For the foregoing reasons, Graco respectfully requests that this Court find
that there is no genuine issue of material fact to suggest that Baby Trend's claims
for invalidity, unenforceability, patent misuse, and attorneys' fees based on
exceptional case as described in its Second, Third, and Fourth Counterclaims and
affirmative defenses would succeed.  Accordingly, Graco respectfully asks this
Court to grant its Motion for Partial Summary Judgment.

DATED:  September 19, 2011          BALLARD SPAHR LLP


                                    s/ Penny M. Costa
                                    Penny M. Costa
                                    2029 Century Park East, Suite 800
                                    Los Angeles, California 90067
                                    Telephone:  (424) 204-4400
                                    Facsimile:  (424) 204-4350
                                    Email:    costap@ballardspahr.com

                                    Lynn E. Rzonca *(admitted pro hac vice)*
                                    Ballard Spahr LLP
                                    1735 Market Street, 51st Floor
                                    Philadelphia, PA 19103-7599
                                    Telephone: (215) 665-8500
                                    Facsimile: (215) 864-8999
                                    E-mail:   rzoncal@ballardspahr.com

                                    and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katrina M. Quicker *(admitted pro hac vice)*
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301
E-mail:   quickerk@ballardspahr.com

PLAINTIFF GRACO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA  90067-2909.  On **September 19, 2011**, I served the within documents:

**PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

☒ **BY EMAIL**: I electronically filed a true and correct copy of

Plaintiff Graco's Notice of Motion and Motion for Partial Summary Judgment; Memorandum of Points and Authorities

- **J. Rick Taché** (rtache@swlaw.com)
- **Deborah S. Mallgrave** (dmallgrave@swlaw.com, dmwilliams@swlaw.com)

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **September 19, 2011**, at Los Angeles, California.

_____s/ Lisa Kwon_____