PENNY M. COSTA, (SBN 110373)
costap@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909
Telephone: (424) 204-4331
Facsimile: (424) 204-4350

LYNN E. RZONCA (ADMITTED *PRO HAC VICE*)
rzoncal@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8990

KATRINA M. QUICKER (ADMITTED *PRO HAC VICE*)
RICHARD W. MILLER (ADMITTED *PRO HAC VICE*)
quickerk@ballardspahr.com
millerrw@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301

Attorneys for Plaintiff Graco Children's Products Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Graco Children's Products Inc., | Case No. 2:10-cv-05897-JST |
| Plaintiff, | **GRACO'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE OPINIONS AND TESTIMONY OF CARLA S. MULHERN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [CONCURRENTLY FILED WITH DECLARATION OF KATRINA M. QUICKER]** |
| vs. | |
| Baby Trend, Inc., | |
| Defendant. | |
| | **Judge: Hon. Josephine S. Tucker** |
| | **Date: Monday, November 28, 2011**<br>**Time: 1:30 p.m.**<br>**Courtroom: 10A** |

1    PLEASE TAKE NOTICE that on November 28, 2011 at 1:30 p.m., in the
2  courtroom of the Honorable Josephine S. Tucker of the above-entitled Court,
3  Plaintiff Graco Children's Products Inc. ("Graco") will and hereby does move in
4  limine pursuant to Fed. R. Civ. P. 26(a) and 37 for an order precluding Defendant
5  Baby Trend, Inc. ("Baby Trend") from introducing into evidence any expert
6  reports, testimony, and opinions of Carla S. Mulhern, who was not designated as a
7  damage expert according to the procedures dictated by Federal Rule 26(a)(2).
8  Specifically, even though Graco timely disclosed its damages expert and his report
9  on August 12, 2011, to date, Baby Trend has not provided anything that could be
10 properly characterized as a rebuttal expert report on behalf of Ms. Mulhern.

11   The purpose of the disclosure deadlines under Rule 26 are to eliminate unfair
12 surprise to the opposing party and to conserve resources. To achieve these aims,
13 Rule 26 requires parties to identify their expert witnesses and provide an expert
14 report at least ninety days before trial (as Graco did here). Fed. R. Civ. P.
15 26(a)(2)(C) and 26(a)(2)(D)(i). Rebuttal experts and their reports must be disclosed
16 thirty days later (which Baby Trend did not do). Fed. R. Civ. P. 26(a)(2)(D)(ii).
17 Disclosure of experts within these time-frames avoids prejudice to the opposing
18 party.

19   This Motion is made following the conference of counsel pursuant to Central
20 District Local Rule 7-3, which took place on September 26, 2011. This Motion is
21 based upon this Notice of Motion and Motion, Memorandum of Points and
22 Authorities, the concurrently filed Quicker Declaration and all exhibits thereto, the

pleadings, records, and papers on file with this Court, all matters upon which this Court may take judicial notice, and such oral arguments as the Court may receive.

DATED: October 27, 2011      BALLARD SPAHR LLP

       s/ Penny M. Costa
Penny M. Costa
2029 Century Park East, Suite 800
Los Angeles, California 90067
Telephone: (424) 204-4400
Facsimile: (424) 204-4350
Email:    costap@ballardspahr.com

    and

Lynn E. Rzonca *(admitted pro hac vice)*
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail:   rzoncal@ballardspahr.com

