1  PENNY M. COSTA, (SBN 110373)
   costap@ballardspahr.com
2  **BALLARD SPAHR LLP**
   2029 Century Park East, Suite 800
3  Los Angeles, California  90067-2909
   Telephone: (424) 204-4331
4  Facsimile:  (424) 204-4350

5  LYNN E. RZONCA (ADMITTED *PRO HAC VICE*)
6  rzoncal@ballardspahr.com
   **BALLARD SPAHR LLP**
7  1735 Market Street, 51st Floor
   Philadelphia, Pennsylvania  19103
8  Telephone: (215) 665-8500
   Facsimile:  (215) 864-8990

9
   KATRINA M. QUICKER (ADMITTED *PRO HAC VICE*)
10 quickerk@ballardspahr.com
11 **BALLARD SPAHR LLP**
   999 Peachtree Street, Suite 1000
12 Atlanta, GA 30309-3915
   Telephone: (678) 420-9300
13 Facsimile: (678) 420-9301

14 Attorneys for Plaintiff Graco Children's Products Inc.

15

16              UNITED STATES DISTRICT COURT

17          FOR THE CENTRAL DISTRICT OF CALIFORNIA

| Graco Children's Products Inc., | Case No. 2:10-cv-05897-JST |
|---|---|
| Plaintiff, | **PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE UNITED STATES PATENT NO. D604,970 AND ITS FILE HISTORY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| Baby Trend, Inc., | |
| Defendant. | **Judge: Hon. Josephine S. Tucker** |
| | **Date: Monday, November 28, 2011**<br>**Time: 1:30 p.m.**<br>**Courtroom: 10A** |

---

PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE UNITED STATES
PATENT NO. D604,970 AND ITS FILE HISTORY

1  PLEASE TAKE NOTICE that on November 28, 2011 at 1:30 p.m., in the courtroom of the Honorable Josephine S. Tucker of the above-entitled Court, Plaintiff Graco Children's Products Inc. ("Graco") will and hereby does move for an order excluding United States Patent No. D604,970 ("the '970 Patent"), the '970 Patent's file history, and any testimony relating to the '970 Patent or its file history. In its October 12, 2011 Order denying Defendant Baby Trend Inc.'s ("Baby Trend") Motion for Summary Judgment, the Court found that the patent at issue, United States Patent No. D448,218 ("the '218 Patent"), covers a curved leg for a playard, regardless of covering.  Therefore, the '970 Patent is irrelevant.  Any use by Baby Trend of the '970 Patent or its file history would be contrary to the Court's claim construction and would surely confuse the jury.  Accordingly, the Court should preclude Baby Trend from offering any evidence or testimony relating to the '970 Patent or the '970 Patent's file history.

This motion is made pursuant to Rule 402 of the Federal Rules of Evidence.

This Motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on September 26, 2011.  This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, the pleadings, records, and papers on file with this Court, all matters upon which this Court may take judicial notice, and such oral arguments as the Court may receive.

DATED:  October 31, 2011          BALLARD SPAHR LLP

                                  s/ Penny M. Costa
                                  Penny M. Costa
                                  2029 Century Park East, Suite 800
                                  Los Angeles, California 90067
                                  Telephone:  (424) 204-4400
                                  Facsimile:  (424) 204-4350
                                  Email:   costap@ballardspahr.com

- 2 -

PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE UNITED STATES PATENT NO. D604,970 AND ITS FILE HISTORY

Lynn E. Rzonca *(admitted pro hac vice)*
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail:   rzoncal@ballardspahr.com

and

Katrina M. Quicker *(admitted pro hac vice)*
Richard W. Miller *(admitted pro hac vice)*
Ballard Spahr LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301
E-mail:   quickerk@ballardspahr.com
          millerrw@ballardspahr.com

