PENNY M. COSTA (SBN 110373)
costap@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, California  90067-2909
Telephone: (424) 204-4331
Facsimile:  (424) 204-4350

LYNN E. RZONCA (ADMITTED *PRO HAC VICE*)
rzoncal@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
Telephone: (215) 665-8500
Facsimile:  (215) 864-8990

KATRINA M. QUICKER (ADMITTED *PRO HAC VICE*)
quickerk@ballardspahr.com
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301

Attorneys for Plaintiff Graco Children's
Products Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Graco Children's Products Inc., | Case No. CV10-5897-JST |
| Plaintiff, | The Honorable Josephine Staton Tucker |
| vs. | **PLAINTIFF GRACO CHILDREN'S PRODUCTS, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| Baby Trend, Inc., | |
| Defendant. | <u>Final Pretrial Conference:</u> |
| | Trial date:            Dec. 13, 2011 |
| | Time:                  9:00 A.M. |
| | Pre-Trial Conference:  Nov. 28, 2011 |
| | Time:                  1:30 P.M. |

## TABLE OF CONTENTS

Page

I.     INTRODUCTION .......................................................................................... 1

       A.     Graco and Its '218 Patent ................................................................. 1

II.    L.R. 16-4.1: CLAIMS AND DEFENSES ...................................................... 4

       A.     L.R. 16-4.1(a), (b):  Summary Statement of Claims Graco Has
              Pleaded and Plans to Pursue and Required Elements Thereof ............ 4

              1.     Graco's Claim for Design Patent Infringement ......................... 4

              2.     Graco's Claim for Remedy for Infringement ............................ 5

              3.     Graco's Claim for Attorney Fees Based on Exceptional
                     Case ......................................................................................... 5

       B.     L.R. 16-4.1(c):  Brief Description of the Key Evidence in
              Support of Graco's Claims .................................................................. 6

              1.     Design Patent Infringement ..................................................... 6

              2.     Graco's Remedy for Infringement ............................................ 7

              3.     Graco's Claim for Attorney Fees Based on Exceptional
                     Case ......................................................................................... 7

       C.     L.R. 16-4.1(d), (e):  Summary Statement of Counterclaims and
              Affirmative Defenses that Defendant Has Pleaded and Plans to
              Pursue and Required Elements Thereof ............................................... 7

              1.     Baby Trend's Counterclaim for a Declaration of Non-
                     Infringement of the '218 Patent ............................................... 7

              2.     Baby Trend's Counterclaim for Declaration and
                     Affirmative Defense of Invalidity Based on Obviousness ........ 8

              3.     Baby Trend's Affirmative Defense of Waiver/Estoppel ........... 8

              4.     Baby Trend's Affirmative Defense of Laches ........................... 9

       D.     L.R. 16-4.1(f):  Brief Description of the Key Evidence Relied on
              in Opposition to Each Counterclaim and Affirmative Defense ........... 9

              1.     Baby Trend's Counterclaim for a Declaration of Non-
                     Infringement of the '218 Patent ............................................... 9

              2.     Baby Trend's Counterclaim for Declaration and
                     Affirmative Defense of Invalidity Based on Obviousness ....... 10

              3.     Baby Trend's Affirmative Defense of Waiver/Estoppel .......... 11

4.      Baby Trend's Affirmative Defense of Laches..........................11

E.      L.R. 16-4.1(h):  Identification of Any Anticipated Evidentiary Issues, Together with the Party's Position on Those Issues ...............11

F.      L.R. 16-4.1(i):  Identification of Any Issues of Law, Such as the Proper Interpretation of a Governing Statute, Which are Germane to the Case, Together with the Party's Position on Those Issues .........................................................................18

III.    L.R. 16-4.3 BIFURCATION OF ISSUES. ....................................................19

IV.     L.R. 16-4.4 JURY TRIAL. .............................................................................19

V.      L.R. 16-4.5 ATTORNEYS' FEES. ................................................................19

VI.     L.R. 16-4.5 ABANDONMENT OF ISSUES....................................................19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**FEDERAL CASES**

4

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.,*
    960 F.2d 1020 (Fed. Cir. 1992) (en banc) ............................................................. 9

5

Avia Group Int'l, Inc. v. L.A. Gear California, Inc.,
    853 F.2d 1557 (Fed. Cir. 1988) ........................................................................... 5

6

7

*Beckman Instr., Inc. v. LKR Produkter AB,*
    892 F.2d 1547 (Fed. Cir. 1992) ........................................................................... 5

