UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-5897-JST (MLGx)            Date: December 7, 2011
Title: Graco Children's Products, Inc. v. Baby Trend, Inc.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

  Ellen Matheson                                                N/A
   Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE LATE-PRODUCED DOCUMENTS (Doc. 102)**

     Before the Court is a Motion in Limine filed by Plaintiff Graco Children's Products, Inc. ("Graco"). (Doc. 102.) Graco seeks to exclude a forty-page European catalog purportedly published by a company called BéBé Confort ("European Catalog") that contains an alleged prior art reference. Having read the parties' papers and heard oral argument, the Court DENIES Plaintiff's Motion.

   **I.    Background**

    On January 3, 2011, the Court set August 29, 2011 as the cutoff for discovery, including fact and expert. (Doc. 34.) During the discovery period, Graco asked Baby Trend to identify and produce potential prior art references. (Quicker Decl. ¶ 11, Doc. 102.) On October 10, 2011, six weeks after the close of discovery, Baby Trend produced the European Catalog. (*Id.* ¶ 16.) The European Catalog shows a playard with curved legs and is a previously-undisclosed piece of art. (Opp'n at 1, Doc. 117; Quicker Decl. ¶ 19.)

   **II.    Legal Standards**

    Under Rule 26(e)(1), a party who has responded to an interrogatory, request for production, or request for admission must supplement or correct its response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-5897-JST (MLGx)            Date: December 7, 2011
Title: Graco Children's Products, Inc. v. Baby Trend, Inc.

and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit has explained that

> [a]mong the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.

*Lanard Toys, Ltd. v. Novelty, Inc.*, No. 08-55795, 2010 WL 1452527, at *6 (9th Cir. Apr. 13, 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). The burden is on the party facing Rule 37(c)(1) sanctions to prove that its failure is harmless or substantially justified. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

**III.    Discussion**

The parties agree that Graco suffered surprise and prejudice as the result of Baby Trend's late production. (*See* Opp'n at 5; Reply at 4, Doc. 133.) Moreover, Graco asserts that the prejudice cannot be cured because discovery is needed to determine whether the European Catalog may be considered prior art, and discovery in this case is closed. (Mot. at 7-8; Reply at 5-6.)

In light of the Court's order granting Graco's ex parte application to continue the trial date, the Court concludes that there is sufficient time remaining before trial during which Graco may propound discovery related to the status of the European Catalog as prior art. Because of the later trial date, there is no likelihood of disruption of trial. Furthermore, Baby Trend asserts and Graco agrees that Baby Trend did not act in bad faith or willfully withhold the European Catalog. (Reply at 3.) Therefore, the Court finds that under the circumstances, Baby Trend's untimely disclosure of the European Catalog is harmless.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-5897-JST (MLGx)                                              Date:  December 7, 2011
Title:  Graco Children's Products, Inc. v. Baby Trend, Inc.

### IV.    Conclusion

   For the foregoing reasons, the Court DENIES Plaintiff's Motion in Limine to Exclude the European Catalog.  Accordingly, Plaintiff is entitled to re-open discovery limited solely to the issue of the European Catalog's status as prior art.  If, after such discovery is complete, Plaintiff determines that there is a basis for excluding the European Catalog -- other than arguments raised in the present motion -- Plaintiff may file a motion in limine to that effect.  Any such motion must be filed no later than January 20, 2012.  Any Opposition must be filed by January 26, 2012, and any Reply must be filed by January 30, 2012.  The motion should be scheduled for hearing on February 3, 2012, at 3:00 p.m.

                                                                       Initials of Preparer:  __dr___