    and

Katrina M. Quicker *(admitted pro hac vice)*
Richard W. Miller *(admitted pro hac vice)*
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301
E-mail:   quickerk@ballardspahr.com
         millerrw@ballardspahr.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should preclude Baby Trend's damage expert Carla S. Mulhern from testifying as an expert at trial. The law is clear — a party cannot submit expert testimony without complying with the requirements set forth in Fed. R. Civ. P. 26(a)(2). Graco served its damage expert Todd Schoettelkotte's initial report on August 12, 2011. (*See* Declaration of Katrina M. Quicker ("Quicker Decl.") at ¶ 3.) The parties agreed to exchange rebuttal reports one week later, on August 19, 2011. (*See id.* at ¶¶ 4-5.) Graco complied with the exchange on August 19, 2011. (*See id.* at ¶ 3.) But Baby Trend instead exchanged a document titled "Defendant's Disclosure of Rebuttal Expert Witnesses" and therein informed Graco that Baby Trend would not produce the technical expert rebuttal report until September 2, 2011. (*Id.* at ¶ 5.) In that same document, Baby Trend identified Ms. Mulhern as the rebuttal damages expert but indicated that her rebuttal report would not be served until after Mr. Schoettelkotte supplemented his initial report. (*See id.*)

To date, Baby Trend has not served a rebuttal report on damages. (*See id.* at ¶ 6.) The only disclosure that Baby Trend served was on October 14, 2011, more than a month after the absolute deadline, and it did not contain any rebuttal. (*See id.* at ¶ 16.)

Regardless of the parties' agreement or what Baby Trend decided to do thereafter, under Rule 26, Ms. Mulhern's rebuttal report was due within 30 days, i.e., by no later than September 11, 2011. Because Baby Trend has failed to comply with Rule 26, Graco respectfully requests that this Court grant its motion and exclude the testimony and opinions of Ms. Mulhern.

On September 26, 2011, the parties telephonically met and conferred concerning this Motion. (*See id.* at ¶ 7.) At that conference, Baby Trend did not argue that it lacked the time or ability to prepare and submit the required written rebuttal report. (*See id.* at ¶ 8.) Instead, Baby Trend suggested that because Mr.

1

Schoettelkotte's initial report contained no opinions, it was not obligated to serve a rebuttal report. (*See id.*)

Graco disagreed, and challenged Baby Trend on its contention, noting that Mr. Schoettelkotte's initial report contained over 100+ pages, articulated three damage theories he intended to use, explained how he would apply those theories, and included several exhibits describing the evidence on which he relied. (*See id.* at ¶ 9.) The only thing missing from Mr. Schoettelkotte's initial report was the final damages calculation, because he needed information on total sales and expenses from Baby Trend to derive that number. (*See id.* at ¶ 10.) Even so, Baby Trend indicated that Ms. Mulhern's expert opinions would only be disclosed to Graco after Mr. Schoettelkotte completed his supplemental report under Rule 26(a)(2)(E). (*See id.* at ¶ 11.)

Between the meet and confer and the filing of this Motion, Baby Trend changed its mind. First, it attempted to modify the scheduling order to extend certain case management deadlines and permit additional time to exchange expert reports. (*See id.* at ¶ 12; Dkt. No. 78.) When that effort failed, Baby Trend served Ms. Mulhern's so-called rebuttal report — late, after business hours on Friday, October 14, 2011 ("October 14 Report"). (*See* Dkt. No. 81; Quicker Decl. at ¶ 16.) Nevertheless, Ms. Mulhern's untimely rebuttal report did not address or rebut any evidence presented in Mr. Schoettelkotte's initial report. (*See* Quicker Decl. at Ex. B.) Instead, Ms. Mulhern adopted a wait-and-see approach, providing a two-paragraph placeholder, and offering to provide a complete report only after she receives Mr. Schoettelkotte's Rule 26(a)(2)(E) supplemental report.[1] (*See id.*)

Baby Trend improperly disclosed Ms. Mulhern's shell of a rebuttal report 63 days after Mr. Schoettelkotte's initial report and less than two months before trial.

---

[1] The only reason that Mr. Schoettelkotte needed to supplement his initial report was because Baby Trend's document production was incomplete. Ultimately, Baby Trend was compelled to produced documents responsive to Graco's requests, and did so on September 6 and October 14, 2011.

2

That shell does not include any rebuttal. Indeed, Graco expects that Baby Trend will attempt to use the October 14 Report as a basis for even more untimely supplementation.