- 3 -

PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE UNITED STATES PATENT NO. D604,970 AND ITS FILE HISTORY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 17, 2011, Baby Trend filed a Motion for Summary Judgment of noninfringement of United States Patent No. D448,218 ("the '218 Patent"). Baby Trend's entire Motion rested on an incorrect assertion that the '218 Patent covered only curved legs for a playard that were "substantially completely covered in fabric." (*See* Dkt. 43.) As the sole support for its motion for summary judgment, Baby Trend relied on the existence of United States Patent No. D604,970 ("the '970 Patent"), which purports to claim "exposed legs for a playard." (Dkt. 43-3, Ex. 2 at 211.) Baby Trend heavily focused on the file history of the '970 Patent, and in particular, on an *ex parte* decision of the Board of Patent Appeals in which the Board reviewed the '218 Patent (without the benefit of any input from Graco) and made three "findings of fact" that Baby Trend then used as an outline for its summary judgment motion. (*See* Dkt. 43. at 7-8.)

In its October 12, 2011 Order denying Baby Trend's Motion for Summary Judgment, the Court construed the claim of the '218 Patent. (*See* Dkt. 82.) In arriving at its claim construction, the Court thoroughly considered both the '970 Patent and its file history. (*See id.*) Specifically, the Court found "that the '218 patent covers a curved playard leg, regardless of covering . . . ." (Dkt. 82 at 13.) Thus, having already been considered and disposed of by the Court during the summary judgment phase of this litigation, the '970 Patent is irrelevant to the trial proceedings. Any use by Baby Trend of the '970 Patent or its file history would be contrary to the Court's claim construction and would surely confuse the jury. Accordingly, Graco respectfully requests that the Court preclude Baby Trend from offering any evidence or testimony relating to the '970 Patent or the '970 Patent's file history.

- 4 -

## II. ARGUMENT

Baby Trend should be precluded from introducing at trial the '970 Patent, the '970 Patent's file history, and any testimony relating to the '970 Patent or its file history. Such evidence and testimony would only be used by Baby Trend in an attempt to rehash an argument that has already been rejected by this Court. Whether the '218 Patent covers only covered curved legs for a playard is no longer at issue given the Court's holding that the '218 Patent covers a curved leg for a playard, regardless of covering. Thus, the '970 Patent and its file history are contrary to the Court's claim construction and irrelevant to this trial.

"[A]ny argument or evidence inconsistent with the court's claim construction is irrelevant[,]" and thus inadmissible. *Kellogg v. Nike, Inc.*, No. 8:07CV70, 2008 WL 4216130, at *1 (D. Neb. Sept. 12, 2008) (requiring defendant to limit its evidence and argument to the jury to conform to the court's claim construction); Fed. R. Evid. 402 ("[e]vidence which is not relevant is inadmissible."); *see also EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ.98-2364, 2003 WL 1610781, at *12 n. 4 (D. Minn. Mar. 8, 2003) ("To the extent that the analyses and opinions of Defendant's experts reflect a claim construction other than the Court's . . . claim construction, those opinions and analyses have no relevance to the issues for trial and will be excluded."). Moreover, evidence and testimony contrary to the Court's claim construction is misleading and confusing to the jury, and would only distract the jury from focusing on the proper issues at trial.

It is undisputed that the jury is to adopt and apply the district court's claim construction, determined as a matter of law, in its deliberations of the facts. *See Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004). "No party should be allowed to argue to the jury claim constructions that are contrary to the court's claim construction or to reassert to the jury constructions that the court has already expressly or implicitly rejected." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 910 (N.D. Iowa 2009). To permit such

arguments would be to allow the invasion of the court's exclusive authority to determine the scope and meaning of a patent's claims. *Id.*

Indeed, courts have repeatedly excluded evidence that conflicts with the courts' claim construction. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n. 2 (Fed. Cir. 2006) (affirming district court's exclusion of testimony "based on an impermissible claim construction" as that "evidence could prejudice and confuse the jury."); *Hochstein v. Microsoft Corp.*, No. 04-73071, 2009 WL 2022815, at * 1 (E.D. Mich. July 7, 2009) (excluding, as conflicting with the court's claim construction, numerous paragraphs of the defendant's expert report); *Fenner Inv., Ltd. v. Microsoft Corp.*, 632 F. Supp. 2d 627, 638 (E.D. Tex. 2009) (rejecting plaintiff's arguments that were contrary to the court's claim construction).