8

*Egyptian Goddess, Inc. v. Swisa, Inc.,*
    543 F.3d 665 (Fed. Cir. 2008) (en banc) ........................................................ 5, 7

9

10

*Gorham Co. v. White,*
    81 U.S. 511 (1871) .......................................................................................... 5, 7

11

*In re Seagate Tech., LLC,*
    497 F.3d 1350 (Fed. Cir. 2007) ........................................................................... 6

12

13

*International Seaway Trading Corp v. Walgreens Corp.,*
    589 F.3d 1233 (Fed. Cir. 2009) ......................................................................... 18

14

15

*Microsoft Corp. v. i4i Ltd.,*
    __ U.S. __, 131 S. Ct. 2238 (2011) .................................................................... 8

16

*Titan Tire Corp. v. Case New Holland, Inc.,*
    566, F.3d 1372, 1380 (Fed. Cir. 2009) ......................................................... 8, 18

17

**FEDERAL STATUTES**

18

15 U.S.C. § 1117(a) .............................................................................................. 19

19

20

35 U.S.C. § 102 .................................................................................................... 20

21

35 U.S.C. § 103 ...................................................................................................... 8

22

35 U.S.C. § 271, 289 .............................................................................................. 5

23

35 U.S.C. § 285 ................................................................................................. 5, 19

24

35 U.S.C. § 289 ...................................................................................................... 5

25

**RULES**

26

Federal Rule of Evidence 402 .............................................................................. 14

27

28

---

Federal Rule of Evidence 702 ................................................................................. 4, 11

L.R. 16-4.1(i): ......................................................................................................... 18

L.R. 16-4.1(a) ........................................................................................................... 4

L.R. 16-4.1(c): .......................................................................................................... 6

L.R. 16-4.1(d) ........................................................................................................... 7

L.R. 16-4.1(f): ........................................................................................................... 9

L.R. 16-4.1(h): ......................................................................................................... 11

L.R. 16-4.1: .............................................................................................................. 4

L.R. 16-4.3 .............................................................................................................. 19

L.R. 16-4.4 .............................................................................................................. 19

L.R. 16-4.5 .............................................................................................................. 19

Local Rule 7-3 .................................................................................................... 17, 18

Local Rule 7-4 ........................................................................................................ 15

Rule 16-2 ................................................................................................................ 17

Rule 26 ............................................................................................................. 12, 13

Rule 26(a)(2) ........................................................................................................... 12

Rule 26(e) ............................................................................................................... 13

Rule 608 ................................................................................................................. 15

**OTHER AUTHORITIES**

U.S. Patent No. D323,589 ......................................................................................... 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

This is a design patent infringement case involving playards for children. Plaintiff Graco Children's Products Inc. owns the patent at issue—U.S. Design Patent No. D448,218 titled "Curved Legs for a Playard."  Graco has sued defendant Baby Trend, Inc. for infringing the '218 Patent.  Graco and Baby Trend are competitors in the market for juvenile products, in particular for children's playards.  Graco's Complaint asserts one count for design patent infringement. Graco seeks its damages adequate to compensate for the infringement, a permanent injunction, a determination that this is an exceptional case, and its attorney fees, interest, and costs.  Baby Trend asserted counterclaims for declaratory judgments that the '218 patent is not infringed and is invalid, and that Graco's claims are barred under several equitable doctrines, including waiver and estoppel.  Baby Trend has withdrawn its requests for declaratory judgments of patent misuse, exceptional case, invalidity based on anticipation, and unenforceability.

### A.      Graco and Its '218 Patent

Graco is a familiar and trusted name to parents.  For over fifty years, Graco has been a leader in the field of children's products, including playards.  Graco has always been an innovator in its field, and it owns many patents.  One of those patents is the '218 Patent, which was issued on September 25, 2001.  The patent covers an ornamental design for curved legs for a playard.  Reproduced below is Figure 1 from the '218 Patent, showing the design of the curved legs covered by the patent.  The legs have been highlighted in yellow for viewing ease:

1
2
3
4
5
6
7
8
9



10   Pursuant to this Court's October 12, 2011 Order Denying Defendant's Motion for

11   Summary Judgment, the '218 Patent covers the appearance of the curved legs for

12   playards, regardless of whether the legs are covered in fabric or are uncovered.

13   (Dkt. No. 82.)

14        Because the Graco playard with the curved legs was such a departure from

15   the traditional "boxy" look of playards, it was a huge commercial success. Sales

16   were robust.