There is no justification for Baby Trend's failure to timely disclose Ms. Mulhern's expert opinion. Accordingly, if Ms. Mulhern is allowed to present expert testimony at trial, Graco will be prejudiced by the lack of disclosure. In effect, if allowed to present Ms. Mulhern's testimony, Baby Trend will be conducting a trial-by-ambush, as Graco will not have had the requisite notice of the substance of her opinions. Allowing Ms. Mulhern to testify to untimely-disclosed opinions would frustrate the purpose of the Rule 26 disclosure requirements and prejudice Graco at trial. Therefore, the Court should exclude Ms. Mulhern, her testimony, and her opinions.

## II. ARGUMENT

Rule 26(a)(2) requires parties to disclose the identity of their expert witnesses along with a written report prepared and signed by the expert witness "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Rule 37(c) forbids the use of such testimony at trial if it is not properly disclosed. Fed. R. Civ. P. 37(c). Courts routinely exclude expert testimony when a party disregards the mandates of Rule 26(a)(2). *See, e.g., Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-07 (9th Cir. 2001) (affirming exclusion of testimony of defendant's only damages expert for defendant's untimely disclosure of its expert report); *Contessa Food Prods., Inc. v. Lockpur Fish Processing Co.*, No. 98-8218, 2003 U.S. Dist. LEXIS 26682, at *17-20 (C.D. Cal. Jan. 29, 2003) (excluding expert testimony where a party failed to submit an expert report within the time prescribed and explaining that Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

### A. Baby Trend's Improperly-Disclosed Expert Opinions Should Be Excluded From Trial Absent A Showing Of Harmlessness Or Substantial Justification

Courts have cautioned litigants of the "pitfalls of playing fast and loose with rules of discovery":

> Conclusory expert reports, eleventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process.

*Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 n. 4 (Fed. Cir. 2008). Rule 26(a)(2)(D), titled "Time to Disclose Expert Testimony," requires that:

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: . . .(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D)(ii). While Rule 26(e) permits a party to supplement or correct its expert disclosures, it "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . ." *Plumey v. Mockett,* No. 04-2868, 2010 U.S. Dist. LEXIS 57254, at *6 (C.D. Cal. May 26, 2010) (citations omitted).

Rule 37(c) provides an ***automatic*** and ***mandatory*** exclusion of improperly-disclosed expert testimony unless the disclosing party can show that its failure to

4
GRACO'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE
OPINIONS AND TESTIMONY OF CARLA S. MULHERN

follow the rules was either harmless or substantially justified.  Fed. R. Civ. P. 37(c). *See also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming district court's order excluding undisclosed damages evidence); *Carson Harbor Vill., Ltd. v. Unocal Corp.*, No. CV 96–3281, 2003 WL 2203870, at *2 (C.D. Cal. August 8, 2003) (emphasis added); *Yeti by Molly*, 259 F.3d at 1106 (exclusion sanction is "self-executing" and "automatic.") (referencing the advisory committee's notes to Rule 37(c)(1)).  Rule 37(c)(1) provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Fed. R. Civ. P. 37(c)(1); *see also Daniel v. Coleman Co.*, 599 F.3d 1045, 1049 (9th Cir. 2010) (excluding expert report as untimely where delay was "neither justified nor harmless").  To avoid the automatic sanction of 37(c), the proponent of the evidence must demonstrate that the failure to disclose was either substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c); *Yeti by Molly*, 259 F.3d at 1106.

The district court is not required to make a finding of willfulness or bad faith to exclude the undisclosed evidence.  *See Hoffman*, 541 F.3d at 1179 (noting that Rule 37 has been described as "a self-executing, automatic sanction to provide a strong inducement for disclosure of material") (quoting *Yeti by Molly*, 259 F.3d at 1106).  The Ninth Circuit has held that the sanction may be imposed "even when a litigant's entire cause of action . . . [will be] precluded."  *Hoffmann*, 541 F.3d at 1179 (citation omitted); *see also Yeti by Molly*, 259 F.3d at 1106 (noting that the 1993 revisions to Rule 37 clearly contemplated "stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule").