It is clear that the only reason Baby Trend would introduce the '970 Patent or its file history at trial would be to rehash the noninfringement argument it made in its Motion for Summary Judgment, namely that the '218 Patent only covers covered curved legs for a playard, and because a majority of the accused products have uncovered legs, they are not deceptively similar to the '218 Patent.[1] In view of the case law, the Court cannot permit Baby Trend to stand before the jury and argue that the inventors of the '218 Patent really invented something other than what the Court has already construed the claim to cover. *See EZ Dock, Inc.*, 2003 WL 1610781, at *12. To do so threatens to confuse the jury by directing its attention away from issues that have yet to be decided by the Court.

Additionally, allowing Baby Trend to introduce evidence or argument at trial relating to the '970 Patent or its file history would amount to waste of judicial resources. In considering Baby Trend's Motion for Summary Judgment, the Court has already conducted an exhaustive review of the '970 Patent and its file history.

---

[1] Graco notes that the '970 Patent and its file history are irrelevant to any invalidity defense as the '970 Patent post dates the '218 Patent's filing date by over nine years.

- 6 -

PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE UNITED STATES PATENT NO. D604,970 AND ITS FILE HISTORY

In fact, of the Court's October 12, 2011 Order, almost one-third is devoted to analysis of the '970 Patent and its file history, in particular the finding by the Board of Patent Appeals and Interferences that the '218 Patent discloses and claims only playard legs "substantially completely covered in fabric." (*See* Dkt. 82 at 4-5, 7-8.) The purpose of summary judgment is to avoid the type of unnecessary expense and wasteful utilization of the Court's resources that would result from permitting Baby Trend to introduce evidence or argument at trial relating to the '970 Patent. *See Chem. Eng'g Corp. v. Marlo, Inc.*, 754 F.2d 331, 335 (Fed. Cir. 1984). Accordingly, the Court should preclude Baby Trend from offering any evidence or testimony relating to the '970 Patent or the '970 Patent's file history.

### III. CONCLUSION

For the foregoing reasons, this Court should grant this motion and prevent Baby Trend from presenting to the jury the '970 Patent, the '970 Patent's file history, and any testimony relating to the '970 Patent or its file history.

DATED: October 31, 2011          BALLARD SPAHR LLP

                      s/ Penny M. Costa
Penny M. Costa
2029 Century Park East, Suite 800
Los Angeles, California 90067
Telephone: (424) 204-4400
Facsimile: (424) 204-4350
Email: costap@ballardspahr.com

Lynn E. Rzonca *(admitted pro hac vice)*
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail: rzoncal@ballardspahr.com

| | |
|---|---|
| 1 | and |
| 2 | Katrina M. Quicker *(admitted pro hac vice)* |
| 3 | Richard W. Miller *(admitted pro hac vice)*<br>Ballard Spahr LLP<br>999 Peachtree Street, Suite 1000 |
| 4 | Atlanta, GA 30309-3915<br>Telephone: (678) 420-9300 |
| 5 | Facsimile: (678) 420-9301<br>E-mail:  quickerk@ballardspahr.com |
| 6 | millerrw@ballardspahr.com |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 8 -

PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE UNITED STATES PATENT NO. D604,970 AND ITS FILE HISTORY

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909. On **October 31, 2011**, I served the within documents:

☒ **BY EMAIL**: I electronically filed through the ECF system a true and correct copy of **PLAINTIFF GRACO'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE UNITED STATES PATENT NO. D604,970 AND ITS FILE HISTORY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

- **J. Rick Taché** (rtache@swlaw.com)

- **Deborah S. Mallgrave** (dmallgrave@swlaw.com, dmwilliams@swlaw.com)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **October 31, 2011**, at Los Angeles, California.

/s/ Lisa Kwon
Lisa Kwon