17        Before 2004, Baby Trend sold only the traditional "boxy" style playards with

18   straight legs.  It was not until Graco's new design created such a stir that Baby

19   Trend came to market with a curved leg playard, one having the same curved leg as

20   the Graco product.  Baby Trend was aware of—or was willfully blind to—Graco's

21   patent rights in the design.  Baby Trend told its manufacturers to "copy Graco."

22        Baby Trend now sells twenty-four models of playards that have curved legs.[1]

23   It is those twenty-four models that are at issue in this case.  A comparison of the

24

25   _____

26   [1]  The 24 models are:  PY86992  Deluxe – Nursery /Provence; PY86428 Mojito – Deluxe Nursery
     Center; PY86045 Skylar – Deluxe Nursery Center; PY86091 Mesa – Deluxe Nursery Center;
27   PY86443 Columbia – Deluxe Nursery Center; PY86962 Dakota – Deluxe Nursery Center;
     8065BCC Orange Oak – Deluxe Nursery Center; PY86801 Baby Tech – Deluxe Nursery Center;
28   PY87991 Close N Cozy/Wisteria Lane; PY90918 Twilight – Mini Nursery Center CNC;
     PY87983 All Star – Deluxe Nursery Center; PY90973 Cordova – Mini Nursery Center CNC;
     PY88950 Metropolitan – Deluxe Nursery Center CNC; PY87029 Gabriella – Deluxe Nursery

(continued...)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Baby Trend accused products to the Graco patented design shows that that the overall appearance of the Baby Trend product is practically identical to the patented design.  As an example, a picture of one of Baby Trend's infringing playards (PY86962 Dakota – Deluxe Nursery Center) is shown below:



Since Baby Trend began selling its curved leg playards, Graco's sales of its curved-leg playards have dropped.  It has also lost retail "slots" for playards with its biggest customer, Babies "R" Us.

    Baby Trend cannot establish its defenses of invalidity or non-infringement. The only ground of invalidity that it has stated it will pursue in this case is obviousness.  On this issue, Graco has moved to strike the proposed testimony of Baby Trend's proposed infringement and validity expert for failure to meet the

_____
(...continued)
Center CNC; PY87965 Chickadee – Deluxe Nursery Center CNC; PY87915 Northridge Plaid – Deluxe Nursery Center CNC; PY87916 Zulu – Deluxe Nursery Center CNC; PY87906 Chrissy – Deluxe Nursery Center CNC; 8274BCC Deluxe Trend Playard – Havenwood; 8256BCC Serengetti – Deluxe Nursery Center; 8206BCC Malawi – Deluxe Nursery Center; 8207BCC Sun Dance – Deluxe Nursery Center; 8211BCC Chatham – Deluxe Nursery Center; 8263BCC Zanzibar – Deluxe Nursery Center.

requirements of Federal Rule of Evidence 702. (Dkt. 89.) Graco has also moved to strike Baby Trend's eleventh-hour attempt to support its obviousness defense with a document that was never produced during discovery or was ever authenticated. (Dkt. 102.)

Nor can Baby Trend prove that its playards do not infringe. Baby Trend's defense on this point rested on its certainty that the '218 patent was "limited to fabric-covered legs." The Court's claim construction ruling has addressed the fallacy of that position. The application of the test for design patent infringement will establish the substantial visual similarity between the design of the curved legs protected by the '218 Patent and the Baby Trend accused playards.

Graco will also establish that Baby Trend's infringement was willful, and that this is therefore an "exceptional case" under the patent statute, entitling Graco to an award of its attorney fees.

## II.   L.R. 16-4.1: CLAIMS AND DEFENSES

### A.   L.R. 16-4.1(a), (b):  Summary Statement of Claims Graco Has Pleaded and Plans to Pursue and Required Elements Thereof

#### 1.   Graco's Claim for Design Patent Infringement

Graco claims that Defendant Baby Trend's 24 models of playards with curved legs infringe the '218 patent. The elements required to establish design patent infringement are:

1.   the plaintiff owns the patent; and

2.   in the eye of an ordinary observer, being aware of the relevant prior art and giving such attention as a purchaser usually gives, the overall appearance of the accused Baby Trend design is substantially the

- 4 -

same as the overall appearance of the design in the '218 Patent or any colorable imitation of that patented design.

35 U.S.C. § 271, 289; *Gorham Co. v. White*,  81 U.S. 511, 526-28 (1871); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670-78, 681 (Fed. Cir. 2008) (en banc).