5

### B. Baby Trend's Late Disclosure Would Prejudice Graco, And Is Neither Harmless Nor Substantially Justified

A rebuttal expert witness is one who offers evidence "intended solely *to contradict or rebut evidence* on the same subject matter identified by another party." Fed. R. Civ. Proc. 26(a)(2)(C)(ii) (emphasis added). Ms. Mulhern's October 14 Report does not qualify. The October 14 Report does not contradict or rebut any evidence, opinion, analysis, or methodology of Mr. Schoettelkotte's 102-page report. (*See* Quicker Decl. at Ex. B.) Instead, Ms. Mulhern states that Mr. Schoettelkotte "provides no quantification" and thus the "preliminary and incomplete nature of Mr. Schoettelkotte's opinions preclude the development of my rebuttal opinions." (*Id.*) There is no support in the law for this approach — indeed, the Ninth Circuit has expressly disapproved of this practice by excluding the expert testimony of parties who try it. *See Yeti by Molly*, 259 F.3d at 1106 (affirming the exclusion of expert testimony where the proffered justification for a late expert report was that the party was "waiting for the final version before disclosing [its expert's] report"). Under the law of this circuit, Ms. Mulhern's October 14 Report was untimely and for that reason she should be prevented from presenting expert testimony at trial.

#### 1. Baby Trend's Late Disclosure Is Not Harmless

Even if Ms. Mulhern had expressed any rebuttal opinions in the October 14 Report, those opinions would still be untimely and Graco would be substantially prejudiced. Under the current schedule, Graco would be denied an opportunity to (a) depose Ms. Mulhern about her opinions, (b) produce additional documents to dispute any evidence used by Ms. Mulhern to support her opinions, (c) challenge the documentary evidence relied upon, (d) have Mr. Schoettelkotte analyze and dispute her opinions, (e) afford Mr. Schoettelkotte an opportunity to supplement his opinions to contradict or rebut evidence identified in Ms. Mulhern's late report, (f) question Baby Trend's Rule 30(b)(6) deponents on any information upon which

Ms. Mulhern relies, and (g) move for summary judgment. In short, Graco has not had a fair opportunity to prepare for trial should Ms. Mulhern be allowed to testify to dispute Graco's claim of damages.

Allowing Ms. Mulhern's opinions at this late date would disrupt the Court's docket because Graco would in fact have to delay the trial, and in essence, expert discovery would have to be reopened. Baby Trend knew this, which is why it filed its *ex parte* motion to modify the scheduling order. Efficiency, judicial economy, and case management concerns would all be better served through exclusion. Disruption of the schedule of the Court and of Graco "is not harmless." *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (finding expert witness disclosure after discovery cut-off was not harmless, "even though the ultimate trial date was still some months away").

### 2. Baby Trend's Late Disclosure Is Not Substantially Justified

The issues and causes of action in this matter have remained consistent throughout this entire lawsuit; there were no new allegations or facts that Baby Trend became aware of after the date the rebuttal reports were due. The only supplement to Mr. Schoettelkotte's report was to include the final numbers from Baby Trend's late production (which numbers, of course, were in Baby Trend's possession all along). (*See* Quicker Decl. at ¶¶ 17-18.) Mr. Schoettelkotte's methodology and approach to using those numbers did not change. (*See id.* at ¶ 19.) Therefore, Baby Trend has no substantial justification for not disclosing Ms. Mulhern's opinions on August 19, 2011 (when the parties agreed) or on September 11, 2011 (the absolute deadline under the Rules).