**2.     Graco's Claim for Remedy for Infringement**

The element required to establish the remedy for design patent infringement constituting the infringer's total profit is as follows:

> 1.  upon establishing design patent infringement, the infringer is liable to the plaintiff to the extent of the infringer's total profit.

35 U.S.C. § 289.

**3.     Graco's Claim for Attorney Fees Based on Exceptional Case**

The elements required to establish an exceptional case based on willful infringement are the elements for willful infringement:

> 1.     clear and convincing evidence that the defendant acted recklessly.  To prove recklessness, the plaintiff must show:
>
> a.  the defendant acted despite a high likelihood that its actions infringed a valid and enforceable patent; and
>
> b.  the defendant knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.

35 U.S.C. § 285; *Beckman Instr., Inc. v. LKR Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1992); Avia Group Int'l, Inc. v. L.A. Gear California, Inc., 853 F.2d

- 5 -

1557, 1567 (Fed. Cir. 1988); Adapted from Federal Circuit Bar Ass'n Model Patent Jury Instructions, Instruction No. 3.8 (2010); *In re Seagate Tech., LLC*, 497 F.3d 1350 (Fed. Cir. 2007).

### B.   L.R. 16-4.1(c):  Brief Description of the Key Evidence in Support of Graco's Claims

#### 1.   Design Patent Infringement

The key evidence supporting Graco's claim of design patent infringement includes the following:

    a.    The '218 Patent;

    b.    The assignment of the '218 Patent to Graco as recorded by the U.S. Patent Office;

    c.    Samples and images of the accused Baby Trend playards;

    d.    The relevant prior art, such as U.S. Patent No. D323,589;

    e.    Expert testimony of Robert Anders;

    f.    Testimony and evidence as to the invention of the patented design;

    g.    Testimony and evidence as to Graco's commercialization of that design and sales of products embodying that design;

    h.    Testimony and evidence as to Baby Trend's access to the design of the Graco curved leg playard;

    i.    Testimony and evidence as to Baby Trend's introduction to the marketplace of its accused curved-leg playards

    j.    Testimony and evidence as to the effect Baby Trend's infringement had on Graco's sales and product placements at

- 6 -

key retailers.

## 2.    Graco's Remedy for Infringement

The key evidence supporting this claim is evidence of Baby Trend's profits
from the infringing sales and expert testimony from Todd Schoettlekotte
quantifying the harm to Graco and Baby Trend's profits from the infringing sales.

## 3.    Graco's Claim for Attorney Fees Based on Exceptional Case

The key evidence supporting this claim is Baby Trend's knowledge of, or
willful blindness to, Graco's patent rights, Graco's prior patent lawsuit against
Baby Trend, and Baby Trend's intentional copying of Graco's product designs.

## C.    L.R. 16-4.1(d), (e):  Summary Statement of Counterclaims and Affirmative Defenses that Defendant Has Pleaded and Plans to Pursue and Required Elements Thereof

## 1.    Baby Trend's Counterclaim for a Declaration of Non-Infringement of the '218 Patent

Baby Trend seeks a declaration that it does not infringe any valid claim of the
'218 Patent.  The element required to establish non-infringement are:

> 1.    the overall appearance of the accused Baby Trend
> design is not substantially the same as the overall
> appearance of the design in the '218 Patent or any
> colorable imitation of that patented design.

*Gorham Co. v. White,*  81 U.S. 511, 526-28 (1871); *Egyptian Goddess, Inc. v.
Swisa, Inc.,* 543 F.3d 665, 670-78, 681 (Fed. Cir. 2008) (en banc).

- 7 -

2.      **Baby Trend's Counterclaim for Declaration and Affirmative Defense of Invalidity Based on Obviousness**

Baby Trend also seeks a declaration that the '218 Patent is invalid as obvious under 35 U.S.C. § 103.  Baby Trend has also asserted an affirmative defense on this same ground.  The elements required to establish invalidity based on obviousness defense are:

> 1.      clear and convincing evidence that the claimed invention would have been obvious to a designer of ordinary skill who designs articles of the type involved at the time the invention was made.

35 U.S.C. § 103; *Titan Tire Corp. v. Case New Holland, Inc.*, 566, F.3d 1372, 1380 (Fed. Cir. 2009); *Microsoft Corp. v. i4i Ltd.,* __ U.S. __, 131 S. Ct. 2238 (2011).