The Central District and other California district courts have routinely excluded experts from testifying due to a failure to timely disclose an expert's identity, to produce the expert's report, and/or to produce an expert report

containing the required elements of Rule 26(a)(2)(B).[2] Moreover, the Ninth Circuit has affirmed exclusion of expert testimony for far less egregious delays than Baby Trend's delay here. *See Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998) (affirming exclusion for disclosing the expert twenty days late and the expert report six weeks late). On the other hand, the Ninth Circuit has reversed trial court decisions that involved the failure to exclude an improperly-disclosed expert report where the proponent did not show harmlessness or substantial prejudice. *See Torres v City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Baby Trend's trial-by-ambush strategy is contrary to the Federal Rules. That is why the requirement of expert reports is of paramount importance. The Federal Rules' requirement of prior disclosure of an expert's opinions is designed to prevent strategies such as this. As enunciated in *Yeti* and as routinely employed by this Court, the discovery sanction under Rule 37(c)(1) should be applied against Baby Trend, operating to exclude Ms. Mulhern from testifying in this action or offering her reports into evidence for the purpose of rebutting Graco's damages. *See, e.g., Yeti by Molly*, 259 F.3d at 1105-07.

### C. Any Future Supplement of the October 14, 2011 Report Should Also Be Excluded

While Baby Trend finally served Ms. Mulhern's report on October 14, 2011, that report did not include any opinions or evidence on which future opinions would rely. (*See* Quicker Decl. at Ex. B.) Graco anticipates that Baby Trend may supplement Ms. Mulhern's October 14 Report under the auspices of Rule

---

[2] *See Hoffman,* 541 F.3d at 1179 (affirming the Central District Court's decision to exclude for failure to timely disclose); *Estate of Bojcic v. City of San Jose*, 358 F. App'x 906, 907-08 (9th Cir. 2009) (affirming the Central District Court's decision to exclude for failure to timely disclose); *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) (affirming the Northern District Court's decision to exclude for failure to timely disclose); *U.S. v. Asiru,* 222 F. App'x 584, 587-88 (9th Cir. 2007) (affirming the Central District Court's decision to exclude for failure to timely disclose); *Harris v. U.S.,* 132 F. App'x 183, 185 (9th Cir. 2005) (affirming the Central District Court's decision to exclude for failure to timely disclose).

26(a)(2)(E). Baby Trend's efforts to characterize any subsequent report as "supplemental," and thus not untimely, should be rejected.

"[S]upplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.'" *Plumey,* 2010 U.S. Dist. LEXIS 57254, at *6. "[A] supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Id.* (citations omitted). Any subsequent supplemental report that does not correct an error or omission in a prior report but instead provides a new opinion that is designed to strengthen Baby Trend's legal argument against Graco's claim for damages is not a proper supplement under Rule 26(e). *See id.* at *11. Future supplemental reports by Ms. Mulhern should be excluded.

## III. CONCLUSION

It is undisputed that Baby Trend never carried out its obligations under the Federal Rules of Civil Procedure. Because Baby Trend's late disclosure was neither justified or harmless, the Federal Rules and Ninth Circuit precedent dictate the exclusion of any opinion testimony she might seek to offer.

Accordingly, Graco respectfully requests that this Court grant its motion and exclude Ms. Mulhern's testimony and opinions.

DATED: October 27, 2011         BALLARD SPAHR LLP

          s/ Penny M. Costa
Penny M. Costa
2029 Century Park East, Suite 800
Los Angeles, California 90067
Telephone: (424) 204-4400
Facsimile: (424) 204-4350
Email:   costap@ballardspahr.com

Lynn E. Rzonca *(admitted pro hac vice)*
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail:  rzoncal@ballardspahr.com

    and

Katrina M. Quicker *(admitted pro hac vice)*
Richard W. Miller *(admitted pro hac vice)*
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301
E-mail:  quickerk@ballardspahr.com
       millerrw@ballardspahr.com

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067. On **October 27, 2011**, I served the within documents:

☒ **BY EMAIL**: I electronically filed a true and correct copy of

GRACO'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE OPINIONS AND TESTIMONY OF CARLA S. MULHERN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [CONCURRENTLY FILED WITH DECLARATION OF KATRINA M. QUICKER]

through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

- **J. Rick Tache**
  rtache@swlaw.com
- **Deborah S Mallgrave**
  dmallgrave@swlaw.com, dmwilliams@swlaw.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **October 27, 2011**, at Los Angeles, CA.

                        /s/ Monica Patanian
                        Monica Patanian