3.      **Baby Trend's Affirmative Defense of Waiver/Estoppel**

Baby Trend has asserted an affirmative defense of waiver/estoppel.  It is unclear to Graco whether Baby Trend intends to pursue this affirmative defense.  The elements required to establish waiver/estoppel are as follows:

> 1.      Plaintiff communicated something to defendant in a misleading way, either by words, conduct or silence, about lack of infringement or not being sued;
>
> 2.      Defendant relied upon that communication; and
>
> 3.      Defendant would be materially harmed if plaintiff is later permitted to assert any claim inconsistent with its earlier misleading communication.

- 8 -

Federal Circuit Bar Ass'n Model Patent Jury Instructions, Instruction No. 5.3 (2010); *A.C. Aukerman Co. v. R.L. Chaides Const. Co.,* 960 F.2d 1020, 1028, 1041 (Fed. Cir. 1992) (en banc).

### 4. Baby Trend's Affirmative Defense of Laches

Baby Trend has asserted an affirmative defense of laches. It is unclear to Graco whether Baby Trend intends to pursue this affirmative defense. Moreover, pursuit of this affirmative defense would only waste of judicial resources, given that the remedy for laches is to bar pre-filing recovery—which recovery Graco has already foregone in this proceeding.

In the interest of completeness, Graco nevertheless states that the elements required to establish laches are:

> 1.  Plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of its claim against defendant.
>
> 2.  The defendant suffered material economic or evidentiary prejudice attributable to the delay.

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.,* 960 F.2d 1020, 1028, 1032-33 (Fed. Cir. 1992) (en banc).

### D. L.R. 16-4.1(f): Brief Description of the Key Evidence Relied on in Opposition to Each Counterclaim and Affirmative Defense

### 1. Baby Trend's Counterclaim for a Declaration of Non-Infringement of the '218 Patent

The key evidence to be relied on in opposition to this counterclaim is the evidence establishing infringement, as listed above.

- 9 -

     **2.**      **Baby Trend's Counterclaim for Declaration and Affirmative Defense of Invalidity Based on Obviousness**

The key evidence to be relied on in opposition to this counterclaim and affirmative defense includes the following:

     a.     Expert testimony of Robert Anders concerning the references asserted by Baby Trend and concerning the non-obviousness of the patented design, including testimony that there is no single reference that creates basically the same overall visual impression as the patented design, and the reference advanced by Baby Trend as a "primary reference" does not create a similar overall visual impression as the patented design, and the secondary references advanced by Baby Trend are not related to the asserted primary reference and the appearance of certain ornamental features in one does not suggest the application of those features to the other, and even if the references asserted by Baby Trend were to be combined into a single reconstructed reference, an ordinary observer would not find the reconstructed reference to be substantially similar to the claimed design.

     b.     Testimony by Todd Schoettlekotte concerning the commercial success of the Graco patented playards that embody the patented design, and concerning Baby Trend's access to the patented design prior to Baby Trend's introduction of its infringing playards.

     c.     Evidence of copying of the Graco design.

- 10 -

### 3.  Baby Trend's Affirmative Defense of Waiver/Estoppel

Should Baby Trend pursue this defense, the key evidence to be relied on in opposition to this affirmative defense will be testimony that no communications were made indicating that Graco had waived its claims, and testimony that Baby Trend never relied on any claimed communication, nor of any material harm resulting from any claimed communication.

### 4.  Baby Trend's Affirmative Defense of Laches

As noted above, it is Graco's position that this affirmative defense is moot. However, should Baby Trend pursue this affirmative defense, the key evidence to be relied on in opposition will be testimony that Graco filed suit promptly upon learning of the harm resulting from Baby Trend's infringement and the lack of any material prejudice to Baby Trend caused by and claimed delay.

### E.  L.R. 16-4.1(h):  Identification of Any Anticipated Evidentiary Issues, Together with the Party's Position on Those Issues

Pursuant to the Court's Scheduling Order setting October 31, 2011 as the final date for the filing of Motions *in Limine*, Graco and Baby Trend have each raised a number of evidentiary issues in their pending motions *in limine,* as follows*:*

a.  **Graco's Motion to Exclude Opinion and Testimony of J. Michael McCarthy (Dkt. No. 89)**:  This Motion is brought pursuant to Federal Rule of Evidence 702 on the ground that Dr. McCarthy, Baby Trend's proposed infringement expert, is not qualified to offer testimony as to design patent infringement or invalidity because he lacks any experience in industrial design, education, or training, or any experience in children's product design.  In addition, his proposed testimony as to obviousness is

- 11 -

simply conclusory and not supported by any particular analysis and will therefore not assist the jury.

b.   **Graco's Motion to exclude the Opinions and Testimony of Carla Mulhern (Dkt. No. 88)**:  Baby Trend has failed to comply with the requirements of Rule 26(a)(2) with respect to its proposed damages expert.  Graco served the reports of its damages expert, Todd Schoettelkotte, on August 12, 2011.  Under Rule 26, any rebuttal report was due within 30 days—no later than September 11.  It was not until October 14 that Baby Trend submitted any document by Ms. Mulhern, and the document served was nothing more than a place-keeping shell.  To this date Ms. Mulhern has not served any substantive report.  Accordingly, Graco has moved to exclude any proposed opinions or testimony of Ms. Mulhern.

c.   **Graco's Motion to Exclude Late-Produced Documents (Dkt. No. 102)**:  Nearly a year ago, the Court ordered the parties to complete discovery by August 29, 2011.  During the discovery period, Graco asked Baby Trend to identify and produce all potential prior art references.  During that time, Baby Trend's proffered invalidity and infringement expert, Dr. McCarthy, served two reports outlining his positions.  In the first, dated July 29, 2011, Dr. McCarthy opined that three prior art references could be combined to invalidity the '218 patent.  Thereafter, Magistrate Goldman also ordered Baby Trend to comply with all outstanding discovery requests by September 6, 2011.  Baby Trend represented it had complied and its production was complete.  Yet six weeks after the close of

- 12 -

discovery, on October 10, 2011, Baby Trend claimed to produce what appears to be a forty-page European catalog from a company called BéBé Confort, which document Baby Trend is now attempting to use to support a new theory of invalidity. Baby Trend provided no evidence as to the document's authenticity or availability as prior art.  Because Baby Trend's untimely production violates the Court's scheduling Order and Rule 26(e), and because Baby Trend cannot show that the late production is harmless or substantially justified, Graco has moved to exclude the late-produced document.

d. **Graco's Motion to Exclude All Lay Witness Opinion Testimony (Dkt. No. 91)**:  Graco anticipates that should Baby Trend's proffered technical expert (Dr. McCarthy) be excluded, Baby Trend will attempt to use lay witnesses to present opinion testimony on non-infringement and invalidity based on alleged knowledge and expertise.  In particular, Baby Trend's Initial Disclosures identified Denny Tsai (CEO), Brad Mattarocci (General Manager), and Derek Conrad (Engineer) and having information relating to Baby Trend's defenses and counterclaims "within his position ***and expertise***."  None of these witnesses were ever properly identified as experts under Rule 26.  Accordingly, they should be precluded from attempting to offer any technical opinions as to infringement or invalidity.

e. **Graco's Motion to Exclude Evidence Not Disclosed During Discovery (Dkt. No. 100)**:  During discovery in this case, Graco propounded contention interrogatories seeking the factual and

- 13 -

legal bases for Baby Trend's pleaded defenses of invalidity and patent misuse.  Baby Trend's sole substantive response was the July 2011 report of Dr. McCarthy in which he provided a conclusion of invalidity based on three patents.  Since the close of discovery, Baby Trend has attempted to assert new defenses that Graco does not own the '218 patent and that the patent is not enabled.  In addition, as noted above, Baby Trend is attempting to rely on an unauthenticated European document that it never produced during discovery.  Because trial by ambush is improper under the Rules, these theories and material should be excluded for Baby Trend's failure to disclose during discovery.

    f.     **Graco's Motion to Exclude U.S. Patent D604,970 and Its File History (Dkt. No. 99)**:  Earlier in this Case, Baby Trend filed a summary judgment motion that relied on the '970 patent and its prosecution history to argue that Graco's patent was limited to curved legs covered in fabric.  This Court denied Baby Trend's motion and held that the Graco patent is not limited to fabric-covered legs.  The '970 patent is not prior art to the Graco patent.  In view of the Court's ruling, the '970 patent has no relevance to any of the issues to be tried and should be precluded under Federal Rule of Evidence 402.

    g.     **Baby Trend's Motion to Exclude Reference to Baby Trend's Bankruptcy (Dkt. No. 90)**:   Baby Trend seeks to preclude at trial all evidence or reference to its bankruptcy or related

- 14 -

proceedings on the ground that the jury may have "negative connotations" about bankruptcy.  Graco's position is that Baby Trend is in fact attempting to keep out evidence of an $8-million dollar, fraud-based judgment against Baby Trend and Mr. Tsai. The bankruptcy filing and the context of that filing will show that Baby Trend filed for bankruptcy to avoid the fraud judgment, and, because fraud is admissible to impeach credibility, it is admissible under Rule 608.  In addition, a Baby Trend's request to preclude unspecified "proceedings relating to the bankruptcy," it lacks the necessary specificity as to the evidence to be precluded and should be denied on that ground as well.

h.   **Baby Trend's Motion to Limit Graco's Evidence at Trial (Dkt. No. 92):**  Baby Trend has asked the Court to "ensure that any limitation imposed on Baby Trend's evidence should be similarly and equitably applied to Graco's evidence."  Graco's position is that this request should be denied because it fails to seek any specific relief, as required by Local Rule 7-4.  There is no specific evidence that Baby Trend is asking to be excluded— nor could there be.  Every document on Graco's exhibit list was produced during discovery or used in a deposition, and all of the opinions that Graco's experts will present are supported by their timely disclosed expert reports.

i.   **Baby Trend's Motion to Exclude Evidence of Personal Financial Information of Mr. and Mrs. Tsai and Mr. Mattarocci (Dkt. No. 93):**   Baby Trend has asked the Court to exclude evidence of the personal financial information of Baby

- 15 -

Trend's witnesses.  Graco's position is that this request seeks to exclude evidence that goes to the witnesses' interest in the case, including their ownership interest in Baby Trend and the salaries that they draw as Baby Trend employees.  Graco's position is that that this evidence goes to bias, and is proper impeachment evidence that should not be excluded.

j.     **Baby Trend's Motion to Exclude Supplemental Report of Todd Schoettlekotte (Dkt. No. 94):**  Baby Trend has asked the Court to exclude the supplemental report of Graco's damages expert, Todd Schoettelkotte, ostensibly on the basis that it was not timely.  Graco's position is that Mr. Schoettelkotte's Initial Expert Report and Supplemental Expert Report were both timely, and should not be excluded.

k.     **Baby Trend's Motion to Exclude Evidence Relating to Allegations of Infringement Unrelated to this Case (Dkt. No. 97):**  Baby Trend has asked the Court to exclude evidence that it claims relates to (1) Graco products or features other than those pertaining to the curved legs for a playard; (2) emails relating to Graco patents other than the '218 Patent; and (3) testimony that relates to previous and ongoing litigation between Graco and Baby Trend.  Graco's position is that the evidence is admissible because it shows that Baby Trend has engaged in a pattern of copying Graco's designs and innovations and using them in its own products, which is relevant to both non-obviousness of the '218 patent and to willfulness, which goes to Graco's claim for attorneys' fees.

- 16 -

l.  **Baby Trend's Motion to Exclude Infringement and Invalidity Analysis of Graco's Infringement Expert Robert Anders (Dkt. No. 101):**  On October 31, 2011, Baby Trend filed this motion to exclude the report of Graco's infringement and validity expert, Robert Anders, who had served his report on August 19, 2011.  It is Graco's position that this motion should be denied for failure to comply with the meet-and-confer requirement of Local Rule 7-3.  The time that Baby Trend informed Graco of its intent to file this motion in limine was on October 27, two days before it was filed.  On that date, the parties' lead counsel conducted their in-person Rule 16-2 meeting.  Prior to that meeting, the parties' counsel had had several meet-and-confers on their proposed motions in limine, all conducted by October 21 so as to comply with the ten-day meet-and-confer timing required by Local Rule 7-3.  At that October 27 meeting, upon hearing Baby Trend's statement that it planned to file an additional motion in limine to preclude Mr. Anders, Graco's counsel informed Baby Trend's counsel that the time for the required meet-and-confers had passed.  Nevertheless, Baby Trend filed this motion in violation of Local Rule 7-3.  On November 1, after receiving the Motion, Graco's counsel wrote to Baby Trend's counsel to request that the motion either be withdrawn for failure to comply with Rule 7-3 or that Baby Trend seek the necessary relief from the court to extend the deadline as to the filing of the motion.  Baby Trend has yet refused to correct the rule violation.  There is no justification for Baby Trend's failure to comply with Rule 7-3.

- 17 -

1

2          Should the requirement of Rule 7-3 nevertheless be waived, it is

3          Graco's position that Baby Trend has established any ground for

4          preclusion of the testimony and evidence.

5

6

7    **F.    L.R. 16-4.1(i):  Identification of Any Issues of Law, Such as the**

8          **Proper Interpretation of a Governing Statute, Which are Germane**

9          **to the Case, Together with the Party's Position on Those Issues**

10   Graco is presently aware of the following issues of law that are germane to

11   this case:

12               a.    The correct test for obviousness in a design patent case.  It is

13                     Graco's position that the correct test is as stated by the Federal

14                     Circuit in *Titan Tire Corp. v. Case New Holland, Inc*., 566, F.3d

15                     1372, 1380 (Fed. Cir. 2009); namely, whether the claimed

16                     design would have been obvious to a designer of ordinary skill

17                     who designs articles of the type involved." The Federal Circuit

18                     enunciated a slightly different standard in *International Seaway*

19                     *Trading Corp v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed.

20                     Cir. 2009), when it stated that "the ordinary observer test must

21                     logically be the sole test for anticipation."  To the extent there is

22                     disharmony as to the precise test, Graco's position is that the

23                     '218 Patent is not obvious under either.

24

25

26

27

28

- 18 -

## III.   L.R. 16-4.3 BIFURCATION OF ISSUES.

Graco does not believe that bifurcation is necessary or appropriate in this case.

## IV.   L.R. 16-4.4 JURY TRIAL.

Graco timely requested a jury trial on its claims for patent infringement. Baby Trend has also timely requested a jury trial on Graco's claims as well as on its affirmative defenses counterclaims.  Some of the affirmative defenses/counterclaims are equitable in nature, and so there is no right to jury trial with respect to those defenses.

## V.   L.R. 16-4.5 ATTORNEYS' FEES.

Graco seeks an award of its attorney fees.  The legal bases for the claim are found in 35 U.S.C. § 285 or 15 U.S.C. § 1117(a). Both of those statutes require the Court to find this to be an "exceptional case."

The factual bases for the claim include Baby Trend's knowledge of, or willful blindness to, Graco's patent rights, and Baby Trend's intentional copying of Graco's design.

## VI.   L.R. 16-4.5 ABANDONMENT OF ISSUES.

Baby Trend asserted, but has withdrawn, its counterclaims for a declaration that the '218 Patent is invalid as anticipated under 35 U.S.C. § 102 and the patent is unenforceable.

Baby Trend has also withdrawn its counterclaim for a declaration of patent misuse and its counterclaim for a declaration of exceptional case.

It is Graco's understanding that Baby Trend is not pursuing the following affirmative defenses:  failure to state a claim, unclean hands/patent misuse, waiver,

- 19 -

unenforceability of the '218 patent, invalidity of the '218 patent as anticipated under 35 U.S.C. § 102.

Graco is presently unaware of any other abandoned claims or defenses.


DATED:  November 7, 2011          BALLARD SPAHR LLP


                                         s/ Katrina M. Quicker
                                  Penny M. Costa
                                  2029 Century Park East, Suite 800
                                  Los Angeles, California 90067
                                  Telephone:  (424) 204-4400
                                  Facsimile:  (424) 204-4350
                                  Email:     costap@ballardspahr.com

                                  Lynn E. Rzonca *(admitted pro hac vice)*
                                  Ballard Spahr LLP
                                  1735 Market Street, 51st Floor
                                  Philadelphia, PA 19103-7599
                                  Telephone: (215) 665-8500
                                  Facsimile: (215) 864-8999
                                  E-mail:   rzoncal@ballardspahr.com

                                             and

                                  Katrina M. Quicker *(admitted pro hac vice)*
                                  Richard W. Miller *(admitted pro hac vice)*
                                  Ballard Spahr LLP
                                  999 Peachtree Street, Suite 1000
                                  Atlanta, GA 30309-3915
                                  Telephone: (678) 420-9300
                                  Facsimile: (678) 420-9301
                                  E-mail:   quickerk@ballardspahr.com
                                            millerrw@ballardspahr.com

- 20 -

1

## PROOF OF SERVICE

2

3

I am a resident of the State of Georgia, over the age of eighteen years, and not a

4

party to the within action.  My business address is **BALLARD SPAHR LLP**, 999

5

Peachtree Street, Suite 1000, Atlanta, GA 30309.  On **November 7, 2011**, I served

6

the within documents:

7

☒  **BY EMAIL**: I electronically filed a true and correct copy of **PLAINTIFF GRACO CHILDREN'S PRODUCTS, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

8

9

**J. Rick Taché** (rtache@swlaw.com)

10

**Deborah S. Mallgrave** (dmallgrave@swlaw.com, dmwilliams@swlaw.com)

11

12

I declare under penalty of perjury under the laws of the State of Georgia that the

13

foregoing is true and correct.

14

Executed on **November 7, 2011**, at Atlanta, Georgia.

15

/s/*Katrina M. Quicker*
Katrina M. Quicker

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF CONTENTIONS